FILED IN CLERKS OFFICE

SEP 5 '24 PM1:28 USDC MA

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

District of Massachusetts ▼

_____Worcester_ Division

Gregory Alvin James Van Etten

)
)
)
_____ )
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* )
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
**-v-** )
)
Stephanie K. Fattman, Ashley Stewart, Megan Brown, )
Angelina Consolmagno, Michele Cristello, Jennifer )
Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. )
Denham, Worcester Probate and Family Court, Child⊞ )
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names. Do not include addresses here.)* )

Case No.    _____

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☑Yes  ☐No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Gregory Alvin James Van Etten |
| Address | c\o 1530 P B LN, Suite V1425 |

| | | |
|---|---|---|
| Wichita Falls | TX | 76302 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | Wichita County |
| Telephone Number | 301-820-5302 |
| E-Mail Address | jim.vanetten@gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | See the attached Verified Complaint |
| Job or Title *(if known)* | and Demand for a Trial by Jury. |
| Address | |

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Address | |

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | |
| Telephone Number | |
| E-Mail Address *(if known)* | |

☐ Individual capacity    ☐ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

    Name

    Job or Title *(if known)*

    Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

    County

    Telephone Number

    E-Mail Address *(if known)*

☐ Individual capacity     ☐ Official capacity

Defendant No. 4

    Name

    Job or Title *(if known)*

    Address

|  | *City* | *State* | *Zip Code* |
|---|---|---|---|

    County

    Telephone Number

    E-Mail Address *(if known)*

☐ Individual capacity     ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See the attached Verified Complaint and Demand for a Trial by Jury.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See the attached Verified Complaint and Demand for a Trial by Jury.

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

See the attached Verified Complaint and Demand for a Trial by Jury.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

See the attached Verified Complaint and Demand for a Trial by Jury.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See the attached Verified Complaint and Demand for a Trial by Jury.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See the attached Verified Complaint and Demand for a Trial by Jury.

## V.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See the attached Verified Complaint and Demand for a Trial by Jury.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:             09/04/2024

Signature of Plaintiff

Printed Name of Plaintiff     Gregory Alvin James Van Etten

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

Telephone Number

E-mail Address

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

Gregory Alvin James Van Etten,

*Plaintiff,*

v.

Stephanie K. Fattman, Ashley
Stewart, Megan Brown, Angelina
Consolmagno, Michele Cristello,
Jennifer Melia, Daniel M Wrenn,
Serge Georges Jr., Michael S. Denham,
Worcester Probate and Family Court,
Child Support Services Division,

*Defendants.*

Case No. _____

### Verified Complaint and Demand for a Trial by Jury.

**Gregory Alvin James Van Etten**
**c/o: 1530 P B LN #V1425**
**Wichita Falls, Texas[76302]**

**ph: 301-820-5302**
**email: jim.vanetten@gmail.com**

**Plaintiff**
**Self-Represented**

# I.  The Parties to This Complaint

## A.  The Plaintiff

**Name:** Gregory Alvin James Van Etten
**Address:** c/o: 1530 P B LN #V1425
Wichita Falls, Texas[76302]
**County:** Wichita County
**Telephone Number:** 301-820-5302
**E-Mail Address:** jim.vanetten@gmail.com

## B.  The Defendants

**Defendant No. 1**
**Name:** Stephanie K. Fattman
**Job or Title** Register
**Address:** 17 Carr St
Whitinsville, MA 01588
**County:** Worcester County
**Telephone Number:** 508-865-1410, 508-831-2260, 508-831-2200
**E-Mail Address:** Stephanie.fattman@jud.state.ma.us
**Individual and Official capacity**

**Defendant No. 2**
**Name:** Ashley Stewart
**Job or Title:** Register
**Address:** 7 Birmingham Rd
Worcester, MA 01606
**County:** Worcester County
**Telephone Number:** 508-853-0632
**E-Mail Address:** ashley.stewart@jud.state.ma.us
**Individual and Official capacity**

**Defendant No. 3**
**Name:** Megan Brown
**Job or Title:** Assistant Register
**Address:** 225 Main Street
Worcester, MA 01608
**County:** Worcester
**Telephone Number:** 501-831-2200
**E-Mail Address:** megan.brown@jud.state.ma.us
**Individual and Official capacity**

1

**Defendant No. 4**
**Name:** Angelina Consolmagno
**Job or Title:** Assistant Register
**Address:** 225 Main Street
            Worcester, MA 01608
**County:** Worcester
**Telephone Number:** 501-831-2200
**E-Mail Address:** angelina.consolmagno@jud.state.ma.us
**Individual and Official capacity**

**Defendant No. 5**
**Name:** Michele Cristello
**Job or Title:** Deputy Commissioner, CSS
**Address:** 74 Pine Ridge Rd
            Reading, MA 01867
**County:** Middlesex County
**Telephone Number:** 781-872-1153
**E-Mail Address:** cristellom@dor.state.ma.us
**Individual and Official capacity**

**Defendant No. 6**
**Name:** Jennifer Melia
**Job or Title:** Associate Justice Probate and Family Court
**Address:** 225 Main Street
            Worcester, MA 01608
**County:** Worcester
**Telephone Number:** 501-831-2200
**E-Mail Address:**
**Individual and Official capacity**

**Defendant No. 7**
**Name:** Daniel M Wrenn
**Job or Title:** Associate Justice Superior Court
**Address:** 225 Main Street
            Worcester, MA 01608
**County:** Worcester County
**Telephone Number:** 501-831-2200
**E-Mail Address:**
**Individual and Official capacity**

2

**Defendant No. 8**
**Name:** Serge Georges Jr.
**Job or Title:** Associate Justice Supreme Court
**Address:** John Adams Courthouse
       1 Pemberton Square, Suite 2500
       Boston, MA 02108
**County:** Suffolk County
**Telephone Number:** 617-557-1114
**E-Mail Address:**
**Individual and Official capacity**

**Defendant No. 9**
**Name:** Michael S. Denham
**Job or Title:** Counsel for CSS formally CSE
**Address:** 18 Chestnut St., Suite 215
       Worcester, MA 01608
**County:** Worcester County
**Telephone Number:** 617-626-2398
**E-Mail Address:** denhamm@dor.state.ma.us
**Individual and Official capacity**

**Defendant No. 10**
**Name:** Worcester Probate and Family Court
**Address:** 225 Main Street
       Worcester, MA 01608
**County:** Worcester County
**Telephone Number:** 508-831-2200
**E-Mail Address:**
**Official capacity**

**Defendant No. 11**
**Name:** Child Support Services Division
**Address:** 18 Chestnut St., Suite 215,
       Worcester, MA 01608
**County:** Worcester County
**Telephone Number:** 508-792-7300
**E-Mail Address:**
**Official capacity**

3

## II.  Basis for Jurisdiction

1. Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."

2. Jurisdiction is proper over Plaintiff's Forth, Fifth, Sixth, Seventh and Fourteenth Amendment claims under 42 U.S.C. §1983.

3. Jurisdiction is proper under Plaintiff's claims under 42 U.S.C. § 1985, 42 U.S. Code § 1988 and 18 U.S.C. § 2071.

4. This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this court pursuant to 28 U.S.C. § 1331 and 1343.

5. Jurisdiction is proper over Plaintiff's claims under federal and Massachusetts State Law pursuant to 28 U.S.C. § 1367(a) because these claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article I of the United States Constitution." See 28 U.S.C. § 1367(c)(2).

6. This Court has jurisdiction to grant declaratory and injunctive relief pursuant to 28 U.S.C. § 2201-02, by Rule 57 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this court.

7. This Court has jurisdiction to grant relief from a Judgement or order by Rule 60 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this court.

8. Plaintiff's claims for damages are authorized under 42 U.S.C. § 1983 and by the general legal and equitable powers of this court.

4

9. Plaintiff's claims for damages are authorized under 42 U.S.C. § 1985(3) and by the general legal and equitable powers of this court.

10. Venue is proper under 28 U.S.C. § 1391(b)(1) as the Defendants reside within the district boundaries of The United States District Court for the District of Massachusetts.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred in a court in the judicial district boundaries of The United States District Court for the District of Massachusetts.

## III.   General Factual Allegations

12. On July 3 2007 the Mother filed and was granted by a Judge in the Worcester Probate and Family Court a Restraining Order under false allegations without any evidence or witnesses and deprived the Defendant the right of Due process. Mother was permitted to remove the minor children from their home and moved them to a dangerous battered women's shelter while Father was in Tennessee at the Bible conference.

13. Temporary Custody was awarded to the mother and the Plaintiff lost his parenting rights.

14. Plaintiff had left his Corporate job and was serving as a Pastor. That was the real reason for the Restraining order. The Mother makes that clear in her affidavit when mother states "he refused to continue medical insurance or get a job to get me well". She was also angry that I took the kids from being home-schooled and registered them in a private school when she states "he put the older children in private school".

15. Plaintiff did not refuse to financially provide medical treatment and mother had all the medicines and pain killers prescribed by her doctor. Mother was upset that Plaintiff had left his corporate job and was preaching instead resulting in a tighter budget.

16. Plaintiff had put Children in private school as mother was sleeping till noon "due to medical condition" and the children were not getting properly home schooled.

17. Plaintiff was ordered to pay support on previous employment record forcing, Plaintiff to go back to his previous occupation.

18. Plaintiff had to leave his home due to the restraining order and was unable to support two complete households forcing him to declare bankruptcy which resulted in losing his home and a vehicle.

19. The restraining order was dismissed as it was frivolous and untrue and the Mother stated that there was never any violence from the Plaintiff and he was a good father. It was clear that the restraining order was to gain quick custody of the minor children and maximize child support payments and force plaintiff to apply for corporate job.

20. The restraining order put the Plaintiff in duress. In order that he could see his children he was manipulated under duress into signing court documents thereby the support agreement was induced by fraud.

21. In Due Process: A party ("the plaintiff") is required to notify the other party ("the defendant") that they have filed a lawsuit. In family law cases, Rule 4 of the Domestic Relations Procedure Rules governs this process. Notice in the form of a summons is personally delivered to the "defendant" by a sheriff or constable. The court allowed service by ALTERNATE SERVICE BY PUBLICATION AND MAILING on July 16 2007 although an AFFIDAVIT OF DILIGENT SEARCH

6

was never filed with the court neither was an AFFIDAVIT showing proof of the publication.

22. A summons was filed claiming they published in some small time gazette in a city I never lived or even visited. But there was no AFFIDAVIT proving any of this.

23. Although multiple attempts were made to get copies of process documents by the Plaintiff they were all denied. The Plaintiff was also unable to view the full docket online or file electronically in the Worcester Probate and Family Court. Megan Brown emailed the Plaintiff on March 13 of 2023 and again on Nov 3, 2023 admitting the docket online was incomplete and she did not know why it was incomplete or why Plaintiff can't file electronically but no attempts were made to rectify the situation.

24. On Feb 2, 2023 Notice of No Contract was accepted for delivery under tracking number 9114-9022-0078-9880-3668-01 refused recording in the Worcester Probate and Family Court but recorded in the Superior Court CASE: 2385CV00390-B notifying The Office of Regional Director Child Support Enforcement Division Massachusetts Department of Revenue that I did not voluntarily contract but was fraudulently threatened and coerced into appearing against my will and the Income Withholding Order and any Support Order was void for lack of process. It was also clearly documented in Notice that they were committing rights violation under 18 U.S.C. § 1589(a) and defrauding by mail under 18 U.S.C. § 1341 unless they responded with proof of contract or process they were committing a crime. No response was received.

25. On Feb 2, 2023 Interrogatories were accepted for delivery under tracking number 9114-9022-0078-9880-3667-95 refused recording in the Worcester Probate and Family Court but recorded in the Superior Court CASE: 2385CV00390-B.

7

Although objection is prohibited under Federal Rule 33(b)(1)(B) there was no response to interrogatories and they were completely ignored.

26. On May 5, 2023 a Mistake of Facts and notice to terminate withholding order was sent to Regional Director Child Support Enforcement Division Massachusetts Department of Revenue along with a demand for proof of Debt challenging the order and demanding proof of Debt and proof of Warrant required to seize private property of Citizen under Due process. There was again no response to this notice.

27. The clerks office for Worcester Probate and Family Court refused to put Interrogatories and Notice of Petition on the record although under Biffle v. Morton Rubber Industries, Inc., 785 S.W.2d 143 (Tex. 1990) "An instrument is deemed in law filed at the time it is delivered to the clerk, regardless of whether the instrument is file marked." This is a crime under 8 U.S. Code § 2071 - Concealment, removal, or mutilation generally

28. In March and Nov of 2023 Plaintiff had communication with Megan Brown and Angelina Consolmagno concerning not being able to file electronically and that it seemed much of my docket was not viewable by Plaintiff. Megan Brown verified that my view was different than her view of the docket indicating much of the docket was hidden from me. This included all the process documents including the incomplete Summons.

29. On April 25, 2023 an Injunction was filed by Plaintiff in the Commonwealth of Massachusetts Superior Court Worcester and Service by Mail was executed the same day by a third party under affidavit by US Post tracking EI 023 431 803 US for failure to respond to Interrogatories, Mistake of Facts, No Contact and Demand for Proof of Debt.

8

30. Notice of warning for Violation and Denial of Rights under Color of Law was filed Aug 28, 2023. The Injunction and preliminary Injunction were denied without authority and not on the facts presented.

31. It is a fact that a WARNING VIOLATION AND DENIAL OF RIGHTS UNDER COLOR OF LAW was sent to Mickael S. Denham on Aug 3, 2023 and ignored.

32. Petition for a Writ of Habeas Corpus under M.G.L. Ch. 248 was filed in the SUPREME JUDICIAL COURT FOR THE COUNTY OF SUFFOLK No. SJ-2023-0477 Nov 29, 2023 and was transferred to the Superior Court Department of the Trial Court for the County of Worcester and dismissed by Daniel M Wrenn for failure to provide any financial information denying **FREE ACCESS** although CRANDALL V. NEVADA, 73 US 35 - SUPREME COURT 1868 REQUIRES **FREE ACCESS** TO JUDICIAL TRIBUNALS BY A NATURAL INDIVIDUAL WITH A CONSTITUTIONAL RIGHT TO PETITION THE COURT. The Court was noticed CAUTION ! LAWFUL NOTICE TO THE COURT Denial of Rights Under Color of Law Feb 5, 2024.

33. Petition for a Writ of Habeas Corpus under M.G.L. Ch. 248 was filed in the SUPREME JUDICIAL COURT FOR THE COUNTY OF SUFFOLK No. SJ-2024-0115 April 4, 2024 with filing fee paid. This Petition was DENIED without hearing by associate justice Serge Georges Jr. with the reason Plaintiff was not a resident of the Commonwealth of Massachusetts and was not ENTITLED to such relief although CRANDALL V. NEVADA, 73 US 35 - SUPREME COURT 1868 REQUIRES FREE ACCESS TO JUDICIAL TRIBUNALS BY A NATURAL INDIVIDUAL WITH A CONSTITUTIONAL RIGHT TO PETITION THE COURT.

34. After January 16, 2024 a large part of the docket for WO07D1562DV1 in the Worcester Probate and Family Court all of a sudden became viewable and Plaintiff

9

finally was able to see Summons process and realized process was not completed according the courts own rules of process. Jurisdiction of the Worcester Probate and Family Court was never gained lawfully showing the ORDERS as VOID.

35. On July 11, 2024 Notice was sent to Michele Cristello contesting an administrative income withholding order issued without Due Process of Trial by Jury and not by a Judge or containing a seal of the court. No response has been received to date.

36. On July 24, 2024 a letter and notice was issued to the Clerk of the court under Stephanie K. Fattman to perform specific Ministerial acts to file Motion to Vactate Void Judgement, Defendant's Mandatory Judicial Notice of Parameters of Judicial Immunity and Notice to the Clerk which was ignored and filing did not appear in violation of Supreme Juditical Court Rule 3:12: Code of Professional Responsibility for Clerks of the Courts, Cannon 3. Performance of Duties.

37. Initially my motion to Vacate was sent back by Ashley Stewart for being improper however she could not explain why so I resent them under the above tracking number which was Delivered, Left with Individual, WORCESTER, MA 01608, July 25, 2024, 1:07 pm.  Plaintiff filed a CAUTION ! LAWFUL NOTICE TO RECORDING CLERK and ORDER TO CLERK OF COURT TO PERFORM SPECIFIC MINISTERIAL ACTS IN ACCORDANCE WITH SUPREME COURT OF THE UNITED STATES noticing the clerks that this is a crime under 8 U.S. Code § 2071 - Concealment, removal, or mutilation generally. Ashley Steward refused the filings and sent them back which also included MANDATORY JUDICIAL NOTICE OF PARAMETERS OF JUDICIAL IMMUNITY. Again under Biffle v. Morton Rubber Industries, Inc., 785 S.W.2d 143 (Tex. 1990) "An instrument is deemed in law filed at the time it is delivered to the clerk, regardless of whether the instrument is file marked."

10

38. The court forced me to file Vacate Void Judgement using there own forms and Plaintiff finally had Motion to Vacate filed Aug 5, 2024.

39. Without response to motion and without authority Judge Jennifer Melia DENIED the motion.

40. It is a fact Child Support Enforcement Division Massachusetts Department of Revenue is NOT ABOVE THE LAW and fraudulently collected with the aid of the Worcester Probate and Family Court and their agents and employees have deprived Plaintiff of His Rights under the Constitution of both State and Federal as well as ignored Procedural rules.

41. Plaintiff in good faith has continually requested proof of debt, proof of process and notices of Deprivation of Rights under Color of law the Massachusetts State Courts have refused to comply with requests and demands July of 2007 to the present day.

## IV.  Injuries

### COUNT 1, DEPRIVATION OF 5TH AND 14TH AMENDMENT RIGHT OF DUE PROCESS, AND DOMESTIC RELATIONS PROCEDURE RULE 4: PROCESS Violation for Deprivation of Rights under Color of Law – 18 U.S.C. § 241, 242

42. Plaintiff re-alleges each paragraph above as though fully stated herein.

43. Plaintiff's Due Process Rights were violated when Defendant Worcester Probate and Family Court allowed ALTERNATE SERVICE BY PUBLICATION AND

11

MAILING without following DOMESTIC RELATIONS PROCEDURE RULE 4: PROCESS. Refer to Paragraph 21 and 22.

44. Defendant Jennifer Melia for denying motion to vacate void judgement without stating authority although Due process violations were clearly documented. Summons was fraudulently filed without following Domestic Relations Procedure Rule 4 for process by publication. Refer to Paragraph 21, 22 and 38.

45. Defendant Michele Cristello for signing Income Withholding Order's multiple times without due process of law and without signature of a Judge and Seal of the Court. Refer to Paragraph 35

**COUNT 2, DEPRIVATION OF 6TH**

**AMENDMENT RIGHT TO TRIAL BY JURY**

**Violation for Deprivation of Rights under**

**Color of Law – 18 U.S.C. § 241, 242**

46. Plaintiff re-alleges each paragraph above as though fully stated herein.

47. Defendant Michele Cristello for fraudulently signing Income Withholding Order's multiple times without due process of law and without signature of a Judge and Seal of the Court. Refer Paragraph 35

48. Defendant Child Support Services Division for fraudulently issuing Income Withholding Order's and Bank garnishments multiple times without due process of law and without signature of a Judge and Seal of the Court. Refer Paragraph 35

49. Defendant Worcester Probate and Family Court for support orders without a Trial by Jury.

**COUNT 3, 42 U.S.C. § 1985 - CONSPIRACY**

## TO INTERFERE WITH CIVIL RIGHTS
### Violation for Deprivation of Rights under
### Color of Law – 18 U.S.C. § 241, 242

50. Plaintiff re-alleges each paragraph above as though fully stated herein.

51. All Defendants conspired to block, interfere with, and intimidate defendant into submitting to unlawful orders.

## COUNT 4, 18 U.S.C. § 1589 - FORCED LABOR,
## 18 U.S. Code § 1581 - PEONAGE;,
## 42 U.S. Code § 1994 - PEONAGE ABOLISHED
### Violation for Deprivation of Rights under
### Color of Law – 18 U.S.C. § 241, 242

52. Plaintiff re-alleges each paragraph above as though fully stated herein.

53. Defendant Worcester Probate and Family Court, and Child Support Services Division engaged in forced labor by forcing the Plaintiff to work in corporate environment to satisfy payments.

## COUNT 5, 18 U.S.C. § 1341 - FRAUDS AND SWINDLES
### Violation for Deprivation of Rights under
### Color of Law – 18 U.S.C. § 241, 242

54. Plaintiff re-alleges each paragraph above as though fully stated herein.

55. Defendant Michele Cristello for fraudulently signing Income Withholding Order's multiple times without due process of law and without signature of a Judge and Seal of the Court. Refer to Paragraph 35.

## COUNT 6, RULE 33. INTERROGATORIES
## TO PARTIES(b)(1)(B)

13

**Violation for Deprivation of Rights under**

**Color of Law – 18 U.S.C. § 241, 242**

56. Plaintiff re-alleges each paragraph above as though fully stated herein.

57. Defendant Michael S. Denham for refusal to answer Interrogatories. Refer to Paragraph 25.

58. Defendant Child Support Services Division for refusal to answer Interrogatories. Refer to Paragraph 25.

**COUNT 7, 15 U.S.C. § 1692g - VALIDATION**

**OF DEBTS(a)**

**Violation for Deprivation of Rights under**

**Color of Law – 18 U.S.C. § 241, 242**

59. Plaintiff re-alleges each paragraph above as though fully stated herein.

60. Defendant Michael S. Denham for ignoring Mistake of Facts, proof of Debt, and notice of no contract. Refer to Paragraph 24 and 26.

61. Defendant Child Support Services Division for ignoring Mistake of Facts, proof of Debt, and notice of no contract. Refer to Paragraph 24 and 26.

**COUNT 8, MASS. GEN. LAWS CH. 248**

**HABEAS CORPUS AND PERSONAL LIBERTY**

**Violation for Deprivation of Rights under**

**Color of Law – 18 U.S.C. § 241, 242**

62. Plaintiff re-alleges each paragraph above as though fully stated herein.

63. Defendant Daniel M Wrenn for denial of FREE ACCESS to the Court based on financial statement not filed. Refer to Paragraph 32.

14

64. Defendant Serge Georges Jr. for denial of FREE ACCESS to the Court based on Plaintiff not being a resident of the Commonwealth of Massachusetts. Refer to Paragraph 33.

### COUNT 9, 18 U.S.C § 2071 - CONCEALMENT, REMOVAL, OR MUTILATION GENERALLY
### Violation for Deprivation of Rights under
### Color of Law – 18 U.S.C. § 241, 242

65. Plaintiff re-alleges each paragraph above as though fully stated herein.

66. Defendant Stephanie K. Fattman for concealment of docket and refusal to record filings received via US Post.

67. Defendant Ashley Stewart for concealment of docket and refusal to record filings received via US Post.

68. Defendant Megan Brown for concealment of docket and refusal to record filings received via US Post.

69. Defendant Angelina Consolmagno for concealment of docket and refusal to record filings received via US Post.

### COUNT 10, DEPRIVATION OF 7TH AMENDMENT RIGHT TO TRIAL BY JURY
### Violation for Deprivation of Rights under
### Color of Law – 18 U.S.C. § 241, 242

70. Plaintiff re-alleges each paragraph above as though fully stated herein.

71. Defendant Michele Cristello for fraudulently signing Income Withholding Order's multiple times without due process and trial by jury. Refer to Paragraph 35.

15

# V.   Relief

72. WHEREFORE, Plaintiff Gregory Alvin James Van Etten moves this Honorable Court to grant Plaintiff the following relief:

    (a) An order for a permanent injunction to stop any collection efforts including but not limited to Income Withholding Orders, Bank Liens and any other trespass on private property.

    (b) All support orders in the case: WO07D1562DV1 are vacated declared NULL and VOID ab initio under Rule 60.

    (c) Return all payments unlawfully collected by fraud.

        i. $250,000 estimated

        ii. Triple damages $750,000

        iii. Punitive damages $50,000,000

    (d) Relief for losing home due to bankruptcy caused by courts fraudulent action.

        i. Current market Value $413,600

        ii. Triple damage $1,240,800

        iii. Punitive Damages $82,720,000

    (e) Relief for inability to invest for retirement due to support order

        i. General retirement guidelines $1,050,000

        ii. Triple damage $3,150,000

        iii. Punitive Damages $210,000,000

16

# VI.   Verification

I, Gregory Alvin James Van Etten, hereby declare under the penalty of perjury under the laws of the united States of America that all foregoing statements are true and correct based upon my personal knowledge, information, and belief. Executed this September 4, 2024.

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas[76302]
301-820-5302
jim.vanetten@gmail.com

Plaintiff
Self-Represented

17

State of Maryland      )

                )      **JURAT**

Baltimore County      )


Before me the undersigned, a Notary, acting within and for the Baltimore County and State of Maryland on this __4th__ day of __September__, 2023, proved to me on the basis of satisfactory evidence to be the man whose name is subscribed to the within instrument, to be the identical Free Man, Gregory Alvin James Van Etten, who having been duly sworn, declared the above to be true, correct, and not meant to miss-lead, to the best of his firsthand knowledge, understanding, and belief, by his free will and voluntary act and deed by placing his autograph on the foregoing document, executed the within instrument.


Given under my hand and seal this __4th__, day of __September__. 2024.


___Christian Shipe___

**Notary Signature**


**Seal**

___Christian    Shipe___

**Printed Notary Name**

**My Commission Expires** __12 \ 21 \ 2027__

CHRISTIAN T. SHIPE
NOTARY PUBLIC
BALTIMORE COUNTY
MARYLAND
MY COMMISSION EXPIRES 12/21/2027


18