UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY ALVIN JAMES VAN ETTEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 4:24-cv-40113-MRG |
| | ) |
| STEPHANIE K. FATTMAN, ASHLEY STEWART, MEGAN BROWN, ANGELINA CONSOLMAGNO, MICHELE CRISTELLO, JENNIFER MELIA, DANIEL M. WRENN, SERGE GEORGES JR., MICHAEL S. DENHAM, WORCESTER PROBATE AND FAMILY COURT and CHILD SUPPORT SERVICES DIVISION, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), all Defendants[1] hereby move to dismiss Plaintiff's Complaint in its entirety, see Dkt. 1, and oppose Plaintiff's Motion for Preliminary Injunction, see Dkt. 18. The Complaint appears to allege several federal claims arising from Plaintiff's 2007 divorce action in the Worcester Probate and Family Court (the "Probate Court"), the child-support orders issued against him during that proceeding, collection of payments from him under those orders by the Child Support Services Division of the Massachusetts Department of Revenue ("CSS-DOR"), and his unsuccessful attempts to have those orders vacated in both the Probate Court and other state courts. In addition to the Probate Court and CSS-DOR, the Complaint brings claims against three state judges (the "Judiciary Defendants"), the Probate

---

[1] The eleven Defendants include the Probate Court, CSS-DOR, three Judiciary Defendants (Hon. Jennifer Melia, Hon. Daniel M. Wrenn, and Hon. Serge Georges, Jr.), four Register Defendants (Stephanie K. Fattman, Ashley Stewart, Megan Brown, and Angelina Consolmagno), and two CSS-DOR Individual Defendants (Michele Cristello and Michael S. Denham).

Court Register and three of her staff members (the "Register Defendants") and two CSS-DOR officials (the "CSS-DOR Individual Defendants"), all in both their official and individual capacities. For relief, the Complaint seeks to vacate the Probate Court's child-support orders, enjoin CSS-DOR from further child-support collection efforts, and millions of dollars in damages "caused by" the Probate Court's orders.

The Complaint must be dismissed, and the Motion for Preliminary Injunction must be denied, for several reasons. First, all of Plaintiff's claims against all Defendants—whether in their individual capacities or official capacities, and irrespective of the type of relief sought—are barred by the Rooker-Feldman doctrine and/or Younger abstention principles, and must therefore be dismissed under Fed. R. Civ. P. 12(b)(1). Second, Plaintiff's claims against the Probate Court and CSS-DOR are also barred by the Eleventh Amendment, as are his official-capacity claims for damages or retrospective relief against all nine individual Defendants. Thus, these claims are subject to dismissal under Fed. R. Civ. P. 12(b)(1) on alternative grounds. Third, Plaintiff's individual-capacity claims against the Judiciary and Register Defendants are also barred by absolute judicial or quasi-judicial immunity, and his claims against the CSS-DOR Individual Defendants otherwise fail to state a plausible claim for relief. Thus, all of these individual-capacity claims are subject to dismissal on alternative grounds under Fed. R. Civ. P. 12(b)(6).

In further support of this Motion, Defendants rely on the accompanying Memorandum of Law and exhibits attached thereto and submitted herewith.[2]

---

[2] The referenced exhibits consist of publicly available dockets, filings, judgments, and orders from Plaintiff's underlying divorce action (Van Etten v. Van Etten, Worcester Probate Ct., No. WO07D1562DV1) and other relevant state-court cases (Van Etten v. CSE-DOR, Worcester Super. Ct., No. 2385CV00390; In Matter of Van Etten, Worcester Super. Ct., No. 2485CV00026; CSE-DOR v. Van Etten, Mass. SJC, No. SJ-2023-0477; and CSE-DOR v. Van Etten, Mass. SJC, No. SJ-2024-0115). Undersigned counsel hereby declares under the penalties of perjury and laws of the United States that he personally downloaded Exhibits 1-4, 6-16

WHEREFORE, the Defendants' respectfully request that Plaintiff's Complaint be dismissed in its entirety and with prejudice, and that Plaintiff's Motion for Preliminary Injunction be denied or denied as moot.

Defendants,

STEPHANIE K. FATTMAN, ASHLEY STEWART, MEGAN BROWN, ANGELINA CONSOLMAGNO, MICHELE CRISTELLO, JENNIFER MELIA, DANIEL M. WRENN, SERGE GEORGES JR., MICHAEL S. DENHAM, WORCESTER PROBATE AND FAMILY COURT, and CHILD SUPPORT SERVICES DIVISION.

By their attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

*/s/ John Potapchuk*
John L. Potapchuk, BBO# 699027
Assistants Attorney General
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, MA 02108

Date: November 14, 2024    (617) 963-2441 | john.potapchuk@mass.gov

## LOCAL RULE 7.1 CERTIFICATION

I, John L. Potapchuk, Assistant Attorney General, hereby certify that I have conferred with *pro se* Plaintiff Gregory Alvin James Van Etten by telephone on November 12, 2024, in a good faith effort to narrow the issues presented in Defendants' Motion, but the parties were unable to reach any agreement.

*/s/ John Potapchuk*
John L. Potapchuk

---

directly from the online dockets from these cases and obtained Exhibit 5 from the Worcester Probate Register's office, where it is publicly available.

## **CERTIFICATE OF SERVICE**

    I, John L. Potapchuk, Assistant Attorney General, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing (NEF), and a copy was also sent to Plaintiff Gregory Alvin James Van Etten via email to his email address on record, jim.vanetten@gmail.com, on November 14, 2024.

                                                              */s/ John Potapchuk*
                                                              John L. Potapchuk