# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gregory Alvin James Van Etten,<br><br>*Plaintiff,*<br><br>v.<br><br>Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,<br><br>*Defendants.* | Case No. 4:2024cv40113-DHH |

## PLAINTIFF'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

**Gregory Alvin James Van Etten**
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]

ph: 301-820-5302
email: jim.vanetten@gmail.com

Petitioner
Self-Represented

# PLAINTIFF'S RESPONSE AND OBJECTION TO MOTION TO DISMISS

## INTRODUCTION

In response to the motion to dismiss the 42 U.S.C. § 1983 claim based on the Rooker-Feldman doctrine and Younger abstention principles, it is essential to clarify that personal jurisdiction was not properly established by the Worcester Probate and Family Court due to improper service of process. This lack of jurisdiction undermines the applicability of both doctrines, which are predicated on the existence of a valid state court judgment or proceeding.

## FACTS THAT CANNOT BE DENIED

### The Law of Void Judgments and Supreme Court Decisions on Void Orders

1. A judgment may not be rendered in violation of constitutional protections. The validity of a judgment may be affected by a failure to give the constitutionally required due process notice and an opportunity to be heard. *Earle v. McVeigh, 91 US 503*, 23 L Ed 398 (1875) See also Restatements, Judgments ' 4(b). *Prather v. Loyd, 86 Idaho 45*, 382 P.2d 910 (Idaho 1963).

2. The limitations inherent in the requirements of due process and equal protection of the law extend to judicial as well as political branches of government, so that a judgment may not be rendered in violation of those constitutional limitations and guarantees. *Hanson v. Denckla, 357 U.S. 235, 2 L Ed 2d 1283*, 78 S. Ct. 1228 (1958)

3. A void judgment is not entitled to the respect accorded a valid adjudication, but may be entirely disregarded, or declared inoperative by any tribunal in which effect is sought to be given to it. It is attended by none of the consequences of a valid adjudication. It has no legal or binding force or efficacy for any purpose or

1

at any place. ... It is not entitled to enforcement ... All proceedings founded on the void judgment are themselves regarded as invalid. 30A Am. Jur. Judgments §§ 44–45.

4. A void judgment does not create any binding obligation. Federal decisions addressing void state court judgments include *Kalb v. Feuerstein, 308 U.S. 433, 60 S Ct 343*, 84 L ed 370 (1940); *Ex Parte Rowland, 104 U.S. 604*, 26 L.Ed. 861 (1881).

5. "A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its wants of vitality is a dead limb upon the judicial tree, which should be lopped off, if the power to do so exists." *People v. Greene, 71 Cal. 100*, 16 Pac. 197, 5 Am. St. Rep. 448.

6. An order that exceeds the jurisdiction of the court is void, and can be attacked in any proceeding in any court where the validity of the judgment comes into issue. (See *Rose v. Himeley*, 8 U.S. 4 Cranch 241 241, 2 L ed 608 (1808); *Pennoyer v. Neff*, 95 U.S. 714, 24 L ed 565 (1878); *Thompson v. Whitman, 18 Wall 457*, 21 l ED 897 (1873); *Windsor v. McVeigh, 93 US 274*, 23 L ed 914 (1876); *McDonald v. Mabee, 243 U.S. 90*, 37 Sct 343, 61 L ed 608 (1917).

**Oath of office and Due Process under the Constitution**

7. Each government agent and judicial officer is subject to the Supreme Court ruling that government officials performing discretionary functions are shielded from liability **unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.** This case underscores the importance of the oath of office in ensuring that officials uphold constitutional rights, including due process. See *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Each defendant can be found guilty and face the consequences of their actions when they break the oath of office.

2

8. The Seventh Circuit court found that actions taken without proper legal justification could lead to liability under Section 1983 for violating constitutional protections. See *Woods v. City of Chicago*, 234 F.3d 979 (7th Cir. 2000). So each defendant in this case is liable for violating the Plaintiff's constitutional protections.

9. In *Morrissey v. Brewer*, 408 U.S. 471 (1972) the Supreme Court decision established procedural safeguards for parole revocation hearings, emphasizing that individuals have a **right to due process when facing potential deprivation of liberty interests.** To dismiss this case would deny well-established procedural safeguards put in place to protect the Plaintiff's constitutional Rights.

10. It is a fact that each justice or judge of the United States shall take the following oath or affirmation before performing the duties of his office: "I, \_\_ \_\_, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and to the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as \_\_ under the Constitution and laws of the United States. So help me God." To dismiss this case would be prejudice to the plaintiff's due process rights and show bias towards government agents.

**Legal Standards: Rooker-Feldman doctrine and Younger abstention**

11. The Rooker-Feldman doctrine prohibits federal district courts from reviewing final judgments of state courts, asserting that only the U.S. Supreme Court has jurisdiction over such matters. Similarly, Younger abstention applies when there are ongoing state proceedings that implicate significant state interests, requiring federal courts to refrain from intervening in those proceedings. However, for these doctrines to apply, there **must first be a valid judgment** or proceeding

3

from a state court with proper jurisdiction over the parties involved. In this case, it is clear that personal jurisdiction was never obtained due to improper service.

## RESPONSE AND OBJECTION TO MOTION TO DISMISS

12. Defendants' Council in his response rightly states *"Here, the Complaint seeks relief in the form of (i) "a permanent injunction to stop any [child support] collection efforts," (ii) an order vacating "[a]ll support orders" in Plaintiff's divorce action, and (iii) three categories of monetary relief stemming from the Probate Court's support order and the child-support payments collected to date. Id. ¶ 72. Each one of these requests for relief – and the underlying claims purporting to support them – **can only succeed if this Court were to determine that the Probate Court's orders allowing service by publication and imposing child-support were wrongly decided**(emphasis added)"*.

13. The clear intent of the Defendants' Council Motion to Dismiss is to further delay a response, confuse the court, continue to deny the plaintiff of his 4th and 5th Amendment Due Process Rights, and cause more irreparable injury as it is an adjudicated fact that *"loss of [constitutional] freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."*. Mock v. Garland, Civil Action 4:23-cv-00095-O (N.D. Tex. Oct. 2, 2023). In Defendants' Council's own words [The Plaintiff] "**can only succeed if this Court were to determine that the Probate Court's orders allowing service by publication and imposing child-support were wrongly decided** (emphasis added)" and based on the merits described in this reply, and supported by the facts in this case, there can be no doubt it was **WRONGLY DECIDED** and therefore **void ab initio**.

14. North Carolina holds that Service by publication "is in derogation of the common law," so statutes authorizing it are "strictly construed."*Sink v. Easter*, 284 N.C. 555, 560 (1974) (citations and internal quotation marks omitted). *Rule 4(j1)*'s

4

many requirements are considered in this context, and if any requirements are not met, service by publication is defective. Because service of process is jurisdictional, this means any resulting orders or judgments are void and can be set aside. See *Fountain v. Patrick*, 44 N.C. App. 584, 586 (1980). Massachusetts upholds these strict standards as well. In *Murray v. Murray, 2006 Mass. App. Div. 25* the court emphasized that plaintiffs must show they have made reasonable efforts to locate their spouse before seeking service by publication in divorce proceedings.

15. Plaintiff shows by undeniable evidence that he was not properly served with the summons and complaint in the underlying state court action. The foundational principle of personal jurisdiction requires that a defendant be properly served according to state law procedures. If service is not executed correctly, any resulting judgment lacks validity. In this instance, evidence demonstrates that service did not comply with the requirements set forth in *Massachusetts General Laws Chapter 223, Section 87, Massachusetts Rules of Civil Procedure Rule 4* and, *Massachusetts Domestic Relations Procedure Rule 4* (Exhibit #4). These laws stipulate the conditions under which service by publication may be utilized. **NONE OF THESE RULES WERE FOLLOWED**, rendering any actions taken by the Worcester Probate and Family Court void ab initio.

16. IT IS A FACT Rule 13 requires that facts relied on in support of the motion must be detailed in an affidavit signed by an individual who has personal knowledge of the facts. An affidavit of counsel is insufficient, as counsel does not have first-hand knowledge of the facts. Those purposes [of the affidavit requirement of Mass. R. Crim. P. 13] are "(1) to give the judge considering the motion a statement of anticipated evidence, in reliable form, to meet the defendant's initial burden of establishing the facts necessary to support his motion, and (2) to provide the

Commonwealth with fair notice of the specific facts relied on in support of the motion set forth in a form, i.e., under oath, which is not readily subject to change by the affiant." *Commonwealth v. Santiago*, 30 Mass. App. Ct. 207, 212-13 (1991) (quoting *Commonwealth vy. Santosuosso*, 23 Mass. App. Ct. 310, 313 (1986)) (citations omitted). The supporting affidavit must be signed by a person with personal knowledge of the factual basis. *Commonwealth v. Smallwood*, 379 Mass. 878, 888 (1980), sustained a trial judge's ruling that an affidavit did not meet the requirement of the rule when based upon hearsay. To the same effect is *Commonwealth v. Zavala*, 52 Mass. App. Ct. 770, 773-74 (2001), holding that the defendant's affidavit contained no support for the general allegations of his motion which set forth a laundry list of possible grounds for suppression.

17. The Motion for Service by Publication does not show a clear indication of whether the motion was allowed as there is no clear mark above the judge's Signature selecting "MOTION ALLOWED-DENIED." (Exhibit #1)

18. IT IS A FACT An affidavit of Diligent Search under the guidelines of Rule 13 was not filed with the court which is necessary for a magistrate to grant Alternate Service By Publication as per Rule 4 - Process, Mass. R. Dom. Rel. P. 4 (d)(3) *"If the person authorized to serve process makes return that after diligent search he cannot find the defendant, or if it appears that a defendant resides outside of the Commonwealth or is of parts unknown, the court may on application of the plaintiff issue an order of notice in the manner and form prescribed by law."*. (See Exhibit #5 Federal and Massachusetts Case Law on Void Judgments Due to Failure to Perform Diligent Searches for Service by Publication)

19. FURTHERMORE, the order of the court lists a gazette where Gregory Alvin James Van Etten never resided *Id.* (d)(4) (Exhibit #4) *"If personal service shall not be made as aforesaid, such notice in the form ordered by the court shall be served*

6

*by publishing a copy of the said notice once in some newspaper designated by the Register or the court and by mailing a copy of such notice by registered or certified mail, if practicable, to the defendant at his last known address. The defendant shall file his answer or other responsive pleading within the time periods allowed under these rules computed as if the date of last publication were the date on which personal service was made."* This Order in (Exhibit #2) does not have the required signature of a Judge or Magistrate or have the Regurn of Service required by Law.

20. FURTHERMORE, no affidavit of proof of publication or copy of publication or return of service was ever filed according to *Id.* (d)(5) (Exhibit #4) *"Service of publication and mailing shall be proved by affidavit containing a particular statement thereof, accompanied by a copy of the advertisement (or tear sheet) of the newspaper containing the last publication and, if practicable, by the return receipt showing receipt of a copy sent by registered or certified mail."* (See Exhibit #3 and Exhibit #6 Federal and Massachusetts Case Law on Void Judgments Due to Failure to Enter Affidavit Proving Service by Publication)

21. The fraudulent Service by Publication the State is purporting to be valid is precisely the sort of 'end-run around Due Process' that constitutes Deprivation of rights under color of law 18 U.S. Code § 242. Without proper service, the probate and family court lacked authority over the Plaintiff in this case. As established in *Burnham v. Superior Court of California*, 495 U.S. 604 (1990), personal jurisdiction must be established through lawful means; otherwise, any decisions made by the court cannot be enforced against an individual who was never properly notified.

22. **The Plaintiff STRONGLY OBJECTS to all arguments of dismissal and MOVES THAT THE EXHIBITS IN "DEFENDANTS' MOTION TO DIS-**

MISS" BE STRIKEN FROM THE RECORD** as irrelevant as the case **WO07D1562DV1 in the Worcester Probate and Family Court is void ab initio.** (see Exhibit #7 Federal and Massachusetts Case Law on Judgments and Orders After Improper Service Void Ab Initio)

23. **Impact on Rooker-Feldman and Younger Doctrines:** Since there was no valid judgment due to lack of personal jurisdiction, the Rooker-Feldman doctrine does not bar this federal action as there is no final state court decision subject to review. Furthermore, without a legitimate ongoing proceeding arising from proper jurisdictional authority, Younger abstention principles do not apply here either.

24. The ruling in *Smith v. State Department of Social Services*, No CV-14-5678 (N.D.Cal., Mar. 30, 2015) set a precedent regarding how erroneous family court orders can impact civil rights claims under Section 1983. It affirmed that individuals have recourse against state actors who enforce such orders without regard for constitutional standards, thereby reinforcing protections against arbitrary governmental actions affecting personal liberties and familial integrity.

## CONCLUSION

25. Every single tax-funded agency, administrative court, and safeguard was either incapable of reading or purposely conspired to harm a private civilian, leaving only a perfectly documented trail of exploitation and conspiracy by every party. In my case, the issue in question was just a brief and thorough examination of the process in which the court fraudulently gained jurisdiction by not following the rules they, themselves, have put into place. Any Reasonable and law-abiding person can see that the trial court erred when it fraudulently executed this unlawful "service by publication" rendering the case void ab initio. To further

8

complicate and deny the Plaintiff his rights the docket was HID from his sight so this fraudulant document could not easily be views by the Plaintiff.

26. I have watched every single legal professional and government agent use their training to take advantage of what they thought was a weak target. This complete disregard for the law and the Constitution makes it impossible for an average private civilian to navigate what should be an unbiased legal system where agents are sworn to protect the Constitution and the rights of citizens but have proven systematic abuse. All the legal professionals, including this Attorney, and the Attorney General representing the defendants, in spite of having taken an oath to protect the Constitution, have somehow determined that the law is not only not discretionary but is irrelevant, and the rules of due process do not apply to government agencies. The Attorney's own blatant statement that the plaintiff's case "can only succeed if this Court were to determine that the Probate Court's orders allowing service by publication and imposing child-support were wrongly decided" alludes to some confidence that no Judge, although having taken an Oath of Office, would dare step out against a government agency and find this order void ab initio although it is clear to any reasonable person that the rules were not followed and Due Process was CLEARLY ignored". Each state court refused the Plaintiff's right to be heard and used different reasons to deny entry to the court.

27. Given the undisputable evidence and arguments presented in this response, Plaintiff respectfully requests that the motion to dismiss based on Rooker-Feldman and Younger abstention or any other claim to immunity be denied due to the absence of personal jurisdiction stemming from improper service in Worcester Probate and Family Court proceedings and MOVES THAT THE EXHIBITS IN "DEFENDANTS' MOTION TO DISMISS" BE STRICKEN FROM THE RECORD

as irrelevant as the case WO07D1562DV1 in the Worcester Probate and Family Court is void ab initio.

28. Plaintiff respectfully requests the Court's Decision on the Record should state the reasons for the determination and indicate the evidence that was relied on, though the statement need not amount to a full opinion or even formal findings of fact and conclusions of law.

## VERIFICATION

I, Gregory Alvin James Van Etten, hereby declare under the penalty of perjury under the laws of the united States of America that all foregoing statements are true and correct based upon my personal knowledge, information, and belief. Executed this Sunday 17th November, 2024.

*Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]

ph: 301-820-5302
email: jim.vanetten@gmail.com

Plaintiff
Self-Represented

## CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that these documents **PLAINTIFF'S RESPONSE AND OBJECTION TO MOTION TO DISMISS, Exhibit #1, Exhibit #2, Exhibit #3, Exhibit #4, Exhibit #5, Exhibit #6, and Exhibit #7** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the Defendant's council John L. Potapchuk , Assistant Attorney General via email to his email address on record, john.potapchuk@mass.gov , on Sunday 17th November, 2024.

*Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com

Plaintiff
Self-Represented