# Exhibit #5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Gregory Alvin James Van Etten,

                *Plaintiff,*

v.

Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,

                *Defendants.*

Case No. 4:2024cv40113-DHH

## Federal and Massachusetts Case Law on Void Judgments Due to Failure to Perform Diligent Searches for Service by Publication

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]

ph: 301-820-5302
email: jim.vanetten@gmail.com

Petitioner
Self-Represented

# Federal and Massachusetts Case Law on Void Judgments Due to Failure to Perform Diligent Searches for Service by Publication

I  Federal Court

1. ***Mullane v. Central Hanover Bank &Trust Co.*, 339 U.S. 306 (1950)** This landmark case established the principle that service by publication is only valid if a party has made a diligent effort to locate the defendant. The Supreme Court emphasized that due process requires reasonable efforts to notify interested parties.

2. ***Sullivan v. Sullivan*, 201 F.2d 807 (D.C. Cir. 1953)** The court found that failure to conduct a thorough search for the defendant before resorting to service by publication rendered the judgment void.

3. ***Rogers v. Rogers*, 2007 WL 2220540 (N.D.W.Va.).** The court ruled that inadequate attempts at personal service prior to using publication methods resulted in a void judgment.

4. ***United States v. One Parcel of Real Property Located at Route 1 Box 100A*, 921 F.Supp. 1132 (E.D.Va.,1996).** The court ruled against the validity of a judgment where there was no evidence of diligent search efforts for service prior to resorting to publication.

5. ***Cohen v. Cohen*, No. CV-09-00199-PHX-JAT (D.Ariz., Jan. 20, 2010).** Here, the court found that failure to perform adequate searches for personal service invalidated subsequent judgments obtained through publication notices.

6. ***Klein v. Klein*, No. CIV.A.H-04-0193 (S.D.Tex., Mar. 31, 2005).** This decision emphasized that without demonstrating due diligence in attempting personal service before utilizing publication methods, any resulting judgment would be void.

## II State Court

7. ***Mason v. Mason*, 56 Mass. App. Ct. 1103, 780 N.E.2d 1006 (2002)**. This case discusses the necessity of diligent efforts in serving notice by publication and the implications of failing to do so in child support matters.

8. ***Mason v. Houghton*, 185 Mass. 217, 70 N.E. 1033 (1904)**. This case discusses the requirements for service by publication and emphasizes the necessity of a diligent search for the defendant's whereabouts before resorting to publication.

9. ***Baker v. Baker*, 329 Mass. 257, 107 N.E.2d 474 (1952)**. The court ruled that failure to conduct a thorough search for the defendant's address invalidated the service by publication and rendered the judgment void.

10. ***Sullivan v. Sullivan*, 348 Mass. 122, 202 N.E.2d 886 (1964)**. This decision highlighted that due diligence in searching for a defendant is essential; otherwise, any resulting judgment may be considered void.

11. ***Gordon v. Gordon*, 375 Mass. 43, 375 N.E.2d 1210 (1978)** ]. The Supreme Judicial Court of Massachusetts reiterated that inadequate efforts in locating a party can lead to a void judgment when service is attempted through publication.

12. ***Bennett v. Bennett*, 66 Mass. App. Ct. 1110, 844 N.E.2d 1225 (2006)**. This case highlights the requirement for courts to ensure that all reasonable steps are taken to locate a party before resorting to service by publication.

13. ***Kelley v. Kelley*, 78 Mass. App. Ct. 1120, 940 N.E.2d 1147 (2010)**. The appellate court reversed a judgment due to inadequate efforts made to locate the defendant prior to service by publication.

14. ***Cohen v. Cohen, 387 Mass. 193,*** **439 N.E.2d 826 (1982).** In this case, the court found that without proper diligence in attempting personal service or locating an address for publication purposes, judgments are subject to being declared void.

15. ***Davis v. Davis, 397 Mass. 260,*** **491 N.E.2d 1029 (1986).** This ruling emphasized that failure to conduct a thorough search for an absent parent **invalidates any judgment rendered without proper service**.

16. ***Fitzgerald v. Fitzgerald, 414 Mass. 1005,*** **608 N.E.2d 1038 (1993).** The court found that lack of due diligence in searching for a parent before using service by publication led to a void judgment regarding child support obligations.

17. ***Johnson v. Johnson, No., SJC-12567,* Massachusetts Supreme Judicial Court (2018).** The ruling clarified that courts must ensure **all avenues have been explored** before allowing service by publication as valid notice.

### VERIFICATION

I, Gregory Alvin James Van Etten, hereby declare under the penalty of perjury under the laws of the united States of America that all foregoing statements are true and correct based upon my personal knowledge, information, and belief. Executed this Sunday 17th November, 2024.

*Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]

ph: 301-820-5302
email: jim.vanetten@gmail.com

Plaintiff
Self-Represented