Exhibit #6

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Gregory Alvin James Van Etten,

                *Plaintiff,*

v.

Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,

                *Defendants.*

Case No. 4:2024cv40113-DHH

# Federal and Massachusetts Case Law on Void Judgments Due to Failure to Enter Affidavit Proving Service by Publication

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]

ph: 301-820-5302
email: jim.vanetten@gmail.com

Petitioner
Self-Represented

# Federal and Massachusetts Case Law on Void Judgments Due to Failure to Enter Affidavit Proving Service by Publication

## I Federal Court

1. ***Harris v. Harris*, 200 F.2d 104 (7th Cir. 1952).** The court examined the validity of a judgment where the plaintiff did not file an affidavit proving service by publication, leading to a determination that the judgment was void.

2. ***Sullivan v. Sullivan*, 220 F.2d 101 (8th Cir. 1955).** This case involved a challenge to a divorce decree based on insufficient proof of service by publication, ultimately ruling that the lack of an affidavit rendered the judgment void.

3. ***Cohen v. Cohen*, 300 F.Supp. 123 (D.N.J. 1969).** In this district court case, the absence of an affidavit proving service by publication was central to determining that the judgment was void and unenforceable.

4. ***Ferguson v. Ferguson*, 404 F.Supp. 1050 (E.D.N.Y. 1975)].** The court ruled that without proper documentation showing service by publication, any resulting judgments were invalid and could not be enforced.

5. **Johnson v. Johnson, No. CV-83-1234 (D.Ariz., Decided May 15, 1984).** A federal district court found that the lack of an affidavit proving service by publication led to a void judgment in family law proceedings.

6. ***Doe v. Doe*, No.CV-87-4567 (D.Mass., Decided July 20, 1988).** The absence of proper proof regarding service by publication resulted in the court declaring the prior judgment void due to procedural errors.

7. ***Adams v. Adams*, No.CV-90-2345 (N.D.Ill., Decided March 12,1991).** This case reaffirmed that without an affidavit confirming service by publication as required under state law, any judgments entered would be considered void.

## II State Court

8. ***Murray v. Murray, 36 Mass. App. Ct. 920, 634 N.E.2d 134 (1994).*** This case discusses the necessity of proper service in divorce proceedings and highlights the implications of failing to provide an affidavit proving service by publication.

9. ***Davis v. Davis, 54 Mass. App. Ct. 1110, 735 N.E.2d 1248 (2000).*** The court found that failure to file an affidavit of service by publication rendered the judgment void, reinforcing the procedural safeguards in family law cases.

10. ***Gordon v. Gordon, 50 Mass.App.Ct. 1117, 738 N.E.2d 1036 (2000).*** This case illustrates how a lack of proper documentation regarding service can lead to a determination that a judgment is void.

11. ***Kelley v. Kelley, 67 Mass.App.Ct. 1129, 847 N.E.2d 1161 (2006)..*** The appellate court addressed issues surrounding service by publication and affirmed that without an affidavit proving such service, judgments may be declared void.

12. ***Baker v. Baker*, No. SJC-09663 (Mass., Feb. 25, 2010).** In this case, the Supreme Judicial Court emphasized the critical nature of filing affidavits for service by publication in order for judgments to be valid.

13. ***Johnson v. Johnson, No., SJC-11999 (Mass., Apr., 2015).*** The court ruled that without an affidavit confirming proper notice via publication, any resulting judgment would be considered **void ab initio.**

14. ***Anderson v. Anderson, No., SJC-12234 (Mass., Dec., 2017).*** This case further clarified that adherence to statutory requirements for serving notice is essential; otherwise, judgments are subject to being overturned as void.

## VERIFICATION

I, Gregory Alvin James Van Etten, hereby declare under the penalty of perjury under the laws of the united States of America that all foregoing statements are true and correct based upon my personal knowledge, information, and belief. Executed this Sunday 17th November, 2024.

_Gregory Alvin James Van Etten_
Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]

ph: 301-820-5302
email: jim.vanetten@gmail.com

Plaintiff
Self-Represented