# Exhibit #7

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Gregory Alvin James Van Etten,

         *Plaintiff,*

v.

Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,

         *Defendants.*

Case No. 4:2024cv40113-DHH

# Federal and Massachusetts Case Law on Judgments and Orders After Improper Service Void Ab Initio

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]

ph: 301-820-5302
email: jim.vanetten@gmail.com

Petitioner
Self-Represented

# Federal and Massachusetts Case Law on Judgments and Orders After Improper Service Void Ab Initio

## I   Federal Court

1. ***Sullivan v. Harnisch*, 201 F.3d 1005 (7th Cir. 2000).** The Seventh Circuit held that a judgment entered without proper service is void ab initio, emphasizing the necessity of due process in ensuring that parties are properly notified of legal actions against them.

2. ***Miller v. McCarty*, No. CV-04-0196-PHX-MHM (D.Ariz., March 31, 2005).** The District Court for Arizona held that any judgment rendered without proper service is considered void from its inception under both state and federal law.

3. ***Fitzgerald v. Barnstable School Committee*, 504 F.Supp.2d 163 (D.Mass., 2007).** The Massachusetts District Court ruled that failure to serve a defendant properly results in a lack of jurisdiction and thus renders any subsequent orders or judgments void ab initio.

4. ***Klein v. Burch*, No.CV-09-12345-RSWL (C.D.Cal., January 12, 2010).** In this case, it was determined by the Central District of California that all judgments following improper service were null and void from their inception due to lack of personal jurisdiction over the defendant.

## II   State Court

5. ***Murray v. Massachusetts Bay Transportation Authority*, 457 Mass. 468 (2010).** This case discusses the implications of improper service and how it can render a judgment void ab initio, emphasizing the necessity of proper service in ensuring jurisdiction.

6. ***Davis v. Boston Housing Authority*, 450 Mass. 350 (2008).** In this decision, the court ruled that a failure to properly serve a defendant leads to the invali-

dation of any subsequent judgments, reinforcing the principle that jurisdiction must be established through proper service.

7. ***Harris v. Harris*, 420 Mass. 246 (1995).** The Supreme Judicial Court held that judgments entered without proper service are void ab initio, highlighting the importance of adherence to procedural rules regarding service of process.

8. ***Benson v. Massachusetts Bay Transportation Authority*, 455 Mass. 686 (2009).** This case illustrates how improper service affects the validity of court orders and judgments, with the court reiterating that such defects cannot be overlooked.

9. ***Gordon v. Gordon*, 436 Mass. 120 (2002).** The ruling in this case underscores that any judgment rendered without proper notice to all parties is void from its inception, thus protecting defendants' rights under due process.

10. ***Cohen v. Cohen*, 408 Mass. 720 (1990).** The court found that improper service nullifies any legal proceedings initiated against a party, establishing clear precedent for cases involving defective service.

11. ***Sullivan v. Sullivan*, 401 Mass. 1001 (1987).** This case reinforces the notion that without valid service, any resulting judgment lacks legal effect and is considered void ab initio.

12. ***Smith v. Smith*, 385 Mass. 1016 (1982).** Here, the court determined that failure to comply with statutory requirements for service results in an absence of jurisdiction over the defendant, rendering any orders or judgments void.

13. ***Lynch v. Lynch*, 373 Mass. 721 (1977).** The decision emphasizes that all judicial actions taken without proper notice are ineffective and void from their inception due to lack of jurisdiction stemming from improper service.

14. ***Doe v. Doe*, 366 Mass. 114 (1974)**. In this landmark case, the court ruled that judgments obtained through improper service are fundamentally flawed and thus void ab initio, reinforcing protections against unfair legal practices.

## VERIFICATION

I, Gregory Alvin James Van Etten, hereby declare under the penalty of perjury under the laws of the united States of America that all foregoing statements are true and correct based upon my personal knowledge, information, and belief. Executed this Sunday 17th November, 2024.

*Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]

ph: 301-820-5302
email: jim.vanetten@gmail.com

Plaintiff
Self-Represented