## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Gregory Alvin James Van Etten,

*Plaintiff,*

v.

Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,

*Defendants.*

Case No. 4:2024cv40113-DHH

## MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE WITH NEW EVIDENCE

**Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]**

**ph: 301-820-5302
email: jim.vanetten@gmail.com**

**Petitioner
Self-Represented**

**MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE WITH NEW EVIDENCE**

### Introduction

The Plaintiff, Gregory Alvin James Van Etten who is Self-Represented[1], respectfully submits this MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE WITH NEW EVIDENCE. The motion to dismiss is based on the Rooker-Feldman and Younger doctrines and based on the Attorney for the defense statement, *"In sum, Van Etten's requests for relief can only be allowed if this Court were to determine that the Probate Court's orders allowing service by publication and imposing child-support were wrongly decided."* Therefore, the Defendants' assertion is correct and service by publication and order for child-support lacks merit and is based on ignoring the applicable legal standards, as well as an improper presentation of facts regarding the completion of service required under Due Process.

### Factual Background

The Defendants have raised affirmative defenses that invoke the Rooker-Feldman doctrine, which prohibits lower federal courts from reviewing final judgments of state courts, and the Younger abstention doctrine, which encourages federal courts to refrain from interfering with ongoing state proceedings. However, these doctrines are not applicable in this case due to significant factual discrepancies surrounding the publication notice and service of process.

---

[1]It is an adjudicated fact that allegations made in a Pro Se complaint are held *"to a less stringent standard than formal pleadings drafted by lawyers."* Haines v. Kerner, 404 U.S. 519, 520 92 S. Ct. 594 (1972). To hold a Pro Se plaintiff to strict compliance *"would be inequitable"* as courts would punish a Pro Se plaintiff *"for lacking the linguistic and analytical skills of a trained lawyer."* Perez v. U.S., 312 F.3d 191, 194-195 (5th Cir. 2002). To avoid such a result, *"courts have adopted the rule that a Pro Se plaintiff's pleadings are liberally construed."* Id. Even though pleadings by a Pro Se litigant are held to a less stringent standard, courts must be able to draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

## Legal Standard For Striking Affirmative Defenses

Under Federal Rule of Civil Procedure 12(f), a court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or **scandalous matter**. An affirmative defense should be stricken if it is clearly insufficient as a matter of law.

While a party generally has 21 days from service of the pleading containing an affirmative defense to file a motion to strike, if new evidence arises after this period, they may still seek relief by demonstrating its relevance and significance. Plaintiff is Self-Representing[2] and asks for leniency as it takes time to research and study procedure and only validated that notice was not published today 24th February 2025. Plaintiff verified there is no record that notice was published and that citation with tear sheet should have been attached to the return of service filed in the Worcester Probate and Family Court but was not.

## Argument

1. **Inapplicability of Rooker-Feldman Doctrine:** The Rooker-Feldman doctrine applies only when a party seeks to overturn a state court judgment in federal court. In this instance, Plaintiff does not seek to challenge any state court ruling but rather contests the validity of actions concerning service and publication requirements. Therefore, this doctrine does not bar Plaintiff's claims.

2. **Inapplicability of Younger Doctrine:** The Younger abstention doctrine is relevant only when there are ongoing state proceedings that implicate significant

---

[2]It is an adjudicated fact that allegations made in a Pro Se complaint are held *"to a less stringent standard than formal pleadings drafted by lawyers." Haines v. Kerner*. To hold a Pro Se plaintiff to strict compliance *"would be inequitable"* as courts would punish a Pro Se plaintiff *"for lacking the linguistic and analytical skills of a trained lawyer." Perez v. U.S.*. To avoid such a result, *"courts have adopted the rule that a Pro Se plaintiff's pleadings are liberally construed." Id.* Even though pleadings by a Pro Se litigant are held to a less stringent standard, courts must be able to draw a reasonable inference from the pleadings that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*(citing *Bell Atlantic Corp. v. Twombly*).

state interests. Here, there is no ongoing state proceeding that would warrant abstention as judgement is void AB INITIO; thus, invoking this doctrine is inappropriate.

3. **Evidence of Fraudulent Publication:** The Defendants' affirmative defense hinges on an assertion that proper notice was published according to statutory requirements.

Attorney for the defenses' statement, *"In sum, Van Etten's requests for relief can only be allowed if this Court were to determine that the Probate Court's orders allowing service by publication and imposing child-support were wrongly decided."*

It can be factually decided that the Probate Court's orders allowing service by publication **WAS IN FACT WRONGLY DECIDED** based on UNDISPUTED FACTS of deficiency of service and fraud and must result in all orders for support are **void AB INITIO**; as evidence indicates. Specifically:

- **Lack of Affidavit of Diligent Search:**

- **Deficiency in Service:** The absence of an affidavit confirming publication indicates that proper notice was never given to the Defendant as required under Mass.R.Civ.P./Mass.R.Dom.RelP., thus violating his right to due process. It is the responsibility of the defendants to provide proof that a notice was indeed published and properly recorded. This requirement necessitates the presentation of credible evidence showing that all procedural requirements for publication were met, thereby affirming that proper notice was given as mandated by law.

- **Lack of Return of Service:** The failure to complete and file a Return of Service further substantiates this deficiency; without this documentation, there is no evidence that any attempt at serving Plaintiff was made or

3

completed in compliance to Mass. R. Civ. P. 4- Process[3] and Mass. R. Dom. Rel. P. 4.

- **Precedent and Case Law:** Courts have consistently held that strict compliance with service requirements is necessary for jurisdictional purposes (see *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950); *Mennonite Board of Missions v. Adams*, 462 U.S. 791 (1983)). Any deviation from these rules can result in dismissal or striking of orders related to improper service and this Judgement and Order are VOID AB INITIO.

4. **Allegations of Purjury:** The entry of an order to publish without adequate proof constitutes fraudulent behavior and potentially perjury by those who submitted false affidavits or documents claiming compliance with publication requirements. This undermines any credibility associated with Defendant's affirmative defense.

5. **No Waiver of Service:** A signed waiver of service is necessary for compliance with standard procedural requirements for serving legal documents as outlined in applicable jurisdictional rules.

6. **Signature was Induced by Fraud:** The plaintiff was never obligated by law to sign a contract and thereby his signature was induced by misrepresentation under duress by fraud, and the agreement for payment of child support is void under Federal Rule 60(B)(3) or a State Law equivalent. On the date of the signature, a representative for the IV-D State agency misrepresented to the Plaintiff that because they had jurisdiction, he must sign the support agreement to see his

---

[3]*Id.* (f) Return. The person serving the process shall make proof of service thereof in writing to the court promptly and in any event within the time during which the person served must respond to the process. If service is made by a person other than a sheriff, deputy sheriff, or special sheriff, he shall make affidavit thereof. Proof of service outside the Commonwealth may be made by affidavit of the individual who made the service or in the manner prescribed by the law of the Commonwealth, or the law of the place in which the service is made for proof of service in an action in any of its courts of general jurisdiction. When service is made by mail, proof of service shall include a receipt signed by the addressee or such other evidence of personal delivery to the addressee as may be satisfactory to the court. Failure to make proof of service does not affect the validity of the service.

children or he could be arrested for contempt, and thereby, this misrepresentation caused the defendant to sign the agreement to have access to his children and out of fear of arrest and this is evidence of grounds of fraud and relief is required.

7. **By Defendants' Own Admission:** Attorney for the defense statement, *"In sum, Van Etten's requests for relief can only be allowed if this Court were to determine that the Probate Court's orders allowing service by publication and imposing child-support were wrongly decided."*

8. **Circumstances Are Consistent With Fraud:** Fraud was perpetrated by duress, when it was falsely misrepresented to the undersigned that personal jurisdiction was established he must sign the contract or face arrest or suspension of driving privileges.

## Conclusion

For all these reasons stated above, Plaintiff respectfully requests that this Court grant its Motion to Strike Defendant's Affirmative Defense related to Rooker-Feldman and Younger doctrines due to their inapplicability and lack of factual support regarding fraudulent publication and deficient service.

WHEREFORE, Plaintiff requests relief as follows:

- That this Court strikes Defendant's affirmative defenses;

- That this Court reconsiders and rules in favor of Plaintiff's "Motion for Preliminary Injunction".

- That this Court enters an order that defendants must not sell, trade, or move money or real estate till the Complaint is heard.

- For such other relief as deemed just and proper by this Honorable Court.

## Verification

I, Gregory Alvin James Van Etten, hereby declare under the penalty of perjury under the laws of the United States of America that all foregoing statements are true and correct based upon my personal knowledge, information, and belief. Executed this Monday 24th February, 2025.

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Appellant
Self-Represented

## LOCAL RULE 7.1 CERTIFICATION

I, Gregory Alvin James Van Etten, hereby certify that I have conferred with Attorney Mathias F. Fressilli, by phone call Monday 24th February, 2025, to the supplied number. Attorney Mathias F. Fressilli, did not assent and said to file my motion and he would respond accordingly.

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Appellant
Self-Represented

6

## Certificate of Service

I, Gregory Alvin James Van Etten, hereby certify that this document **"MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSE WITH NEW EVIDENCE"** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the appellees' council Mathias F. Fressilli, Assistant Attorney General, via email to email address on the record, Mathias.Fressilli@mass.gov, on Monday 24th February, 2025.

/s/ *Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Appellant
Self-Represented

7