FILED
IN CLERK'S OFFICE

2025 JUN -6 PM 1: 22

DISTRICT OF MASS.

Gregory Alvin James Van Etten

c/o 1530 P B Ln #V1425
Wichita Falls, Texas [76302]
Phone: +1 (301)820-5302
Email: jim.vanetten@gmail.com

Nigel Stevens, Esq.
Assistant Attorney General
Office of the Attorney General
One Ashburton Place
Boston, MA 02108

May 30, 2025

**Re: Request to Withdraw Motion to Dismiss and Strike Deficient Service Exhibits**

**CC: Attorney General Andrea Joy Campbell;
Robert M. Farrell, Clerk, U.S. District Court for the District of Massachusetts;
Anastasia Dubrovsky, Clerk, U.S. Court of Appeals for the First Circuit**

Dear Attorney Stevens,

I write in regard to the current matter in which your office represents the Commonwealth and in which you have been newly assigned as counsel.

I respectfully request that you carefully review the documents submitted as evidence of service by publication in this case, which were used in support of the pending **Motion to Dismiss**. A review of the record reveals that the **service documentation** fails to comply with established legal standards in multiple ways:

1. **No Affidavit of Diligent Search:** The file contains no affidavit or verified documentation demonstrating that a diligent attempt was made to locate or serve the relevant party before resorting to publication.

2. **No Proof of Publication:** There is no affidavit or proof that service by publication was actually completed in accordance with Massachusetts law. This is a critical omission that renders the service legally invalid.

3. **Violation of Due Process and Procedural Norms:** The use of these documents as evidence of service constitutes a fundamental procedural deficiency, and continuing to rely on them undermines the integrity of the proceeding and the rights of the party affected.

## Specific Misrepresentation in Federal Record

This issue is further compounded by representations made in Case 4:24-cv-40113-DHH, Document 32, filed 10/21/2024, Page 1 of 12, where the Commonwealth states:

> *"Each one of these requests for relief – and the underlying claims purporting to support them – can only succeed if this Court were to determine that the Probate Court's orders allowing service by publication and imposing child-support were wrongly decided."*

This assertion ignores the fact that the Probate Court's order was based on a materially deficient or fraudulent record, lacking a diligent search affidavit or proof of publication. The orders issued by the Probate Court were therefore not lawfully supported, and any attempt to prevent review of such orders based on false procedural compliance is itself improper and potentially unethical.

Accordingly, I respectfully request that:

- The **Motion to Dismiss be withdrawn** with prejudice to **stop delay tactics;**
- The **exhibits related to service by publication be stricken from the court record;**
- The **Court be notified** that the prior filings do not satisfy the legal threshold for adequate service.

This action is necessary to ensure compliance with due process and to preserve the fairness and legitimacy of the proceedings.