No. 25-1095

IN THE

# United States Court of Appeals
# For the First Circuit

GREGORY ALVIN JAMES VAN ETTEN

*Plaintiff - Appellant*

v.

FATTMAN, *et al.*

*Defendants - Appellees*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

(HON. MARGARET R. GUZMAN, U.S. DISTRICT JUDGE)

MOTION TO SUPPLEMENT THE RECORD ON APPEAL AND
FOR RULING ON PRELIMINARY INJUNCTION

GREGORY ALVIN JAMES VANETTEN
C/O: 1530 P B LN #V1425
WICHITA FALLS, TEXAS [76302]
(301) 820-5302
JIM.VANETTEN@GMAIL.COM

# NOTICE OF SUPPLEMENTAL AUTHORITY PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 28(j) AND REQUEST FOR JUDICIAL NOTICE

Appellant, Gregory Alvin James Van Etten, who is Self-Represented, respectfully moves this Honorable Court to supplement the record on appeal with post-filing developments and to issue a ruling on the pending request for preliminary injunctive relief. This motion is made pursuant to Federal Rules of Appellate Procedure 10(e) and 27, and is supported by new evidence that further demonstrates the ongoing nature of the constitutional harm and the need for immediate relief.

## I   SUPPLEMENTAL FACTS

On June 6, 2025, Appellant issued a formal demand that Defendants withdraw their reliance on fraudulent service by publication in light of longstanding procedural objections and newly confirmed evidence. The request further sought clarification regarding the exhibits appended to Defendants' Motion to Dismiss in the district court (Dkt. 41). The federal district court docket set a response deadline of June 20, 2025. No response was received.

    This silence is not an isolated incident. It mirrors a consistent pattern throughout Appellant's efforts to exhaust state remedies, wherein procedural objections, motions to vacate, requests for hearings, and demands for documentation were either denied without explanation or ignored altogether. Furthermore, documents were purposefully hidden on the record so Appellant was unable to understand the full scope of their fraud. The Defendants' refusal to respond—despite the clear opportunity to cure any evidentiary deficiencies—further underscores their reliance on an enforcement scheme unsupported by proper notice, jurisdiction, or judicial order. This ongoing pattern underscores the futility of seeking relief through the state system and further supports the need for this Court to intervene to prevent continued constitutional harm.

    Appellant never waived service of process, nor was he served personally in accordance with state or federal rules. Defendants have admitted, through their silence and failure to rebut, that the entire case turns on whether the underlying

Probate Court's service and support orders were constitutionally valid. Their failure to respond to Appellant's service-related filings suggests an intentional effort to avoid addressing the core jurisdictional and constitutional defects. This silence is telling—it reflects a broader pattern in which family court actors operate under the assumption that constitutional due process does not apply to them. This Court must affirm that the Constitution is not suspended in family law proceedings and that Article III judges have an obligation to intervene where there is an ongoing violation of fundamental rights.

**Where a judgment is void ab initio due to lack of personal jurisdiction or constitutional violations, this Court has the authority—*and indeed the obligation*—to recognize that VOID status and to enjoin any ongoing enforcement of such orders. Appellant requests relief to halt the enforcement of orders that were entered and executed fraudulently without lawful notice, jurisdiction or Due Process.**

Any judgments or agreements that Appellant signed were the result of coercion, manipulation, and emotional duress—such as threats of incarceration, economic ruin, or permanent separation from his children. These signatures were not the product of free and informed consent, and Appellant has since rescinded them in writing multiple times without response . They cannot be considered a valid basis for jurisdiction or for waiver of constitutional objections. Appellant only appeared and signed documents after orders were in place, under emotional duress and financial coercion, in an effort to regain access to his children—not as a waiver or admission.

The ongoing garnishment of Appellant's wages through an Income Withholding Order issued without valid service or due process constitutes an unreasonable seizure under the Fourth Amendment. No valid order of any court, supported by personal jurisdiction, was entered prior to the garnishment, rendering the seizure unlawful and in violation of clearly established constitutional rights. These actions constitute violations of procedural due process under the 14th Amendment and are independently actionable under 42 U.S.C. § 1983.

## II   DEFICIENT SERVICE AND SUPPORTING EXHIBITS

- Dkt. 42, Exhibit 3: Motion for Service by Publication, filed without required affidavit of diligent search.

- Dkt. 42, Exhibit 4: Order for Publication in Barre Gazette, unsigned, with "copy" notation and no verification of actual publication or valid Return of Service.

- Dkt. 43, Exhibit 4: Rule 4(d) Domestic Relations Checklist which was not followed.

- Dkt. 43, Exhibit 5: Massachusetts and federal case law affirming void judgments where no valid service exists.

- Dkt. 68: Appellant's formal Notice of Rescission of Signature and jurisdictional objection.

- Dkt. 69: Motion to Withdraw and Strike, unopposed as of June 20, 2025.

- Dkt. 70: Formal Demand for Copy of Signed IWO—still unanswered.

## III   BASIS FOR INJUNCTIVE RELIEF

As previously briefed, Appellant seeks injunctive protection from continued enforcement of a facially void judgment that was obtained without constitutionally valid service of process.

> "*A judgment entered without personal jurisdiction is void.*" — *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80 (1988).
>
> "*Fraud upon the court*" *renders judicial acts void and subject to collateral attack.* — *United States v. Throckmorton*, 98 U.S. 61 (1878).
>
> "*Rooker-Feldman does not bar claims that a state judgment was procured by fraud.*" — *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004).

3

## IV  ARGUMENT

### A.  The Court's Duty to Intervene in Ongoing Constitutional Violations

Defendants have previously stated in their filings:

> *"Each one of these requests for relief—and the underlying claims purporting to support them—can only succeed if this Court were to determine that the Probate Court's orders allowing service by publication and imposing child-support were wrongly decided."*

Rather than confront the procedural and jurisdictional defects, Defendants have chosen to ignore formal demands and evade constitutional review, banking on judicial reluctance to disturb family court rulings. However, the Constitution does not provide carveouts for Probate and Family Courts neither do Constitutional protections end at the doors of the Family and Probate courts. Appellant has a right to be heard, to proper notice, and to be free from governmental seizure of property absent due process.

This court has a constitutional obligation to provide relief where state enforcement violates federal rights. The ongoing enforcement of a judgment obtained without valid service and personal jurisdiction is not merely erroneous—it is void ab initio.

### B.  Enforcement of a Void Judgment Constitutes a Fourth and Fourteenth Amendment Violation

The continued withholding of Appellant's income under color of a facially invalid judgment that is void ab initio constitutes an unreasonable seizure in violation of the Fourth Amendment. Without a valid, proper judicially ordered income withholding directive, the taking of Appellant's wages is not authorized by law.

### C. Coerced Signatures and Jurisdictional Deficiencies

There was no valid personal service effectuated upon Appellant at any stage. While Appellant did subsequently sign certain documents presented in connection with these proceedings, those signatures were obtained through fraud and under emotional duress and coercion—including threats of incarceration and denial of child access. These conditions rendered any such signatures involuntary and invalid. Appellant has formally rescinded such signatures and they may not serve as a jurisdictional basis for enforcement.

### D. Judicial Relief is Warranted to Prevent Irreparable Harm

This Court possesses the authority—and bears the constitutional responsibility—to prevent the ongoing enforcement of state court orders that are void for lack of personal jurisdiction and issued without due process. Appellant does not seek to reopen or relitigate domestic matters, but rather to enjoin the continued enforcement of orders that were never lawfully entered and which continue to inflict constitutional injury.

All state avenues of relief have been exhausted or rendered ineffectual by systemic procedural failures. The resulting harm is not only ongoing but irreparable, impacting fundamental rights secured by the Fourteenth Amendment. Absent intervention by this Court, there remains no practical means of redress. Judicial relief is thus not only appropriate but necessary to prevent further constitutional violations under color of state law.

Appellant also respectfully states that all state-level avenues of relief have been exhausted. The constitutional violations at issue are ongoing and irreparable. If this Court does not act to enjoin enforcement and recognize the jurisdictional void, Appellant may have no choice but to seek review by the United States Supreme Court. Appellant raises this not as a threat or ultimatum, but in good faith and out of reverence for this Court's responsibility to uphold the guarantees of the Fourteenth Amendment.

### E. The Balance of Harms Favors the Appellant

The balance of equities in this case overwhelmingly favors the Appellant. Without injunctive relief, Appellant will continue to suffer serious and ongoing constitutional violations, including the denial of property and liberty interests without due process. These harms are not only substantial but irreversible.

In contrast, granting injunctive relief will impose no legally cognizable harm on the Appellees. Enjoining the enforcement of void or unlawfully issued orders merely pauses actions that should not be occurring under the Constitution in the first place. Government agencies have no legitimate interest in enforcing orders obtained in violation of due process and jurisdictional requirements.

Moreover, any administrative inconvenience to the state is vastly outweighed by the personal, financial, and constitutional harm endured by the Appellant. Equity demands that enforcement be halted until the legal questions surrounding jurisdiction and service are properly resolved. The balance of harms thus tilts decisively in favor of granting the requested injunction.

### F. The Public Interest Strongly Favors Granting a Preliminary Injunction

Granting a preliminary injunction in this case aligns with the public interest by affirming the principle that government actors must adhere to constitutional limits, especially when exercising coercive authority over citizens. Preventing the enforcement of void state orders—entered with fraudulent service and without due process safeguards not only Appellant's rights but also the broader public's trust in the rule of law.

The public has a compelling interest in ensuring that courts do not permit continued violations of due process under color of law. Enjoining unconstitutional enforcement actions deters future abuse, reinforces judicial integrity, and promotes accountability within the child support enforcement system and family courts.

Moreover, this case raises fundamental questions of jurisdiction, fairness, and procedural regularity—issues that affect countless others similarly situated. The

requested relief would serve the public good by reinforcing that constitutional rights are not optional, and that no state or agency is above federal constitutional scrutiny.

## V  REQUEST FOR RULING/RELIEF REQUESTED

Appellant respectfully renews his request for ruling on preliminary injunction and respectfully requests that this Court exercise its equitable and constitutional authority to prevent ongoing harm caused by the enforcement of orders that are void for lack of jurisdiction and due process. In light of the facts, legal authority, and constitutional violations described herein, Appellant requests that this Court:

1. Supplement the appellate record with Docket Entries 42 (Exhibits 3 and 4), 43 (Exhibits 4 and 5), 68, 69, and 70 from the federal district court;

2. Take judicial notice under Federal Rule of Evidence 201 of:

   - The absence of any valid, signed income withholding order in the state or federal record;

   - The uncontroverted and unresponded formal demands submitted by Appellant;

   - The procedural deficiencies in the state court docket confirming lack of personal service supported by Section II – DEFICIENT SERVICE AND SUPPORTING EXHIBITS;

   - The relevant factual developments and clarifying the procedural posture of the case supported by Section I – SUPPLEMENTAL FACTS;

3. Issue a preliminary injunction enjoining the continued enforcement of the Massachusetts Probate Court orders relating to support, and income withholding, on grounds that those orders were entered without personal jurisdiction, or due process;

4. Order the return of all funds seized through federal or state enforcement mechanisms under the authority of said void orders, including any income withholding and tax offsets, as necessary equitable relief to restore the status quo and prevent unjust enrichment;

5. Enjoin any further collection or enforcement activity by the Massachusetts Department of Revenue, any Title IV-D agency, the IRS, Treasury Offset Program, or other participating federal or state entities pending final adjudication of the constitutional and jurisdictional issues on appeal;

6. Schedule a hearing or permit limited factual development, if necessary, to clarify irreparable harm and establish the basis for enforcement restraint;

7. Grant such further relief as this Court deems just and proper in the interests of justice and the protection of constitutional rights.

## VI    VERIFICATION

I, Gregory Alvin James Van Etten, hereby declare under the penalty of perjury under the laws of the United States of America that all foregoing statements are true and correct based upon my personal knowledge, information, and belief. Executed this June 23, 2025.

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Appellant
Self-Represented

## Certificate of Service

I, Gregory Alvin James Van Etten, hereby certify that this document **"NOTICE OF SUPPLEMENTAL AUTHORITY PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 28(j) AND REQUEST FOR JUDICIAL NOTICE"** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the appellees' council Nigel Stevens (1st Cir. Bar No. 1218123), Assistant Attorney General, via email to email address on the record, nigel.stevens@mass.gov , on June 23, 2025.

/s/ *Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Appellant
Self-Represented