UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gregory Alvin James Van Etten,<br><br>                                    *Plaintiff,*<br><br>      v.<br><br>Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,<br><br>                                    *Defendants.* | Case No. 4:2024cv40113-DHH |

**EMERGENCY MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY**

**Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]**

**ph: 301-820-5302
email: jim.vanetten@gmail.com**

**Petitioner
Self-Represented**

**EMERGENCY MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY**

NOW COMES Plaintiff, Gregory Alvin James Van Etten, pro se, and respectfully moves this Court for immediate relief under Federal Rule of Civil Procedure 60(b)(4), seeking vacatur of this Court's prior orders—including the denial of preliminary injunctive relief—to the extent they rely on or give effect to facially void state court child support proceedings. This motion does not ask the Court to overturn any state court judgment directly, but rather to recognize that the underlying state orders were entered without personal jurisdiction and cannot serve as a lawful basis for enforcement or deference.

This motion is submitted on an emergency basis due to Plaintiff's ongoing and escalating constitutional injuries, including the loss of employment, deprivation of income necessary to support his family, and continued garnishment of wages and tax refunds—all under color of state court orders that are void for lack of personal jurisdiction. Because the judgment is void ab initio, vacatur is not discretionary but required as a matter of law.

## I  Procedural and Jurisdictional Background

1. The underlying state court orders stem from service by publication that was **fraudulent**—not merely deficient. No affidavit of diligent search, no valid court order authorizing publication, and no record of actual notice were ever filed. The resulting default judgment lacks the basic elements of due process and is void for lack of personal jurisdiction. See *Peralta v. Heights Medical Center*, 485 U.S. 80 (1988); *Pennoyer v. Neff*, 95 U.S. 714 (1878).

   > Furthermore, courts have consistently held that judgments obtained through fraudulent service by publication—where no diligent search was conducted and the affidavit or court approval was either absent or false—are void ab initio for lack of personal jurisdiction. See *Wendt*

*v. Wendt*, 991 P.2d 999 (Colo. App. 1999); *Midland Funding LLC v. Brenner*, 14 N.Y.S.3d 468 (N.Y. App. Term 2015); *SEC v. Tome*, 833 F.2d 1086 (2d Cir. 1987); *United States v. Throckmorton*, 98 U.S. 61 (1878).

2. No judicially authorized income withholding order compliant with **42 U.S.C. § 659(a), 42 U.S.C. § 666(b)(2), or 45 C.F.R. § 302.56(g)** has ever been produced, despite repeated written demands to counsel for the Massachusetts Department of Revenue, including Amy M. Clayman and Joshua Fishbein. The only document issued was an **administrative IWO** signed by the Commissioner or their delegate, which lacks reference to a valid underlying judicial judgment containing the requisite findings or express language authorizing **immediate income withholding**. Under 42 U.S.C. § 666(b), such orders must be based on a court or administrative determination with proper notice and opportunity to contest the withholding. In this case, no such adjudication or service occurred. The continued garnishment of Plaintiff's wages under a facially void instrument constitutes an ongoing violation of due process and is ineligible for enforcement under Title IV-D requirements.

3. On June 6, 2025, Plaintiff filed a Motion to Withdraw and Strike Deficient Service Exhibits (Dkt. 69), asserting these jurisdictional defects and the absence of any valid legal basis for enforcement. Defendants **failed to respond** by the June 20, 2025 deadline, thereby waiving opposition and tacitly admitting no lawful service or order exists.

4. On July 30, 2025, this Court deferred ruling on all dispositive motions pending appellate review. The First Circuit denied the appeal on August 5, 2025, by summary affirmance, returning jurisdiction to this Court to address the unresolved jurisdictional defects under Rule 60(b)(4).

## II  Legal Standard

Relief under Rule 60(b)(4) is mandatory where the judgment is void. A judgment is void when:

- It is entered without personal jurisdiction due to lack of proper service. *Peralta*, 485 U.S. at 84.

- The issuing court lacked authority to impose the relief ordered. *Elliot v. Piersol*, 26 U.S. 328 (1828).

- Continued enforcement violates constitutional due process. *United States v. Throckmorton*, 98 U.S. 61 (1878).

A void judgment "is not entitled to the respect accorded a valid adjudication," and may be attacked "at any time." *Orner v. Shalala*, 30 F.3d 1307, 1310 (Colo. 1994).

## III  Emergency Grounds and Irreparable Harm

Plaintiff has lost employment and continues to suffer financial ruin due to enforcement actions based on facially void state court orders. The IWO and IRS lock-in letter were enforced without judicial authorization and in violation of federal collection statutes. Defendants' silence in the face of Dkt. 69 further confirms that they have no lawful basis for these actions.

Irreparable harm includes:

- Weekly wage garnishments exceeding $1,200;

- Inability to support dependents;

- IRS enforcement via false certifications to the Treasury Offset Program;

- Reputation and career damage due to false reporting.

## IV  Relief Requested

Plaintiff respectfully seeks the following emergency relief:

1. Vacatur of this Court's prior denial of preliminary injunctive relief, to the extent it relied on state child support orders that are constitutionally void for lack of personal jurisdiction;

2. A declaration that the underlying state orders upon which enforcement has been based are void ab initio and not entitled to full faith and credit under federal law, consistent with *Peralta v. Heights Medical Center*, 485 U.S. 80 (1988), and *Elliot v. Piersol*, 26 U.S. 328 (1828);

3. An injunction prohibiting further enforcement actions by any Defendant or their agents based on these void instruments, including but not limited to income withholding orders, tax intercepts, and administrative offsets;

4. An order requiring the immediate return of all funds seized or garnished under color of these void orders, including those transmitted via the Treasury Offset Program and IRS lock-in mechanisms;

5. Leave to amend Plaintiff's complaint to pursue prospective and compensatory relief against all parties and agents involved in the unconstitutional enforcement of void judgments.

## V  Reservation of Rights

Plaintiff expressly reserves the right to pursue prospective claims under 42 U.S.C. § 1983 against all officials, including judicial officers, who continue to enforce void judgments despite actual notice of jurisdictional defects. See *Ex Parte Young*, 209 U.S. 123 (1908); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

4

## VI   Local Rule 7.1 Certification

Plaintiff has not conferred under Local Rule 7.1(a)(2) because the relief requested under Rule 60(b)(4) is jurisdictional, mandatory, and non-discretionary. There are no "narrow issues of disagreement" to confer on.

## VII   Verification

I, Gregory Alvin James Van Etten, hereby declare under the penalty of perjury under the laws of the United States of America that all foregoing statements are true and correct based upon my personal knowledge, information, and belief. Executed this Friday 1st August, 2025.

Respectfully submitted,

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff
Self-Represented

## CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that this document **"EMERGENCY MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)(4) DUE TO VOID ORDERS AND CONTINUING IRREPARABLE INJURY"** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the Defendant's council Nigel Stevens (1st Cir. Bar No. 1218123), Assistant Attorney Generalvia email to his email address on record, nigel.stevens@mass.gov, on Friday 1st August, 2025.

/s/ *Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff
Self-Represented