GREGORY ALVIN JAMES VAN ETTEN,

     Plaintiff,

        v.

STEPHANIE K. FATTMAN, ASHLEY
STEWART, MEGAN L. BROWN, ANGELINA
CONSOLMAGNO, MICHELE CRISTELO,
JENNIFER MELIA, DANIEL M. WRENN,
SERGE GEORGES, JR., MICHAEL S.
DENHAM, WORCESTER PROBATE AND
FAMILY COURT, and CHILD SUPPORT
SERVICES DIVISION,

     Defendants.

C.A. No. 4:24-cv-40113-DHH

Leave to refile granted on July 30, 2025

## <u>DEFENDANTS' MOTION TO DISMISS</u>

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), all Defendants[1] hereby move to dismiss

Plaintiff's Complaint in its entirety, <u>see</u> Dkt. 1, and oppose Plaintiff's Motion for Relief from

Judgment, <u>see</u> Dkt. 79. The Complaint appears to allege several federal claims arising from

Plaintiff's 2007 divorce action in the Worcester Probate and Family Court (the "Probate Court"),

the child-support orders issued against him during that proceeding, collection of payments from

him under those orders by the Child Support Services Division of the Massachusetts Department

of Revenue ("CSS-DOR"), and his unsuccessful attempts to have those orders vacated in both

the Probate Court and other state courts. In addition to the Probate Court and CSS-DOR, the

Complaint brings claims against three state judges (the "Judiciary Defendants"), the Probate

---

[1] The eleven Defendants include the Probate Court, CSS-DOR, three Judiciary Defendants (Hon. Jennifer Melia, Hon. Daniel M. Wrenn, and Hon. Serge Georges, Jr.), four Register Defendants (Stephanie K. Fattman, Ashley Stewart, Megan Brown, and Angelina Consolmagno), and two CSS-DOR Individual Defendants (Michele Cristello and Michael S. Denham).

Court Register and three of her staff members (the "Register Defendants") and two CSS-DOR officials (the "CSS-DOR Individual Defendants"), all in both their official and individual capacities. For relief, the Complaint seeks to vacate the Probate Court's child-support orders, enjoin CSS-DOR from further child-support collection efforts, and millions of dollars in damages "caused by" the Probate Court's orders.

The Complaint must be dismissed, and the Motion for Relief from Judgment must be denied, for several reasons. First, all of Plaintiff's claims against all Defendants—whether in their individual capacities or official capacities, and irrespective of the type of relief sought—are barred by the Rooker-Feldman doctrine and/or Younger abstention principles, and must therefore be dismissed under Fed. R. Civ. P. 12(b)(1). Second, Plaintiff's claims against the Probate Court and CSS-DOR are also barred by the Eleventh Amendment, as are his official-capacity claims for damages or retrospective relief against all nine individual Defendants. Thus, these claims are subject to dismissal under Fed. R. Civ. P. 12(b)(1) on alternative grounds. Third, Plaintiff's individual-capacity claims against the Judiciary and Register Defendants are also barred by absolute judicial or quasi-judicial immunity, and his claims against the CSS-DOR Individual Defendants otherwise fail to state a plausible claim for relief. Thus, all of these individual-capacity claims are subject to dismissal on alternative grounds under Fed. R. Civ. P. 12(b)(6).

In further support of this Motion, Defendants rely on the accompanying Memorandum of Law and exhibits attached thereto and submitted herewith.[2]

---

[2] The referenced exhibits consist of publicly available dockets, filings, judgments, and orders from Plaintiff's underlying divorce action (Van Etten v. Van Etten, Worcester Probate Ct., No. WO07D1562DV1) and other relevant state-court cases (Van Etten v. CSE-DOR, Worcester Super. Ct., No. 2385CV00390; In Matter of Van Etten, Worcester Super. Ct., No. 2485CV00026; CSE-DOR v. Van Etten, Mass. SJC, No. SJ-2023-0477; and CSE-DOR v. Van Etten, Mass. SJC, No. SJ-2024-0115).

WHEREFORE, the Defendants' respectfully request that Plaintiff's Complaint be dismissed in its entirety and with prejudice, and that Plaintiff's Motion for Relief from Judgment be denied or denied as moot.

Respectfully submitted,

STEPHANIE K. FATTMAN, ASHLEY STEWART, MEGAN L. BROWN, ANGELINA CONSOLMAGNO, MICHELE CRISTELO, JENNIFER MELIA, DANIEL M. WRENN, SERGE GEORGES, JR., MICHAEL S. DENHAM, WORCESTER PROBATE AND FAMILY COURT, and CHILD SUPPORT SERVICES DIVISION

By their Attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

_/s/ Nigel Stevens_____
Nigel Stevens (BBO No. 712231)
Assistant Attorney General
Government Bureau/Trial Division
1441 Main Street, 12th Floor
Springfield, MA 01103
Tel.: (413) 523-7788
nigel.stevens@mass.gov

Dated: August 13, 2025

## LOCAL RULE 7.1 CERTIFICATION

I, Nigel Stevens, Assistant Attorney General, hereby certify that, pursuant to Local Rule 7.1(a)(2), I have conferred with *pro se* Plaintiff Gregory Alvin James Van Etten on August 11, 2025, in a good faith effort to narrow the issues presented in Defendants' Motion, but the parties were unable to reach any agreement. Additionally, prior counsel for Defendants, John L. Potapchuk, conferred with Plaintiff Van Etten by telephone about the same on November 12, 2024.

_/s/ Nigel Stevens_____
Nigel Stevens
Assistant Attorney General

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I, Nigel Stevens, hereby certify that on this day, August 13, 2025, this document, and any exhibits and attachments thereto, has been filed through the CM/ECF system, so as to result in service upon all participants registered as ECF users by transmission of a Notice of Electronic Filing (NEF).

*/s/ Nigel Stevens*
Nigel Stevens
Assistant Attorney General