# Exhibit 5

# Commonwealth of Massachusetts
## The Trial Court
### Probate and Family Court Department

**Worcester Division**        **Docket No. 07D1562-DV1**

## Judgment Of Divorce Nisi in Counterclaim

**Shelley VanEtten**, Plaintiff/Defendant in Counterclaim
of **Hardwick** in the County of **Worcester**

v.

**Gregory James VanEtten**, Defendant/Plaintiff in Counterclaim
of **Hardwick** in the County of **Worcester**

All persons interested having been notified in accordance with the law, and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted the said Plaintiff in Counterclaim for the cause of **irretrievable breakdown** as provided by Chapter 208, section 1B, and that upon and after expiration of ninety days from the entry of this judgment, it shall become and be absolute unless, upon the application of any person within such a period, the Court shall otherwise order. It is further ordered that the separation agreement attached hereto shall be incorporated into and made a part of this Judgment and shall survive independent of same, except as to provisions relating to children and alimony which shall merge.

The Court makes the following further findings:

1. The agreement between the parties is voluntary and is not the product of coercion.
2. The agreement is fair and reasonable.
3. Both parties accept the agreement as a full and final division of marital assets.
4. The agreement makes proper provisions for custody; for support and maintenance; for alimony; and for disposition of marital property.

Dated: January 22, 2008

Absolute: April 22, 2008

Justice of Probate and Family Court
Gregory V. Roach

c.g.f.

 

## COMMOMWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

WORCESTER, SS.

PROBATE AND FAMILY COURT
DEPARTMENT
DOCKET NO. 07D1562DV1

GREGORY J. VANETTEN,　　　)
　　Plaintiff in Counterclaim　　)
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　) **SEPARATION AGREEMENT**
　　　　　　　　　　　　　　)
SHELLEY VANETTEN,　　　　)
　　Defendant in Counterclaim　)

---

This MARITAL AGREEMENT is entered into this 22 day of January, 2008 by Gregory J. VanEtten (the Husband) of Shelbyville, Tennessee and Shelley VanEtten (the Wife), of Hardwick, Massachusetts.

### RECITALS

A. HUSBAND and WIFE were married in Edmonton, Alberta, Canada on August 28, 1998 and last lived together at Hardwick, Massachusetts.

B. HUSBAND and WIFE have been living apart from each other as Husband and Wife since July 3, 2007.

C. There are four (4) minor children born of the marriage, whose names and dates of birth are:

| | | | |
|---|---|---|---|
| S▇▇ VanEtten | ▇▇ 1995 | B▇▇ VanEtten | ▇▇ 1997 |
| J▇▇ VanEtten | ▇▇ 2001 | C▇▇ VanEtten | ▇▇ 2003 |

D. HUSBAND and WIFE desire by this AGREEMENT to confirm their separation, and to settle between themselves all questions pertaining to their respective property rights, the support and maintenance of the WIFE, and the HUSBAND, the support, care and custody of the minor children, and all other rights and obligations arising from their marital relationship, all as more fully set forth herein.

**NOW, THEREFORE**, in consideration of the mutual promises, agreements and covenants hereinafter contained, the HUSBAND and WIFE agree as follows:



## ARTICLE I

## SEPARATION

From the date hereof, the HUSBAND and WIFE may continue to live separate and apart from one another for the rest of their lives.

## ARTICLE II

## WAIVER OF ESTATE CLAIM

The HUSBAND and WIFE each hereby waives any rights at law or in equity to elect to take under a Last Will made by the other, including all rights of dower or of curtesy, and hereby waives, renounces, and relinquishes unto each other, their respective heirs, executors, administrators, and assigns forever, all and every interest of any kind or character which either may now have or may hereafter acquire in or to any real or personal property of the other and whether now owned or hereafter acquired by the other.

The HUSBAND and WIFE shall each have the right to dispose of his or her property by Will, or otherwise, in such manner as each may in his or her uncontrolled discretion deem proper and neither will claim any interest in the estate of the other.

## ARTICLE III

## EXPENSES, DEBTS AND OBLIGATIONS OF THE MARRIAGE

A. The HUSBAND and WIFE hereby mutually release and forever discharge each other from any and all actions, suits, debts, claims against each other's property (it being the intention of the parties that henceforth there shall exist as between them only rights and obligations as are specifically provided for in this AGREEMENT and in any subsequent judgments entered by a Court of competent jurisdiction).

B. The WIFE warrants, represents, and agrees that she will not hereafter contract or incur any debt, charge or liability whatsoever for which the HUSBAND, his legal representative, or his property or estate, will or may become liable.

The WIFE further covenants at all times to hold the HUSBAND free, harmless, and indemnified from and against all debts, charges or liabilities hereafter contracted or incurred by her in breach of the provisions of this paragraph and from any and all attorney's fees, costs and expenses incurred by the HUSBAND as a result of any such breach.

C. The HUSBAND warrants, represents and agrees that he will not hereafter contract or incur any debt, charge or liability whatsoever for which the WIFE, her legal representatives, or her property or estate, will or may become liable.

The HUSBAND further covenants at all times to hold the WIFE free, harmless, and indemnified from and against all debts, charges or liabilities hereafter contracted or incurred by him in breach of the provisions of this paragraph and from any and all attorney's fees, costs and expenses incurred by the WIFE as a result of any such breach.



# ARTICLE IV

# GENERAL PROVISIONS

The following provisions shall be effective upon execution of this AGREEMENT except to the extent they are expressly or by necessary implication modified or rendered inapplicable by the foregoing articles of this AGREEMENT.

### A. Divorce Proceedings

This AGREEMENT shall be exhibited to the presiding judge before whom any separation or divorce proceedings shall be heard. In the event that either party should elect to institute such proceedings, accompanied by the joint request of the parties that the Court make a determination that its provisions were fair and reasonable, that the AGREEMENT was not the product of fraud or coercion, that the parties were independently represented by counsel of their own choice, or by themselves, pro se, that the parties had a clear understanding and appreciation of the terms and conditions of said AGREEMENT, and that the parties clearly agreed on the subject of inter spousal support and division of property and understood that the AGREEMENT should be specifically enforceable by either party.

### B. Legal Status of Agreement

It is understood and agreed by the parties that the provisions of this AGREEMENT with respect to the HUSBAND'S and WIFE'S marital rights to a division of marital assets and liabilities under Massachusetts General Laws, Chapter 208, Section 34, shall be conclusively binding upon the HUSBAND and the WIFE and shall have independent legal significance and shall survive the judgment of the Court as incorporated and shall be specifically enforceable by either party in any Court of competent jurisdiction.

It is the intention of the parties that the Probate and Family Court shall continue to maintain its jurisdiction over the parties as it pertains to issues involving the support of the Wife and the minor children of the marriage. All provisions within this AGREEMENT relating to issues of the support of the Wife and the minor children shall be incorporated and merged into the judgment of the Court, including but not limited to spousal support for the Wife, health insurance for the Wife, children support, custody, visitation, college education, medical and dental expenses.

The HUSBAND and the WIFE agree that except as otherwise specifically provided in this Agreement, all property of any kind hereafter acquired by the HUSBAND or by the WIFE shall constitute and be the sole and separate property of the person by whom said property is acquired. All property of any kind heretofore acquired and owned by the HUSBAND and by the WIFE shall remain the property of such person except as otherwise specifically provided herein.

### C. Voluntary Execution

The parties acknowledge that they are entering into this AGREEMENT freely and voluntarily, that they have ascertained and weighed all the facts and circumstances likely to influence their judgment here, and that they have had the opportunity to:



1. obtain legal advice independently of each other; and
2. have all the provisions hereof as well as all questions pertinent hereto fully and satisfactorily explained to them, that they have given due consideration to such provisions and questions and that they clearly understand and assent to all of the provisions hereof.

**D.** *Strict Compliance*

The failure of the HUSBAND or of the WIFE to insist in any instance upon the strict performance of any of the terms hereof shall not be construed as a waiver of such term or terms for the future, and the same nevertheless shall continue in full force and effect.

**E.** *Documents*

Whenever called upon to do so by the other party, each party shall forthwith execute and deliver to or for the other party without consideration, any and all deeds, assignments, bills of sale or other instruments that may be necessary or convenient to carry out the provisions of this AGREEMENT, or that may be required to enable the other party to sell, encumber, hypothecate, or otherwise dispose of the property now or hereafter owned or acquired by such other party.

**F.** *Notice*

Service of any and all notices of every kind in connection with the operation, interpretation and enforcement of this AGREEMENT shall be made upon each party at his or her last known address. Notice at a party's former address shall be effective for all purposes until the other party has been notified of the new address.

## ARTICLE V

## SPECIFIC PROVISIONS

**A.** *Alimony*

The HUSBAND hereby waives any and all rights to alimony from the Wife, past, present or future, which he may have at law or in equity in this or in any other jurisdiction. The Wife hereby waives her rights to alimony from the Husband past and present but does not waive her rights to future alimony at law or in equity in this or in any other jurisdiction.

**B.** *Marital Debt*

*The parties have the following joint debt that were incurred during the marriage for marital purposes:*

███████████ Credit Union overdraft on account # ███████ approx. $███████ plus interest and fees
███████████ Credit Union overdraft on account # ███████ approx. $███ plus interest and fees.

The Husband has filed a petition in bankruptcy in Tennessee seeking to be discharged from these and other debts as listed below which include these debts. The above debts are the only debts in the Wife's name and she will not be seeking to discharge these debts in

bankruptcy. At the time of the approval of this agreement by the court, the Husband shall pay to the Wife the sum of $1,000.00 representing his portion of these debts and the Wife shall be responsible for and pay these overdraft obligations owed to ▮▮▮▮▮▮▮▮ Credit Union.

The HUSBAND and the WIFE respectively warrant, represent and agree that neither will hereafter contract or incur any debt, charge or liability whatsoever for which the other, their respective legal representatives or their respective property or estates will, or may, become liable. Except as otherwise provided above, the parties acknowledge that they currently have no outstanding joint liabilities incurred during the marriage excepting those which have been divided and appear on their individual Financial Statements, or within the provisions of this document.

The HUSBAND and WIFE acknowledge the following debt. The HUSBAND has a bankruptcy action pending which was filed in Tennessee.

| | Creditor | Account # | Amount Due |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |
| 14. | | | |
| 15. | | | |
| 16. | | | |
| 17. | | | |
| 18. | | | |
| 19. | | | |

The parties agree that any other indebtedness incurred during the marriage with the exception of the overdraft charges owed to ▮▮▮▮▮▮▮▮ Credit Union as set forth above by either the HUSBAND or the WIFE shall be the full and sole responsibility of the party incurring said liability. Both the HUSBAND and the WIFE further covenant at all times to hold the other free, harmless and indemnified from and against all debts, charges or liabilities

previously contracted or incurred or hereafter contracted or incurred in breach of the provisions of this paragraph, and from any and all attorney's fees, costs and expenses incurred as a result or any such breach.

C. **Retirement Assets**

*The Husband has liquidated a* ▮▮▮▮ *Retirement Saving Plan worth about $* ▮▮ *After taxes, the Husband netted about $* ▮▮. *The Husband has had the full use and enjoyment of these funds with the exception of $* ▮▮ *that was deposited to a joint checking account and used to pay marital expenses incurred prior to the separation. The Wife shall have no further claim to this retirement account or the proceeds from said account.* THE HUSBAND HAS ALSO LIQUIDATED THE HANOVER CASH BALANCE ~~The Wife shall receive the Husband's Hanover Insurance Group Cash Balance~~ PLAN. ~~Pension Plan by QDRO or other tax free transfer and the Husband waive all rights, title and interest in that account.~~ SEE ATTACHED

*Any other retirement accounts held by either party shall be divided equally by QDRO or other tax free transfer, including but not limited to the Husband's Canadian pension.*

D. **Taxes**

For the calendar and tax year beginning January 1, 2007, the parties shall file separate returns. The HUSBAND shall be entitled to claim the dependency exemption for the four minor children for 2007 provided he is current in his child support by the date set forth in paragraph I. Below. The Husband shall be entitled to claim the four children as dependents in 2008 and subsequent years provided he is current in his child support obligations (including his obligations to contribute to education expenses, maintain health dental and vision insurance for the children and pay 50% of the children's uninsured health related expenses) by December 31st of each year and further provided the Wife's taxable income is $20,000 or less for that tax year. The Wife shall execute the forms necessary for the Husband to claim the exemptions in each year in which he is entitled. IF the Wife has taxable income of over $20,000 in any tax year, the parties shall allocate the dependency exemptions as they mutually agree or as ordered by the court on a Complaint for Modification.

E. **Personal Property**

Except as otherwise provided below, the HUSBAND and WIFE agree that they shall divide all of their tangible personal property, to their mutual satisfaction, and the tangible personal property remaining in the name or possession of a party shall be his or hers absolutely, and the other party shall have no further claim thereto.

The Wife shall receive title to the Williamsburg Virginia Timeshare that has no indebtedness and she shall be responsible for all expenses associated with same. The Husband shall execute all documents necessary to convey that time share to the Wife free and clear of any claim of the Husband.

The HUSBAND hereby waives any right, title or interest he may have in the assets of the WIFE as set forth in the WIFE'S Financial Statement, including the personal injury settlement or recovery the Wife may receive as the result of an accident that occurred on or about 5/20/04 and except as otherwise provided in this agreement.

The WIFE hereby waives any right, title or interest he may have in the assets of the HUSBAND as set forth in the HUSBAND'S Financial Statement, except as otherwise provided in this agreement.

The parties shall retain and be responsible for the expenses of the vehicles in their possession, thereby indemnifying and holding the other harmless in the case of any mutual debt associated with the vehicle.

The HUSBAND and the WIFE agree that except as otherwise specifically provided in this Agreement, all property of any kind hereafter acquired by the HUSBAND or by the WIFE shall constitute and be the sole and separate property of the person by whom said property is acquired.. All property of any kind heretofore acquired and owned by the HUSBAND and by the WIFE shall remain the property of such person except as otherwise specifically provided herein.

Henceforth, each of the parties shall own, have and enjoy, independently of any claim or right of the other party, all items of personal property of every kind, nature or description which is now owned or possessed by him or her with full power of him or her to dispose of the same as fully and effectually in all respects and for all purposes as if he or she were unmarried.

### F. *Real Property*

The marital residence located at 247 Collins Road in Hardwick, Massachusetts is held in the name of both HUSBAND and WIFE. Neither party shall be responsible for the mortgage on the property and expect it to go into foreclosure.

### G. *Medical Insurance*

The Husband shall be responsible for and provide medical, dental and vision insurance for the benefit of the party's unemancipated children. He presently covers the children under the following policies: _Aetna (CHI)_, _Delta Dental (DE)_, and _____ (VI). The Husband shall not change these policies without the Wife's prior written approval, which approval shall not be unreasonably withheld.

The Husband shall be responsible for his own policies of insurance.

The Husband represents that the Wife is not eligible for coverage under the policies currently offered by the Husband's employer. Should the Wife become eligible at any time in the future for coverage under any policies available to the Husband, he shall elect said coverage to include the Wife.

The HUSBAND and the WIFE will each be responsible for payment of his or her own uninsured medical and/or dental expenses.

The HUSBAND and WIFE agree that they shall equally share the expense of any reasonable and ordinary uninsured medical, dental, orthodonture, eye care, prescription and counseling expenses for the minor children. The Husband shall reimburse the Wife for any expenses within 15 days of receipt of the documentation regarding the expense.



### H. Custody and Visitation

It is agreed by and between the parties that the WIFE shall have physical and the HUSBAND and WIFE shall share joint legal custody of the minor children and that the HUSBAND shall have parenting time with the minor children as follows:

1. Three weeks visitation during each summer vacation;
2. Christmas vacation in odd numbered years beginning with this year, 2007;
3. February vacation in odd numbered years beginning in 2009;
4. At all other reasonable times as the parties may agree.

The Husband is presently residing in Tennessee and this visitation schedule shall apply so long as the Husband is residing in that state. Should the Husband move from Tennessee, either party shall have the right to petition the Massachusetts courts for a modification of the parenting schedule.

The Husband shall provide and/or pay for the costs of transporting the children to and from the Mother's home and his home for his visitation periods. The Husband shall advise the Wife of his residential address and a phone number for contacting the children and she shall be entitled to telephone contact with the children once daily during the Father's visitation time with the children.

The parties shall confer with each other concerning all major child rearing decisions involving the health and education of the children with the intent to adopt a harmonious policy best calculated to promote the welfare of the children.

Neither the HUSBAND nor the WIFE shall attempt, or condone any attempt, to estrange the children from the other, or to impair or impede the respect or affection of the children for the other, but on the contrary shall at all times encourage and foster in the children respect and affection for both parents. In the event of any illness of the children, the parent with whom the children is then staying shall immediately notify the other parent, and such parent shall have the right to visit with the children during any such illness.

The parties shall maintain free access and unhampered contact between the children and the other party including uninterrupted and private telephone conversations. Neither party shall do anything which may estrange the children from the other party, or injure the opinions of the children as to their mother or father, or which may hamper the free and natural development of the children's love and respect for the other party.

### I. Child Support

The HUSBAND shall pay to the WIFE the amount of $ 585 ~ per week in child support effective the date of _Jan 22_, 2008 and weekly thereafter until all of the children become emancipated as defined below. *(see below)
The Husband presently owes the Wife ~~the sum of $~~ _____ ~~in support arrearage~~. This amount shall be paid at the rate of $ 100 ~ per week commencing on February 1, 2008 and weekly thereafter until it is paid in full. All support payments, including payments on arrearage shall be paid through DOR/CSE.

The parties agree to annually review the Husband's child support obligations by exchanging W-2's 1099 forms and Federal and state income tax returns by May 1st of each year.

*The sum of $2350 ~ plus $335/wk for the weeks the Husband has been employed by Gaylord Entertainment through Jan 22, 2008. Husband to provide documentation for employment as to start date [illegible] 2/1/08



If the parties are unable to agree on a modified amount of child support, either party may submit the issue to the court on a Complaint for Modification..

J.  **Life Insurance**

~~The Husband shall maintain no less than $100,000 in term life insurance on his life naming the Wife as beneficiary until her death, her remarriage or the death of the Husband.~~ The Husband shall also maintain no less than $300,000 in term life insurance on his life naming the Wife as beneficiary in trust for the day to day support, education, welfare and happiness of the children until all the children are emancipated. The Husband shall provide the Wife with proof of the existence of this life insurance no later than March 1, 2008.

K.  **Emancipation**

With respect to the minor children, emancipation shall occur or be deemed to have occurred upon the earliest happening of any of the following:

1. Attaining the age of eighteen (18) years or completion of the children's high school academic year, whichever occurs later, except that emancipation shall not occur if the children is engaged in an accredited post secondary program on a full-time basis;
2. Marriage (even though such marriage may be void or voidable and despite its annulment);
3. Death;
4. Entry into the military service of the United States;
5. Engaging in full-time employment after the age of eighteen (18) except when such employment occurs during periods of academic vacations;
6. In no event shall emancipation occur after the 23rd birthday, or the attainment of a bachelor's degree;

L. **Education Expenses**

~~Each party shall pay 50% of the costs for the children to attend the Faith Baptist Church Academy or its reasonable equivalent. Costs shall be the tuition, fees, and books and supplies.~~

The parties shall share the cost of the children's post secondary educations expenses based on their financial circumstances at the time. Post secondary education expenses shall include tuition, room and board, fees, books and academic supplies, and the costs of transportation to an from the institution at term breaks. If the parties are unable to agree on the allocation of the costs of the children's post-secondary education expenses, either party may submit the issue to the court for resolution on a Complaint for Modification.

## ARTICLE VI

## MISCELLANEOUS PROVISIONS

A.  The HUSBAND and WIFE have incorporated in this AGREEMENT their entire understanding. No oral statement or prior written matter extrinsic to this AGREEMENT shall have any force or effect. Neither the HUSBAND nor the WIFE has relied upon, or is relying upon, any representations, promises or warranties, other than those expressly set forth herein.

B. In the event that any part of this AGREEMENT shall be held invalid, such invalidity shall not invalidate the whole AGREEMENT but the remaining portions of this AGREEMENT shall continue to be valid and binding to the extent that such provisions continue to reflect fairly the intent and understanding of the parties.

C. Each party covenants and agrees with the other to indemnify and hold the other harmless from any loss, cost or expense incurred in the event that any claim is made by either party against the other in contravention of the terms of this AGREEMENT. Such indemnification shall include, but not be limited to, any and all reasonable attorney's fees and expenses that a party may incur to enforce the provisions of this AGREEMENT in any Court of competent jurisdiction.

D. This AGREEMENT shall be governed by and construed and enforced in accordance with the laws of the Commonwealth of Massachusetts.

E. This AGREEMENT shall not be altered or modified except by an instrument signed and acknowledged by the HUSBAND and WIFE, or by further Order of the Court.

F. This AGREEMENT shall be binding upon and shall inure to the benefit of the parties hereto, their respective heirs, executors, administrators and/or assigns.

_____  _____
Gregory James VanEtten              Shelley VanEtten

COMMONWEALTH OF MASSACHSUETTS

Worcester, ss                                              Jan 22, 2008

On this 22nd day of January 2008, before me, the undersigned notary public, personally appeared Gregory James VanEtten, personally known by the notary, to be the person whose name is signed on the preceding or attached document in my presence.

Notary Public Rebecca R. Thompson
My commission expires: 10/18/2003

COMMONWEALTH OF MASSACHSUETTS

Worcester, ss                                              January 22, 2008

On this 22 day of Jan, 2008, before me, the undersigned notary public, personally appeared Shelley VanEtten personally known by the notary, to be the person whose name is signed on the preceding or attached document in my presence.

Notary Public
My commission expires: 1-20-10