# Exhibit 12

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
CIVIL ACTION
No. 23-00390B

## GREGORY J. VAN ETTEN

vs.

## CHILD SUPPORT ENFORCEMENT DIVISION, MASSACHUSETTS DEPARTMENT OF REVENUE

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

The defendant, the Child Support Enforcement Division of the Massachusetts Department of Revenue (defendant or DOR), moves to dismiss the complaint filed against it by the pro se plaintiff, Gregory J. Van Etten (plaintiff). The plaintiff, meanwhile, moves for a preliminary injunction. The court held a hearing on this matter on August 29, 2023. For the reasons discussed below, the court allows the defendant's motion to dismiss and denies the plaintiff's motion for a preliminary injunction.

The plaintiff's complaint is difficult to follow but it appears he is claiming that the defendant's efforts to enforce and collect on a child support order against the plaintiff violated his rights under 18 U.S.C. §§ 242, 245 and 42 U.S.C. § 1983. The plaintiff also alleges stalking and harassment in connection with the same enforcement activities. The plaintiff claims he cannot be subject to legal process without consent and is not subject to collection of child support under 42 U.S.C. § 654(3) for various reasons including because he is not a member of the uniformed services or a federal employee.

The DOR moves to dismiss the plaintiff's complaint under Mass. R. Civ. P. 12(b)(1) and 12(b)(6). The court agrees with the DOR that the complaint must be dismissed under Mass. R.

Entered and Copies Mailed 11/7/23

Civ. P. 12(b)(1) where the Superior Court lacks subject matter jurisdiction. See Mass. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"Subject matter jurisdiction is jurisdiction over the nature of the case and the type of relief sought." *Ten Persons of the Commonwealth* v. *Fellsway Dev. LLC*, 460 Mass. 366, 375 (2011) (quotation, ellipsis, and citation omitted). "[A] judge may consider documents and other materials outside the pleadings that are not affidavits when ruling on a rule 12(b)(1) motion." *Callahan* v. *First Congregational Church of Haverhill*, 441 Mass. 699, 710 (2004), overruled on other grounds by *Temple Emanuel of Newton* v. *Mass. Comm'n Against Discrimination*, 463 Mass. 472, 478 (2012). It is the plaintiff's burden to prove jurisdictional facts. *Williams* v. *Episcopal Diocese of Mass.*, 436 Mass. 574, 577 n.2 (2002), overruled on other grounds by *Temple Emanuel of Newton*, 463 Mass. at 478.

The DOR "administers the State child support program and is the Commonwealth's sole, so-called IV-D agency." *Department of Revenue Child Support Enforcement* v. *Grullon*, 485 Mass. 129, 133 (2020). In this role, it provides services for establishing, modifying, and enforcing child support obligations. *Id.*, citing G. L. c. 119A, § 1A. These services include collecting and disbursing child support payments. G. L. c. 119A, § 2(a). See *Department of Revenue* v. *C.M.J.*, 432 Mass. 69, 72 n.7 (2000) (noting that DOR collects child support payments); *Gray* v. *Commissioner of Revenue*, 422 Mass. 666, 673 n.10 (1996) (same).

The Probate and Family Court docket and the June 16, 2009 judgment of modification provided by the DOR demonstrate that in case no. WO07D1562DV1, the plaintiff agreed to make child support payments to his now ex-wife, Shelley Van Etten, as a part of their divorce. Accordingly, any challenge to amounts owed under that order must be heard in the Probate and

2

Family Court, not the Superior Court.[1] See G. L. c. 119A, § 6(c) (judicial review must be sought "within 45 days in the court where the order or judgment was issued or registered"); *Gray*, 422 Mass. at 673-674 (discussing Probate Court's power to order DOR "to fulfill its statutory duty"). Where the Superior Court lacks jurisdiction over this matter, the DOR's motion to dismiss must be allowed.

Alternatively, to the extent the plaintiff is challenging more broadly the DOR's legal authority to enforce and collect against him payment pursuant to a child support order, it is clear as a matter of law that the DOR has the power to do so. See G. L. c. 119A, § 2(a) (child support enforcement services include collecting and disbursing payments). Therefore, dismissal under Mass. R. Civ. P. 12(b)(6) would also be appropriate. Cf. *Naranjo* v. *Department of Revenue*, 63 Mass. App. Ct. 260, 266-267 (2005) (Superior Court could hear claims outside of G. L. c. 119A, § 6, seeking declarations as to right to hearing and administrative review).

In light of the above, the plaintiff's motion for a preliminary injunction to stop the DOR's collection efforts is denied as moot.

## ORDER

For the foregoing reasons, it is hereby **ORDERED** that the defendant's motion to dismiss is **ALLOWED** and the plaintiff's motion for a preliminary injunction is **DENIED.**

Karen L. Goodwin
Justice of the Superior Court

DATED: November 6, 2023

---

[1] In his response to the motion to dismiss, the plaintiff notes that on March 20, 2023, the Probate and Family Court rejected paperwork he sent because it was "not in the scope for filing with Probate and Family Court." This court can only speculate as to the contents of his filing that caused such rejection, which does not impact this court's conclusion that it lacks subject matter jurisdiction over the claim before it.

3