| | |
|---|---|
| Gregory Alvin James Van Etten, *Plaintiff,* v. Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division, *Defendants.* | Case No. 4:2024cv40113-MRG |

# PLAINTIFF'S JUDICIAL NOTICE OF CONSTITUTIONAL PRIORITY, NON-CONSENT TO MAGISTRATE JURISDICTION, AND REQUEST FOR IMMEDIATE RULING ON RULE 60(b)(4) MOTION AND SEPARATE RULING ON ECF 69 PRIOR TO DEFENDANTS' MOTION TO DISMISS

**Gregory Alvin James Van Etten**
**c/o: 1530 P B LN #V1425**
**Wichita Falls, Texas [76302]**

**ph: 301-820-5302**
**email: jim.vanetten@gmail.com**

**Petitioner**
**Self-Represented**

TO: The Honorable David H. Hennessy, United States Magistrate Judge

1. **Introduction**

Plaintiff, Gregory Alvin James Van Etten, pro se, respectfully files this Judicial Notice in light of District Judge Guzman's August 14, 2025 referral order (ECF No. 97) transferring several pending motions, including Plaintiff's Emergency Motion for Relief from Judgment Under Rule 60(b)(4) (ECF No. 79) and Motion to Withdraw and Strike Deficient Service Exhibits (ECF No. 69), to Your Honor for report and recommendation.

Plaintiff hereby does not consent to magistrate jurisdiction for final disposition under 28 U.S.C. § 636(c). This matter must return to an Article III judge for any final ruling.

2. **Procedural Posture**

The referral order bundles together:

- **ECF 79** – Emergency Rule 60(b)(4) Motion (void orders; continuing irreparable injury)
- **ECF 93** – Motion to Set Sequencing and Priority of Rule 60(b)(4) Motion
- **ECF 82** – Emergency Motion to Expedite Ruling on Rule 60(b)(4) Motion
- **ECF 69** – Motion to Withdraw and Strike Deficient Service Exhibits
- **ECF 91** – Defendants' Motion to Dismiss

ECF 69 remains pending; it has not been denied, with or without prejudice. Because ECF 69 concerns the removal of facially fraudulent service documents that directly bear on jurisdiction, Plaintiff respectfully requests **a separate ruling or report** on this motion to ensure its resolution is not procedurally diluted.

Plaintiff further notes that the docket reflects **expedited consideration of certain defense motions**—including motions for excess pages—while Plaintiff's jurisdictional motions (ECF 79, ECF 69) have remained pending without resolution. This pattern risks creating **procedural prejudice** by enabling Defendants to advance their litigation posture while threshold constitutional defects remain unaddressed.

3. **Constitutional Priority**

The Rule 60(b)(4) motion challenges the validity of all underlying state-court orders on the grounds that:

- Fourteenth Amendment: Orders were entered without lawful notice, service, or opportunity to be heard.

- Fourth Amendment: Income and property have been seized absent a valid, properly served order.

- Fifth Amendment: Ongoing deprivation of property and liberty interests without due process.

These defects go to the heart of the Court's subject-matter and personal jurisdiction. A judgment entered without jurisdiction is void and must be vacated, and such a defect may be raised at any time. Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 23 (1st Cir. 1992) (citing Lubben v. Selective Serv. Sys. Local Bd. No. 27, 453 F.2d 645, 649 (1st Cir. 1972)).

4. **Ongoing Irreparable Harm**

Each day of delay allows Defendants to continue garnishments, negative credit reporting, and other enforcement actions based on facially void orders. This constitutes irreparable harm under settled equitable standards. See *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

## 5. Request for Immediate Action

Plaintiff respectfully requests that Your Honor:

1. Prioritize adjudication of ECF No. 79 before issuing any recommendation on ECF No. 91;

2. Issue a **separate report and recommendation** on ECF No. 69 to address the fraudulent service exhibits without delay;

3. Recognize that further delay in addressing Plaintiff's jurisdictional motions, while acting on Defendants' motions, would compound procedural prejudice and irreparable constitutional harm;

4. Expedite briefing or decision to mitigate ongoing injury.

## 6. Local Rule 7.1 Compliance

To the extent Local Rule 7.1(a)(2) applies to motions embedded in this Judicial Notice, Plaintiff states that the relief requested is procedural and jurisdictional in nature, arising directly from the Court's own referral order. The undersigned has attempted in good faith to confer with opposing counsel on related motions, but no substantive Local Rule 7.1 conference occurred regarding the sequencing, priority, or separate disposition of ECF No. 69 and ECF No. 79.

## 7. Reservation of Rights

Nothing in this Judicial Notice shall be construed as waiving any constitutional claim, procedural objection, or appellate right, including the right to seek mandamus or certiorari should this Court decline to resolve the Rule 60(b)(4) motion and ECF No. 69 as threshold matters.

Respectfully submitted

*/s/ Gregory Alvin James Van Etten*
---
Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff
Self-Represented

## CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that this document **"PLAINTIFF'S JUDICIAL NOTICE OF CONSTITUTIONAL PRIORITY, NON-CONSENT TO MAGISTRATE JURISDICTION, AND REQUEST FOR IMMEDIATE RULING ON RULE 60(b)(4) MOTION AND SEPARATE RULING ON ECF 69 PRIOR TO DEFENDANTS' MOTION TO DISMISS** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the Defendant's counsel Nigel Stevens (1st Cir. Bar No. 1218123), Assistant Attorney Generalvia email to his email address on record, nigel.stevens@mass.gov, on Thursday 14th August, 2025.

/s/ *Gregory Alvin James Van Etten*

---

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff
Self-Represented