UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY J. VAN ETTEN<br>   Plaintiff,<br><br>v.<br><br>STEPHANIE K. FATTMAN, ET AL.,<br>   Defendants. | Civil Action No.<br>4:24-40113-MRG |

## REPORT AND RECOMMENDATION

August 26, 2025

**HENNESSY, M.J.**

  On December 10, 2024, the undersigned issued a Report & Recommendation recommending Plaintiff Gregory Van Etten's Emergency Motion to Stay Income Withholding Order and First Motion for Preliminary Injunction be denied because I found Van Etten was unlikely to succeed on the merits and the balance of hardships and public interest weighed against granting emergency relief. Docket # 45. After Van Etten objected to the Report & Recommendation, and Defendants replied, Dockets # 47, 48, District Judge Guzman adopted the Report & Recommendation in full on January 22, 2025. Docket # 51. Van Etten filed an appeal in the First Circuit Court of Appeals. See Van Etten v. Fattman et al., No. 25-1095 (1st Cir). The Court of Appeals issued a decision affirming Judge Guzman's order on July 31, 2025. Id. On August 1, 2025, Van Etten filed an Emergency Motion for Emergency Relief from Judgment Under Rule 60(b)(4) Due to Void Orders and Continuing Irreparable Injury. Docket # 79. He subsequently filed a motion on August 4, 2025 asking the Court to promptly rule on his August 1 motion for relief from judgment (Docket # 82) and, after Defendants filed a motion to dismiss on

August 13, 2025 (Docket # 91), Van Etten filed a motion asking the court to consider his motion seeking relief from judgment before or contemporaneously with Defendants' motion to dismiss. Docket # 93. Van Etten filed another motion asking the Court to issue a prompt ruling on his Rule 60(b)(4) motion on August 21, 2025. Docket # 108. Judge Guzman has referred this case to me for full pretrial and dispositive motions pursuant to 28 U.S.C. § 636(b). See Docket # 106. For the reasons that follow, I recommend that Van Etten's motion at Docket # 79 be denied and the motions at Dockets # 82, 93, and 108 be denied as moot.

In Van Etten's motion for emergency relief from judgment under Rule 60(b)(4), he requests that the Court vacate its prior decision denying preliminary injunctive relief "to the extent it relied on state child support orders that are constitutionally void for lack of personal jurisdiction," declare that the underlying state court orders are void, enjoin Defendants from "further enforcement actions . . . based on these void instruments," and grant leave to amend the complaint to add additional parties "involved in the unconstitutional enforcement of void judgments." Docket # 79 at 4.

Federal Rule of Civil Procedure 60(b)(4) provides that a court "may relieve a party . . . from a final judgment, order, or proceeding" where "the judgment is void." "There are only two sets of circumstances in which a judgment is void (as opposed to voidable). The first is when the rendering court lacked either subject matter jurisdiction or jurisdiction over a defendant's person. The second is when the rendering court's actions so far exceeded a proper exercise of judicial power that a violation of the Due Process Clause results." Carrasquillo-Serrano v. Municipality of Canovanas, 991 F.3d 32, 39 (1st Cir. 2021) (quoting Farm Credit Bank v. Ferrera-Goitia, 316 F.3d 62, 67 (1st Cir. 2003)). Van Etten does not argue in any of his motions before the Court that this Court lacks jurisdiction over his claims—in fact, he filed suit in this Court and asks it to

exercise jurisdiction over his claims—or that this Court has exceeded the "proper exercise of judicial power that a violation of the Due Process Clause results." Id.  He therefore fails to demonstrate how this Court's decision denying him emergency relief is void, warranting relief from judgment under Rule 60(b)(4).  For that reason, I recommend that the motion filed at Docket # 79 be denied[1] and that the motions filed at Dockets # 82, 93, and 108, which ask the Court to promptly rule on his Rule 60(b)(4) motion, be denied as moot.

Further, Van Etten is ORDERED to cease making filings on the docket until the undersigned issues a Report and Recommendation on Defendants' motion to dismiss, except that Van Etten may file an objection to this Report and Recommendation but is limited to doing so in a single filing.  In the past four months, Van Etten has docketed approximately 30 filings in this case, many of which repeat and reallege arguments and requests for relief submitted in previous filings.  The undersigned has discretion to manage its docket effectively and efficiently.  Rivera-Aponte v. Gomez Bus Line, Inc., 62 F.4th 1, 3 (1st Cir. 2023).  Therefore, the Van Etten is prohibited from submitting further filings as outlined in this order.[2]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1] To the extent Van Etten seeks leave to amend the complaint, he is permitted to file a motion to amend the complaint, consistent with Federal Rule of Civil Procedure 15(a)(2), to which he must attach the proposed amended complaint.  If he so chooses, Van Etten must file a motion to amend the complaint by September 12, 2025.

[2] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir.1988); United States v. Valencia–Copete, 792 F.2d 4, 6 (1st Cir.1986); United States v. Vega, 678 F.2d 376, 378–79 (1st Cir.1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604–05 (1st Cir.1980); see also Thomas v. Arn, 474 U.S. 140, 154–55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.