UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| Gregory Alvin James Van Etten, | |
|---|---|
| *Plaintiff,* | Case No. 4:24-cv-40113-MRG |
| v. | |
| Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division, | |
| *Defendants.* | |

# OBJECTION TO REPORT AND RECOMMENDATION

(Pursuant to Fed. R. Civ. P. 72(b))

**Gregory Alvin James Van Etten**
**Plaintiff, Self-Represented**
**c/o: 1530 P B LN #V1425**
**Wichita Falls, Texas [76302]**
**ph: 301-820-5302**
**email: jim.vanetten@gmail.com**

Plaintiff Gregory J. Van Etten respectfully submits this Objection to the Report and Recommendation entered August 26, 2025 (Dkt. 116).

## I. Standard

Under **Fed. R. Civ. P. 72(b)**, a district judge must make a **de novo** determination of those portions of a magistrate judge's report and recommendation to which specific objections are made.

## II. Misapprehension of Fed. R. Civ. P. 60(b)(4)

The Report and Recommendation ("R&R") (Dkt. 116) recommends denial of Plaintiff's **Fed. R. Civ. P. 60(b)(4)** motion on the ground that Plaintiff did not challenge this Court's subject-matter jurisdiction or argue that this Court exceeded its judicial authority. (R&R at 2). Respectfully, this **misstates the thrust of Plaintiff's argument**.

Plaintiff does not contend that this Court lacked jurisdiction in the abstract. Rather, Plaintiff contends that the Court's prior order was void because it rested upon and gave effect to state child-support orders that were themselves entered without valid service, notice, or personal jurisdiction. **Indeed, the service documents relied upon were not merely defective, but fraudulent, depriving Plaintiff of any constitutionally recognized notice.** A federal order that enforces or incorporates void state orders operates "in a manner inconsistent with due process," and is therefore void within the meaning of **Fed. R. Civ. P. 60(b)(4)**.

Nor does **Fed. R. Civ. P. 60(b)(4)** confine "voidness" to the rendering court's subject-matter or personal jurisdiction. The Supreme Court holds that a judgment is void if entered "in a manner inconsistent with due process." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Where, as here, a federal order denies relief because it gives effect to state orders entered without constitutionally valid service and personal jurisdiction, the federal order is itself void under **Fed. R. Civ. P. 60(b)(4)**. The R&R's construction—limiting voidness to this Court's internal procedures—cannot be squared with *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) and *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–86 (1988).

This case therefore presents the **threshold constitutional question**: *may a federal court give effect to state child support orders entered without constitutionally*

*valid service of process or personal jurisdiction?* That question cannot be avoided without disregarding **binding Supreme Court precedent**.

## III. Rooker-Feldman Is Narrow and Does Not Apply to Plaintiff's Prospective, Independent Federal Claims

Defendants recast this case as a "prohibited appeal" of state judgments and argue there is no exception even for orders entered without personal jurisdiction. See Defs.' Memo at 8–14 & n.10. But Plaintiff does not seek appellate correction of past state rulings or a recalculation of support. He seeks prospective federal relief under **42 U.S.C. § 1983** to halt ongoing enforcement actions by state officials that deprive him of property without due process because the underlying orders were entered without service and personal jurisdiction. That is an independent federal injury, not review of a state judgment; granting relief would not require this Court to sit in appellate review, only to enforce federal constitutional limits prospectively.

Younger abstention likewise does not apply. Even if Probate Court matters remain theoretically "ongoing," abstention is improper where federal relief targets ongoing constitutional violations by executive officers (Title IV-D enforcement) rather than re-litigation of domestic relations merits; and where the state forum has proven inadequate in practice (refusal to docket filings, summary denials without a hearing, and no appellate review of the jurisdictional defect). Abstention is "the exception, not the rule," and does not bar injunctions to halt continuing deprivations of federal rights.

## IV. Controlling Supreme Court Precedent

The R&R relied on *Carrasquillo-Serrano v. Municipality of Canóvanas*, 991 F.3d 32 (1st Cir. 2021), and *Farm Credit Bank v. Ferrera-Goitia*, 316 F.3d 62 (1st Cir. 2003), to constrict "void" to whether this Court itself lacked jurisdiction or exceeded judicial power. Respectfully, that is not the full standard.

3

The Supreme Court has held that "**[a] judgment is void if it is entered in a manner inconsistent with due process of law.**" *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Likewise, in *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–86 (1988), the Court held that a judgment entered without proper service violates due process and is void.

These authorities make clear that voidness under **Fed. R. Civ. P. 60(b)(4)** encompasses not only the absence of jurisdiction in the rendering court, but also judgments infected by reliance on proceedings that themselves denied constitutionally required notice and opportunity to be heard. The R&R fails to account for this binding precedent.

## V. Due Process Concerns Are Squarely Presented

Plaintiff's motion specifically asserted that the state court entered orders without valid service, notice, or personal jurisdiction, and that subsequent enforcement—including income withholding and garnishment—constitutes an ongoing deprivation of property without due process. Federal orders that deny relief by relying on such void predicates cannot stand.

The continuing enforcement of income withholding based on state orders entered without service and jurisdiction falls squarely within the category of due-process violations that render a judgment void under **Fed. R. Civ. P. 60(b)(4)**.

Plaintiff's claims for prospective injunctive relief run only against appropriate state officials in their official capacities under *Ex parte Young*, to halt future enforcement absent proof of constitutionally valid service and personal jurisdiction; Plaintiff does not seek retrospective relief against the State or its agencies. This removes any **Eleventh Amendment** barrier to the forward-looking remedy requested.

## VI. Relief Requested

Plaintiff respectfully requests that Judge Guzman decline to adopt the R&R and instead grant **Fed. R. Civ. P. 60(b)(4)** relief. In the alternative, Plaintiff requests that the Court clarify that these constitutional objections are preserved for **de novo review** on appeal.

**Alternative Relief.** If the Court concludes **Fed. R. Civ. P. 60(b)(4)** is not the proper vehicle for relief from the prior order, Plaintiff respectfully requests that the Court (i) treat this Objection as a request for reconsideration under **Fed. R. Civ. P. 54(b)** of its interlocutory rulings insofar as they gave effect to void state orders, or (ii) deem these arguments incorporated into the Court's **de novo** consideration of Defendants' pending motion to dismiss so the **constitutional threshold** can be addressed now rather than deferred.

**Future Amendment.** Plaintiff further notifies the Court that, once the **constitutional threshold** question concerning the validity of enforcing state child-support orders entered without service or jurisdiction is resolved, Plaintiff will promptly amend his **42 U.S.C. § 1983** claim to ensure it is fully aligned with the Court's ruling and the **clarified constitutional record**. This will allow the pleadings to reflect the Court's guidance while preserving Plaintiff's ongoing claims for prospective relief.

## VII. Compliance with Filing Limitation and Preservation of Issues

Plaintiff submits this as a single consolidated objection in compliance with the R&R's directive against repetitive filings. While Plaintiff respects the Court's authority to manage its docket, such discretion cannot extinguish a litigant's right to raise constitutional objections. See *Thomas v. Arn*, 474 U.S. 140, 154–55 (1985).

**Plaintiff expressly preserves all federal constitutional claims, including violations of the Fourteenth Amendment (procedural due process), the Fourth**

5

**Amendment (unreasonable seizure via garnishment without valid order), and claims for prospective relief under** 42 U.S.C. § 1983.

While Plaintiff has complied fully with the R&R's filing limitation, it bears emphasis that docket management cannot be invoked to suppress or delay adjudication of threshold constitutional defects. To hold otherwise would invert the hierarchy of law, elevating convenience above the Constitution.

**To deny review of fraudulent service under the pretense of docket management would be an abdication of Article III duty.**

Respectfully submitted,

/s/ *Gregory Alvin James Van Etten*
_____
Gregory Alvin James Van Etten
Plaintiff, Self-Represented

### CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that this document **"OBJECTION TO REPORT AND RECOMMENDATION** filed through the CM/ECF system, will be sent electronically to all registered NEF participants, and that a courtesy copy was also emailed to Defendants' counsel Nigel Stevens, Assistant Attorney General, via email to his email address on record, nigel.stevens@mass.gov, on August 27, 2025.

/s/ *Gregory Alvin James Van Etten*
_____
Gregory Alvin James Van Etten
Plaintiff, Self-Represented