| | |
|---|---|
| Gregory Alvin James Van Etten,<br><br>*Plaintiff,*<br><br>v.<br><br>Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,<br><br>*Defendants.* | Case No. 4:24-cv-40113-MRG |

**EMERGENCY MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S**

**OBJECTION (DKT. 117) WITH CERTIFIED RECORDS UNARGUABLY**

**DEMONSTRATING FRAUD ON THE COURT AND VOID SERVICE**

**Gregory Alvin James Van Etten**
**c/o: 1530 P B LN #V1425**
**Wichita Falls, Texas [76302]**
**ph: 301-820-5302**
**email: jim.vanetten@gmail.com**
**Plaintiff**
**Self-Represented**

## I. Introduction and Emergency Basis

Plaintiff respectfully moves for leave to supplement his Objection (Dkt. 117) with

certified state-court records conclusively demonstrating fraud on the court, lack of

personal jurisdiction, and ultra vires state-court actions after the case was disposed.

These certified records are not "new" evidence; they are certified versions of the same documents Defendants themselves placed before this Court in uncertified form. The issue is not whether the documents exist, but whether the Court will consider their certified, official versions in conducting de novo review under **Fed. R. Civ. P. 72(b)**.

This case presents a threshold constitutional question of due process and jurisdiction. Federal courts must resolve jurisdiction before merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

Enforcement of orders entered without valid service violates the **Fourteenth Amendment** Due Process Clause and is **void ab initio**.

Because Plaintiff continues to suffer ongoing wage garnishments and IRS lock-ins enforced under these void orders, expedited consideration is warranted.

## II. Jurisdictional Defects (Threshold Constitutional Question)

### A. Void Service

- The Order for Service by Publication (7/18/2007) and Summons by Publication (CJ-D 112A) are plainly marked "COPY," contain blank return sections, and lack proof of publication or mailing. Submission of 'COPY'-marked, incomplete documents as if originals were valid constitutes fraud on the court. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

- The Motion for Service by Publication (7/16/2007) bears a stamp reading "ALLOWED – DENIED" with a judge's signature but neither option circled—an ambiguous non-order.

- Ex parte temporary orders were issued before service.

- Law: Service is jurisdictional. *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Pennoyer v. Neff*, 95 U.S. 714 (1878). A docket note cannot substitute for filed returns. *MacDonald v. MacDonald*, 407 Mass. 196 (1990).

### B. Case Disposed and Never Reopened

- Certified docket (WO07D1562DV1) shows Judgment of Divorce Nisi entered 01/22/2008 and "disposed at conversion" on 02/21/2009.

- All subsequent modifications (2010, 2014, 2023, 2024) were filed after closure.

- Law: **M.G.L. c. 208, § 28** requires new complaint and service for modification; **M.G.L. c. 215, § 34A** requires a valid order for contempt. None exist.

### C. No Waiver or Voluntary Appearance

- Plaintiff never signed a waiver of service and any later appearances were made only under duress (blocked access to children, garnishments, threat of arrest). Such coerced participation does not cure service defects or confer jurisdiction. *Pennoyer*, supra.

Accordingly, jurisdiction fails twice over: (1) at inception for want of valid service, and (2) again when the case was disposed in 2008 and closed in 2009 without lawful re-service. Under either ground, the Probate Court orders are void.

## III. Relief Sought

Plaintiff respectfully requests the Court:

1. Grant leave to file certified Exhibits A–E;

2. Acknowledge that the record demonstrates facially void service and post-disposition ultra vires orders;

3. Rule on Plaintiff's unrebutted Motion to Strike (Dkt. 69);

4. Declare the underlying orders void ab initio under **Fed. R. Civ. P. 60(b)(4)**, vacate them, and enjoin further enforcement under **42 U.S.C. § 1983** and *Ex parte Young*; or

5. In the alternative, issue written findings rejecting the certified records—for silence or avoidance would constitute abdication of Article III duty.

This motion does not seek to relitigate family law matters; it seeks only constitutional relief from ongoing enforcement of orders that are void for lack of jurisdiction.

## IV. Exhibit List (Certified Records)

- **Exhibit A** - Order for Service by Publication - 07/18/2007
  Marked "COPY"; return blank; no proof of publication/mailing filed.

- **Exhibit B** - Summons by Publication (CJ-D 112A) - 07/18/2007
  Marked "COPY"; incomplete; no return filed.

- **Exhibit C** - Plaintiff's Motion for Service by Publication - 07/16/2007
  Stamped "ALLOWED – DENIED," neither circled; ambiguous.

- **Exhibit D** - Plaintiff's Ex Parte Motion for Temporary Orders - 07/02–07/03/2007
  Issued before service; order stamped and signed with blanks.

- **Exhibit E** - Certified Docket Report (WO07D1562DV1) - Through 2024
  Shows case disposed (01/22/2008) and disposed at conversion (02/21/2009); later filings invalid without new complaint/service.

## V.  Local Rule 7.1(a)(2) Certification

Plaintiff certifies that, on September 2, 2025 at 6:49 AM ET, he emailed Assistant Attorney General Nigel Stevens to confer regarding this motion, identifying the motion by title and relief sought and requesting Defendants' position by 5:00 PM.

At 11:20 AM, Mr. Stevens replied requesting advance scans of the certified records. At 1:07 PM, Plaintiff responded that Local Rule 7.1 requires conferral on assent or opposition, not pre-filing discovery, and confirmed that certified records would be filed with this motion. At 3:45 PM, Mr. Stevens stated: "I cannot agree to the relief you're seeking... I'll plan to file an opposition."

Accordingly, Plaintiff has complied with Local Rule 7.1(a)(2). Defendants have confirmed they oppose this motion.

## VI.  Certificate of Emergency

I certify that this matter is of an emergency nature: ongoing garnishments and IRS enforcement continue daily under orders proved void by the certified record, causing irreparable constitutional harm.

### Verification

I, Gregory Alvin James Van Etten, hereby declare under the penalty of perjury under the laws of the United States of America that all foregoing statements are true and correct based upon my personal knowledge, information, and belief. Executed this Wednesday 3rd September, 2025.

Respectfully,

/s/ *Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff
Self-Represented

## CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that this document **"EMERGENCY MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S OBJECTION (DKT. 117) WITH CERTIFIED RECORDS UNARGUABLY DEMONSTRATING FRAUD ON THE COURT AND VOID SERVICE"** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the Defendant's counsel Nigel Stevens (1st Cir. Bar No. 1218123), Assistant Attorney Generalvia email to his email address on record, nigel.stevens@mass.gov, on Wednesday 3rd September, 2025.

/s/ *Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff
Self-Represented