UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gregory Alvin James Van Etten, *Plaintiff,* v. Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division, *Defendants.* | Case No. 4:24-cv-40113-MRG |

**PLAINTIFF'S COMBINED MOTION TO CLARIFY SCOPE OF CURB ORDER, TO SET HEARING ON PENDING RULE 60(b)(4) MOTION, AND TO REQUEST RULING ON PLAINTIFF'S MOTION TO STRIKE DEFICIENT SERVICE EXHIBITS (DKT. 69)**

**Gregory Alvin James Van Etten**
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
**Plaintiff, Self Represented**
**Self-Represented**

Plaintiff Gregory Alvin James Van Etten respectfully moves this Honorable Court to (1) clarify the scope of any current filing restriction ("curb order"), (2) set an oral or evidentiary hearing on Plaintiff's pending Rule 60(b)(4) Motion for Relief from

Judgment (ECF No. 79) and related filings (ECF Nos. 117, 119, 125, 131), and (3) clarify the status of and issue a ruling on Plaintiff's Motion to Withdraw and Strike Deficient Service Exhibits (ECF No. 69).

## I  Purpose of this Motion

1. This motion is submitted in good faith and not to circumvent any Court directive. Plaintiff seeks only clarification of procedural posture and rulings on matters already pending.

2. If the Court deems any portion of this filing outside the current procedural scope, Plaintiff requests that it be treated as a renewed motion for leave for these limited purposes.

## II  Status of the Magistrate's "Curb Order" Language

3. The only language purporting to restrict further filings appears within the Report and Recommendation ("R&R") of Magistrate Judge Hennessy dated August 26, 2025 (Dkt. 116).

4. Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), a magistrate judge's R&R "has no force or effect until the district court enters a corresponding order." See *Sires v. Gabriel*, 748 F.2d 49, 50 (1st Cir. 1984).

5. No order adopting the R&R has been entered by District Judge Guzman. Therefore, the language purporting to "ORDER" Plaintiff to cease filings is non-binding and advisory until and unless adopted by the Article III judge.

6. The First Circuit has held that any filing restriction must be imposed by a district judge through a specific written order after notice and opportunity to be heard. See *Cok v. Family Court of R.I.*, 985 F.2d 32, 35 (1st Cir. 1993); *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980).

7. Accordingly, Plaintiff remains entitled to file legitimate procedural motions seeking clarification or rulings on pending matters. This filing is consistent with § 636, Rule 72, and the First Amendment right to petition.

## III  Constitutional and Procedural Grounds

8. The First Amendment protects the right to petition the government for redress. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972).

9. The Fifth Amendment guarantees a meaningful opportunity to be heard. *Mathews v. Eldridge, 424 U.S. 319 (1976)*; *Armstrong v. Manzo*, 380 U.S. 545 (1965).

10. Because no ruling has issued on Plaintiff's prior motions for leave and because the Magistrate's R&R has not been adopted, this motion is the only available channel to preserve procedural and constitutional rights.

## IV  Request for Ruling on Dkt. 69

11. Dkt. 69 ("Motion to Withdraw and Strike Deficient Service Exhibits") was filed June 6 2025; no opposition or order has issued.

12. Because that motion challenges the authenticity of service records supporting Defendants' Motion to Dismiss (Dkt. 41), jurisdiction requires its resolution first. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

13. Plaintiff requests that the Court acknowledge Dkt. 69 as fully briefed, unopposed under LR 7.1(b)(2) and issue a ruling or include it within any scheduled hearing.

## V  Request for Hearing

Plaintiff's Rule 60(b)(4) motion raises threshold jurisdictional questions. Certified exhibits (ECF 119-A through 119-E) demonstrate defective or contradictory service records.

A hearing would permit direct judicial review of those records and promote a full and fair determination of jurisdiction and continuing harm.

## VI   Procedural Delay and Need for Clarification

14. Several dispositive and jurisdictional motions—most notably Plaintiff's Motion to Withdraw and Strike Deficient Service Exhibits (ECF 69) and Motion for Relief from Judgment under Rule 60(b)(4) (ECF 79)—have remained pending for extended periods without ruling. The opposition period for ECF 69 expired June 20, 2025, and no order has issued.

15. Under Local Rule 7.1(b)(2), the Court may act on an unopposed motion. Prolonged inaction on a ripe jurisdictional motion frustrates the Court's duty to resolve jurisdiction first. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998).

16. Continued silence also delays resolution of ongoing constitutional harm and deprives Plaintiff of the "meaningful time and manner" of hearing guaranteed by due process. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

17. This motion is therefore submitted to ensure procedural clarity, promote judicial economy, and to preserve a clear record of Plaintiff's efforts to narrow issues consistent with L.R. 7.1(a)(2).

## VII   Request for Priority Handling and Scheduling

18. Consistent with **Fed. R. Civ. P. 1,** this request seeks a "just, speedy, and inexpensive" determination of threshold jurisdictional issues. Good cause exists to prioritize a short hearing or prompt ruling because Plaintiff has shown ongoing constitutional injury and because jurisdiction must be decided first. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998).

19. Plaintiff respectfully requests priority handling and a prompt setting: either (a) a hearing within 14 days (20–30 minutes per side) or (b) if the Court declines to hear oral argument, a written ruling on ECF 69 and the hearing request within 14 days, or, at minimum, a brief status conference to clarify the schedule.

## VIII    Relief Requested

Plaintiff respectfully asks that the Court:

1. Clarify that the curb-order language in the Magistrate's R&R is not yet binding absent district-judge adoption;

2. Confirm that procedural motions of this nature remain permitted under § 636 and Rule 72;

3. Acknowledge Dkt. 69 as pending and issue a ruling or include it within any scheduled hearing;

4. Set an oral or evidentiary hearing on the Rule 60(b)(4) motion and related filings; and

5. Grant such further relief as justice may require.

### Local Rule 7.1(a)(2) Certification

Plaintiff certifies that on October 15, 2025, he attempted in good faith to confer with Defendants' counsel, Nigel Stevens, by email regarding this motion and requested a response by 5:00 PM ET on October 16, 2025. As of filing, counsel has not responded.

Respectfully submitted,

*/s/ Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Plaintiff
Self-Represented

## CERTIFICATE OF SERVICE

I, Gregory Alvin James Van Etten, hereby certify that this document **"PLAINTIFF'S COMBINED MOTION TO CLARIFY SCOPE OF CURB ORDER, TO SET HEARING ON PENDING RULE 60(b)(4) MOTION, AND TO REQUEST RULING ON PLAINTIFF'S MOTION TO STRIKE DEFICIENT SERVICE EXHIBITS (DKT. 69)"** filed through the CM/ECF system will be sent electronically to the registered participants in the Notice of Electronic Filing(NEF), and a copy was also sent to the Defendant's counsel Nigel Stevens (1st Cir. Bar No. 1218123), Assistant Attorney General, via email to his email address on record, nigel.stevens@mass.gov, on Friday 17th October, 2025.

/s/ *Gregory Alvin James Van Etten*

Gregory Alvin James Van Etten
Plaintiff
Self-Represented