UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GREGORY J. VAN ETTEN )<br>    Plaintiff, )<br>                      )<br>    v.                         )<br>                      )<br>STEPHANIE K. FATTMAN, ET AL., )<br>    Defendants. )<br>                      ) | **CIVIL ACTION**<br>**No. 4:24-40113-DHH** |

**ORDER**

**October 20, 2025**

      On September 5, 2024, Plaintiff Gregory J. Van Etten filed the instant lawsuit against Defendants Stephanie K. Fattman, et al. (Docket #1). After the Plaintiff had docketed approximately 30 filings in this case, many of which repeated and realleged arguments and requests for relief submitted in previous filings, on August 26, 2025, I ordered the plaintiff to cease making filings on the docket until I had issued a Report and Recommendation on Defendants' motion to dismiss. (Docket #116). The only exception to this was that Plaintiff be allowed to file an objection to the Report and Recommendation in which that order was contained. Id. Hence, Van Etten was not authorized to docket his "Combined Motion to Clarify Scope of Curb Order, to Set Hearing on Pending Rule 60(b)(4) Motion, and to Request Ruling on Plaintiff's Motion to Strike Deficient Service Exhibits (Dkt. 69)," which he filed on October 17, 2025. (Docket #132). Notably, though described as a request to "clarify scope of curb order," the contents of Van Etten's filing amount to more of a challenge to that curb order.

      Federal Rule of Civil Procedure 11(b) states that "By presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that…it is not being

presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[.]" Fed. R. Civ. P. 11(b). "*On its own*, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3) (emphasis added). "The imposition of sanctions in this instance transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself[.]" Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991) (quoting Hutto v. Finney, 437 U.S. 678, 689, n.14 (1978)).

    Van Etten is hereby ORDERED to attend a hearing via Zoom on Thursday, October 23, 2025, at which he shall SHOW CAUSE at as to why he should not be sanctioned for violating the Court's prohibition on further filings, (Docket #116), by filing his "Combined Motion to Clarify Scope of Curb Order, to Set Hearing on Pending Rule 60(b)(4) Motion, and to Request Ruling on Plaintiff's Motion to Strike Deficient Service Exhibits (Dkt. 69)." (Docket #132).

    /S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE