# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Gregory Alvin James Van Etten,

                      *Plaintiff,*

v.

Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,

                      *Defendants.*

Case No. 4:24-cv-40113-MRG

## EMERGENCY RULE 72(a) OBJECTION AND MOTION FOR EXPEDITED REVIEW (28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a))

                      **Gregory Alvin James Van Etten**
                      c/o: 1530 P B LN #V1425
                      Wichita Falls, Texas [76302]
                      ph: 301-820-5302
                      email: jim.vanetten@gmail.com
                      **Plaintiff, Self Represented**

## Jurisdictional Clarification

This objection is timely under Fed. R. Civ. P. 72(a): the challenged order was entered on **October 23, 2025 (Dkt. 134)**, and this objection is filed within 14 days.

This filing is directed **solely to the Article III District Judge** pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Plaintiff understands that Magistrate Judge Hennessy's authority is limited to nondispositive pre-trial matters and that review of such orders lies exclusively with the assigned District Judge, the Hon. Margaret R. Guzman. Accordingly, this objection is submitted in compliance with those provisions and does not seek to circumvent or disregard any order of the magistrate.

**Authority of the Magistrate and Plaintiff's Good-Faith Conduct**

Under **28 U.S.C. § 636(b)(1)(A)–(B) and Fed. R. Civ. P. 72(a)–(b)**, a magistrate judge's rulings and recommendations are non-binding unless and until adopted or left undisturbed by the assigned Article III judge. See *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Raddatz*, 447 U.S. 667, 681–82 (1980). The magistrate acts in aid of, and subsidiary to, the district judge; ultimate adjudicatory power rests with the Article III court. Plaintiff therefore appeared at the October 23 hearing in good faith and with full respect for the Court, even though the underlying Report and Recommendation (Dkt. 116) had not yet been adopted and was not itself binding authority.

During that hearing, the magistrate made a personal remark comparing Plaintiff to "a child." Plaintiff notes this only to preserve the record and to underscore that he conducted himself respectfully, calmly, and within proper courtroom decorum. He addressed the Court's questions, cited applicable rules, and sought only clarification of his obligations under the August 26 order and the status of his pending motions. The tone of the proceedings, however, reflected frustration rather than neutral judicial discretion, further supporting the need for Article III review.

**I  Background**

At the October 23 2025 show-cause hearing, Plaintiff appeared respectfully and in good faith to address the Court's order. He explained that his October 17 filing (Dkt.

132) was made for a proper purpose under Fed. R. Civ. P. 11(b): to clarify compliance with the August 26 Report and Recommendation (Dkt. 116) and to request rulings on two pending jurisdictional motions (Dkts 69 and 79). Plaintiff expressly stated that he did not seek to harass, delay, or burden the Court, but to obtain clarity while preserving constitutional rights.

During the same hearing, defense counsel Nigel Stevens confirmed on the record that defendants "were not seeking any particular sanctions." See **Exhibit A at 10:25:36–10:26:24** (defense counsel: "we're not seeking any particular sanctions"). The sanction that followed was therefore issued sua sponte by the magistrate, not requested by any party.

Plaintiff preserved his Rule 72(a) rights on the record. See **Exhibit A 10:30:04–10:30:14**.

## II  Legal Standard

Under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), a district judge must modify or set aside any part of a magistrate judge's order that is clearly erroneous or contrary to law. Non-consenting litigants retain a statutory right to Article III review of such orders. See *PowerShare*, 597 F.3d at 14.

In this Circuit, review of a magistrate judge's nondispositive order under Rule 72(a) asks whether it is **"clearly erroneous or contrary to law,"** a standard the district judge applies directly. See, e.g., *Phinney v. Wentworth-Douglas Hosp.*, 199 F.3d 1, 4–5 (1st Cir. 1999).

The magistrate acknowledged this non-binding posture on the record while quoting Plaintiff's filing. See **Exhibit A 10:28:23–10:29:39**.

## III  Grounds for Objection

### A.  Contrary to Law and Disproportionate Sanction.

The magistrate's oral order suspending Plaintiff's electronic-filing privileges was entered without findings of bad faith or harassment and without any request from defendants. It is therefore arbitrary and contrary to law. See *In re Sanction of Baker*, 744 F.2d 1438 (10th Cir. 1984).

### B.  Violation of First Amendment Right to Petition and Access to Court.

Suspending Plaintiff's electronic access prevents timely petition for redress and exacerbates ongoing harm. *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972).

### C.  Failure to Address Jurisdiction First.

Under *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), jurisdiction must be resolved before any other matter. Plaintiff's pending motions (Dkts 69 and 79) squarely raise jurisdictional defects rendering state-court orders void ab initio. Proceeding to sanction Plaintiff before resolving those motions is procedurally improper.

### D.  Constitutional Priority and Judicial Duty.

Under 28 U.S.C. § 1657(a), constitutional questions and actions affecting fundamental rights must receive expedited consideration. *Steel Co.*, 523 U.S. at 94–95, confirms that jurisdictional issues must be resolved as a threshold matter before any other business of the court. *Ex parte Young*, 209 U.S. 123 (1908), further emphasizes the judiciary's duty to protect constitutional rights against ongoing violations by state officials. Because Plaintiff's Rule 60(b)(4) motion challenges the existence of jurisdiction itself and the record shows continuing deprivation of property and access

to court, these questions must be resolved before any non-constitutional or procedural orders—including sanctions—may properly issue.

**E.   Evidence of Bias.**

The transcript of the October 23 hearing will reflect a personal remark by the magistrate comparing Plaintiff to *"a child,"* despite Plaintiff's measured demeanor. See **Exhibit A at 10:22:21–10:22:58** ("I feel like I'm listening to a child"). Plaintiff notes this not as a personal grievance but as evidence that the sanction was issued from frustration rather than objective findings. See *Haines v. Kerner*, 404 U.S. 519 (1972) (pro se filings to be liberally construed).

The magistrate also referenced unrelated matters such as the federal government shutdown and staff workload—statements that have no bearing on the propriety of Plaintiff's filings or the jurisdictional issues presented. See **Exhibit A at 10:21:30–10:22:20** (court referencing "government shutdown" and staff not being paid). This commentary further illustrates that the sanction was influenced by extraneous considerations rather than findings grounded in law or fact.

Administrative workload or funding conditions are irrelevant to Rule 11(b) purpose, to the statutory duty to rule on properly submitted motions, and to the priority Congress mandated in **28 U.S.C. § 1657(a)**. The record reference to a "government shutdown" therefore provides no legitimate basis for sanctioning Plaintiff for seeking clarification or rulings. See **Exhibit A 10:21:30–10:22:20**.

See *Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial remarks demonstrating "deep-seated favoritism or antagonism" that make fair judgment impossible may warrant recusal).

5

### F. Omission to Address Pending Questions.

The magistrate's order of October 23 2025 did not address any of the specific questions raised in Plaintiff's October 17 motion (Dkt. 132), including clarification of the so-called "curb order," confirmation of the scope of filing restrictions, or the status of Dkts 69 and 79. The absence of written findings or responses leaves the record incomplete and prevents meaningful review. A court has a nondiscretionary duty to rule on properly submitted motions within a reasonable time. Failure to do so is contrary to law and constitutes undue delay warranting Article III intervention.

A court's unexplained failure to act on a properly filed motion within a reasonable time constitutes an abuse of discretion." *In re Kandekore*, 460 F.3d 276 (1st Cir. 2006)

### G. Continuing Controversy and Risk of Functional Mootness

Plaintiff respectfully notes that this case remains a live, ongoing controversy under *Chafin v. Chafin*, 568 U.S. 165 (2013), and cannot properly be treated as dormant. The constitutional injuries described herein continue to occur daily. Plaintiff files timely and in good faith to ensure the record remains current and that the matter is not allowed to lapse through administrative delay or procedural dormancy. Prompt resolution under **28 U.S.C. § 1657(a)** is therefore both appropriate and necessary.

### IV Defense Counsel's Statements Confirm the Sanction Was Sua Sponte and Unsupported

At the October 23 hearing, defense counsel Nigel Stevens made no legal or factual showing warranting sanctions. His only substantive comment was that defendants were "not seeking any particular sanctions" and that Plaintiff "had not complied with the Court's order included in Dkt. 116." Counsel offered no argument on the merits of Plaintiff's Rule 60(b)(4) motion or Motion to Strike and cited no authority suggesting bad faith, harassment, or improper purpose under Rule 11(b).

Those omissions are dispositive. The absence of any adversarial request for sanctions demonstrates that the magistrate's action was taken sua sponte and without the procedural safeguards required by *In re Sanction of Baker*, 744 F.2d 1438 (10th Cir. 1984) and *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980). Because no party requested sanctions and no findings of bad faith were made, the resulting order is both clearly erroneous and contrary to law under Rule 72(a).

Sanctions imposed sua sponte require both **notice and an opportunity to be heard** on the specific sanctioning authority, and—if grounded in inherent power—**a finding of bad faith**. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980). The First Circuit is clear that inherent-power sanctions demand "**a specific finding of bad faith.**" *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 4, 25 (1st Cir. 2005). No such notice or finding appears in this record.

## V  Irreparable Harm

The continued enforcement of void state-court orders has caused loss of employment, reputational damage, and ongoing financial injury. Each day without relief compounds this harm. Because the sanction impedes Plaintiff's ability to seek timely relief, expedited review is warranted under 28 U.S.C. § 1657(a).

## VI  Requested Relief

Plaintiff respectfully asks the District Judge to:

1. Vacate the magistrate's October 23 oral order (Dkt. 134) suspending Plaintiff's electronic-filing privileges;

2. Pending the Court's ruling on this objection, stay the effect of the CM/ECF suspension (or alternatively permit filings by email to the Clerk for docketing) so that Plaintiff can comply with court-ordered deadlines and preserve rights;

3. Restore Plaintiff's CM/ECF access immediately;

4. Set or issue rulings on Plaintiff's pending motions (Dkts 69 and 79); and

5. Plaintiff respectfully requests that the District Judge **expedite consideration and ruling** on the pending jurisdictional motions (Dkts 69 and 79) and on this Rule 72(a) objection, and that the Court issue such rulings **within seven (7) days** of receipt or as soon thereafter as practicable under 28 U.S.C. § 1657(a), given the ongoing irreparable harm described above.

Plaintiff requests that, if the Court requires additional time, it enter a short written explanation under § 1657(a) stating why expedited treatment cannot be granted.

Respectfully submitted,

*/s/ Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff, Self-Represented

## Local Rule 7.1(a)(2) Certificate of Conferral

On October 24, 2025, Plaintiff emailed defense counsel Nigel Stevens to confer regarding this Rule 72(a) objection and the requested expedited relief, and requested a response by 5 p.m. the same day. No response was received.

## Certificate of Service

Because Plaintiff's CM/ECF privileges have been suspended, this filing **EMERGENCY RULE 72(a) OBJECTION AND MOTION FOR EXPEDITED REVIEW (28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)), Exhibit A - Transcript Excerpts, and [Proposed] Order Vacating October 23, 2025 Sanctions and Restoring CM/ECF Privileges** is submitted by certified mail to the Clerk of Court for forwarding to the Hon. Margaret R. Guzman, with a copy served on defense counsel Nigel Stevens by first-class mail and email.

*/s/ Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
Plaintiff, Self-Represented