UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gregory Alvin James Van Etten,<br><br>*Plaintiff,*<br>v.<br><br>Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,<br><br>*Defendants.* | Case No. 4:24-cv-40113-MRG |

### [Proposed] Order Vacating October 23, 2025 Sanctions and Restoring CM/ECF Privileges.

Upon consideration of *Plaintiff's Emergency Rule 72(a) Objection and Motion for Expedited Review* and the supporting record, including **Exhibit A – Transcript Excerpts**, the Court finds good cause to review the October 23, 2025 order entered by Magistrate Judge Hennessy.

The Court further finds that the magistrate's order suspending Plaintiff's CM/ECF privileges was entered **sua sponte**, without prior notice or opportunity to be heard, and without a finding of bad faith as required under *Roadway Express v. Piper*, 447 U.S. 752 (1980), and *Young v. City of Providence*, 404 F.3d 4 (1st Cir. 2005). Accordingly, the order was clearly erroneous and contrary to law within the meaning of Federal Rule of Civil Procedure 72(a).

IT IS **HEREBY ORDERED** that:

1

1. The October 23, 2025 sanctions order is **VACATED**.

2. Plaintiff's electronic filing (CM/ECF) privileges are **RESTORED** pending further order of this Court.

3. The Court will issue rulings on Plaintiff's pending motions—specifically Dkts. 69 and 79—within seven (7) days of this Order or as soon as practicable pursuant to **28 U.S.C. § 1657(a)**.

4. Should additional time be required, the Court will enter a brief written explanation consistent with § 1657(a).

SO ORDERED.

Dated: _____, 2025

_____

**Hon. Margaret R. Guzman**
United States District Judge