FILED IN CLERK'S OFFICE
NOV 3 '25 *\*2:42 USDC MA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gregory Alvin James Van Etten,<br><br>                                      *Plaintiff,*<br>          v.<br><br>Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,<br><br>                                      *Defendants.* | Case No. 4:24-cv-40113-MRG |

**EMERGENCY RULE 72(b) OBJECTION TO MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION (DKT 136) AND REQUEST FOR**

**ARTICLE III REVIEW**

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff, Self Represented

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. § 636(b)(1), Plaintiff Gregory J. Van Etten respectfully objects to the Report and Recommendation ("R&R") entered

October 29, 2025 (Dkt 136). The R&R recommends granting Defendants' Motion to Dismiss (Dkt 91) and striking Plaintiff's Amended Complaint (Dkt 120). Both recommendations are clearly erroneous and contrary to law. **De novo review by the Article III District Judge is required.**

## I    PLAINTIFF HAS NEVER CONSENTED TO MAGISTRATE JURISDICTION

Because Plaintiff has not consented under § 636(c), this filing is directed to the Hon. Margaret R. Guzman for de novo review pursuant to Fed. R. Civ. P. 72(b)(3).

All of Plaintiff's filings—including the Complaint, the Rule 60(b)(4) Motion (Dkt 79), and the Amended Complaint (Dkt 120)—bear the case designation "MRG," confirming that they were filed to the Article III District Judge. Plaintiff has never consented under 28 U.S.C. § 636(c) to magistrate jurisdiction. The August 19 2025 referral order was administrative only under § 636(b)(1)(B). Any dispositive action by the magistrate without such consent is ultra vires and void. See *Roell v. Withrow*, 538 U.S. 580 (2003); *Gomez v. United States*, 490 U.S. 858 (1989).

## II    THE R&R MISAPPLIES THE ROOKER-FELDMAN DOCTRINE

The R&R erroneously concludes that this Court lacks jurisdiction under *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). *Rooker-Feldman* applies only where a final, valid state-court judgment exists and the federal plaintiff seeks review of its merits. Here, the underlying orders are void for lack of personal jurisdiction because service was never effected as required by Mass. R. Dom. Rel. P. 4 and Standing Order 2-83. **Judgments entered without service are void ab initio** and not entitled to finality. *Pennoyer v. Neff*, 95 U.S. 714 (1878); *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *United Student Aid Funds v. Espinosa*, 559 U.S. 260 (2010). No valid state judgment exists to trigger *Rooker-Feldman*.

## III  THE R&R LACKS AUTHORITY AND DISREGARDS THE ONGOING FEDERAL CONTROVERSY

Because Plaintiff never consented under § 636(c), the magistrate **could only recommend—not decide—dispositive** issues. The attempt to dismiss the action while curbing Plaintiff's ability to file constitutes a First and Fifth Amendment denial of access to the courts. The underlying injury is ongoing: garnishment and IRS offsets based on void orders continue. That presents a live controversy within Article III jurisdiction. See *Ex parte Young*, 209 U.S. 123 (1908); *Verizon Md., Inc. v. Public Serv. Comm'n*, 535 U.S. 635 (2002).

## IV  THE R&R ERRONEOUSLY STRIKES THE AMENDED COMPLAINT AND CERTIFIED EVIDENCE

The August 26 R&R (Dkt 116) explicitly authorized Plaintiff to file both an objection and a motion to amend the complaint consistent with Rule 15. It stated: "Plaintiff is permitted to file a motion to amend the complaint ... and must file the motion by September 12, 2025." Plaintiff did so on September 5 (Dkt 120), **attaching certified Probate Court records demonstrating fraud and defective service**. The current R&R reverses that authorization and purports to strike the same pleading—an act contrary to its own prior order and to Rule 15(a)(2)'s mandate that leave "shall be freely given." See *Foman v. Davis*, 371 U.S. 178 (1962).

The docket notation "[STRICKEN, per Dkt 136]" reflects administrative removal of evidence without Article III review. **A magistrate may recommend but cannot strike pleadings** absent district-judge adoption. 28 U.S.C. § 636(b)(1)(B). This action is void and must be vacated.

The certified exhibits attached to Dkt 120—(A) Certified Probate Docket Report; (B) Motion and Order for Service by Publication; (C) Ex Parte Temporary Orders; and (D) Income Withholding Order—constitute direct proof of fraud on the court and lack of

3

jurisdiction. They are re-filed and incorporated by reference here and into Plaintiff's pending Rule 60(b)(4) motion (Dkt 79).

Transcript Confirms the Amendment Was Authorized and Acknowledged. A certified transcript of the October 23 2025 hearing (Exhibit E) shows that the magistrate expressly recognized Plaintiff's filing of an amended complaint and did not question its propriety. Plaintiff stated that the amendment was filed pursuant to the schedule set by the Court's August 26 R&R (Dkt 116), and the magistrate confirmed on the record that this was understood. The later recommendation in Dkt 136 to strike that same pleading therefore directly contradicts the magistrate's own acknowledgment and constitutes clear error.

This inconsistency—acknowledging Plaintiff's amendment in open court yet later declaring it unauthorized—constitutes a self-contradiction within the magistrate's own record that independently warrants vacatur.

## V  THE MAGISTRATE FAILED TO RESOLVE PENDING JURISDICTIONAL MOTIONS BEFORE RECOMMENDING DISMISSAL

Plaintiff's Motion to Withdraw and Strike Deficient Service Exhibits (Dkt 69) and his Rule 60(b)(4) Motion (Dkt 79) both challenge the Court's jurisdiction. Neither has been ruled upon. Issuing a dispositive recommendation while those motions remain pending violates Fed. R. Civ. P. 12(h)(3) and *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), which hold that jurisdiction must be established before addressing the merits. Only the District Judge—not the magistrate—may resolve those motions, because Plaintiff has not consented under § 636(c). See *Roell*, 538 U.S. at 590.

## VI  PATTERN OF PROCEDURAL OBSTRUCTION AND SUPPRESSION OF CERTIFIED EVIDENCE

The docket now reflects a pattern in which the magistrate's actions have clogged the record and delayed Article III review. Key jurisdictional motions (Dkts 69 &

4

79) remain undecided while repetitive Reports and Recommendations address only dismissal on non-jurisdictional grounds. These repetitive filings have the practical effect of obstructing review of the certified evidence demonstrating void service.

The magistrate has attempted to strike from the docket certified exhibits obtained directly from the Worcester Probate & Family Court, even though those records are the primary proof of the constitutional violations alleged. Such suppression of certified judicial documents (**marked "COPY" and lacking any affidavit of diligent search or return of service**) prevents the Article III judge from seeing the very evidence that establishes the absence of personal jurisdiction.

The effort to exclude, ignore, or obscure these certified records itself confirms their materiality. If the service documents were facially valid, they would appear plainly in the record. Their removal and the continued refusal to address them substantively demonstrate that the magistrate's process has departed from the neutral duty to preserve constitutional issues for review.

Plaintiff does not accuse any officer of intentional misconduct; rather, he documents that the procedural handling of this case—through striking and docket limitations—has deprived the certified evidence of the visibility required for meaningful Article III determination. Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), a court must correct such distortions of the record to protect the integrity of the judicial process.

## VII  REBUTTAL OF AUTHORITIES CITED IN THE R&R

**Rooker-Feldman Misapplication.** The R&R cites *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) and *Skinner v. Switzer*, 562 U.S. 521 (2011), yet both decisions narrow (rather than broaden) the *Rooker-Feldman* doctrine. *Exxon Mobil* holds that federal jurisdiction is barred only when a plaintiff **"seeks review and rejection of a state-court judgment,"** 544 U.S. at 284. Plaintiff challenges

5

the absence of personal jurisdiction and due-process notice in the state action—issues that precede any valid judgment. Under *Skinner*, federal courts retain jurisdiction over *"independent claims."* 562 U.S. at 532. The R&R's reliance on *Rooker-Feldman* is therefore misplaced.

**Younger Abstention Misuse.** If the R&R invoked *Younger v. Harris*, 401 U.S. 37 (1971), abstention is improper because there are no ongoing state proceedings; the underlying case was disposed in 2009. See *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (**Younger applies only to ongoing cases**). Where, as here, the alleged constitutional violations are ongoing in the enforcement stage, abstention cannot apply. *Trainor v. Hernandez*, 431 U.S. 434 (1977).

**Domestic-Relations Exception Misuse.** The R&R references *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). That case limits the domestic-relations exception to diversity-jurisdiction suits seeking divorce or custody decrees, **not to federal-question civil-rights claims**. See *Marshall v. Marshall*, 547 U.S. 293, 308 (2006). **Because Plaintiff proceeds under 42 U.S.C. § 1983 and the Fourteenth Amendment, this Court retains jurisdiction.**

**State-Immunity Citations.** The R&R cites *Seminole Tribe v. Florida*, 517 U.S. 44 (1996) for Eleventh Amendment immunity, but *Ex parte Young*, 209 U.S. 123 (1908) creates the controlling exception permitting prospective injunctive relief against state officials enforcing unconstitutional orders. Plaintiff's claims fall squarely within *Ex parte Young*.

**Collateral-Attack Precedents.** If the R&R cites *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) or *Rooker*, 263 U.S. 413, for the idea that a state judgment may not be collaterally attacked, those cases presuppose the existence of a valid judgment. Where service was never perfected, there is no judgment entitled to

finality. See *Peralta v. Heights Med. Ctr.*, 485 U.S. 80 (1988); *Espinosa*, 559 U.S. 260 (2010).

**Summary.** Each cited authority either (a) addresses doctrines that apply only to valid, final state judgments, or (b) governs abstention where state proceedings remain ongoing. Neither circumstance exists here. Consequently, the cases relied upon in the R&R provide no basis to dismiss or to strike the amended complaint.

## VIII   RELIEF REQUESTED

Plaintiff respectfully requests that the District Judge:

1. Reject the Report and Recommendation (Dkt 136) in its entirety;

2. Deny Defendants' Motion to Dismiss (Dkt 91);

3. Grant leave for Plaintiff's Amended Complaint (Dkt 120) with certified exhibits A–D;

4. Vacate that portion of the R&R (Dkt 136) which purports to strike Plaintiff's Amended Complaint and direct the Clerk to restore Dkt 120 to the active record;

5. Grant Plaintiff's contemporaneously filed Motion for Leave to Supplement Rule 60(b)(4) so that the same certified records form part of the jurisdictional record;

6. Vacate any filing restrictions entered without § 636(c) consent;

7. Schedule an Article III hearing on jurisdiction and service of process before deciding any dispositive motions.; and

8. Direct the Clerk to accept and preserve Plaintiff's certified exhibits (A–E) as part of the permanent record for de novo review.

## CONCLUSION

While the August 19 2025 referral under § 636(b)(1)(B) authorized the magistrate to prepare recommendations, Plaintiff has not consented under § 636(c) to magistrate jurisdiction. The referral therefore does not empower the magistrate to enter dispositive or evidentiary orders. Continued action by the magistrate, combined with the District Judge's inaction on Plaintiff's Rule 60(b)(4) and other pending motions, has effectively deprived Plaintiff of the Article III determination required by law.

The R&R (Dkt 136) is clearly erroneous and contrary to law. It misapplies the Rooker-Feldman doctrine, contradicts the magistrate's own prior authorization, and ignores unresolved jurisdictional motions. Plaintiff's certified Probate Court records prove that the state orders were entered without service or jurisdiction, rendering them void ab initio and their enforcement a continuing violation of the Fourth and Fourteenth Amendments. De novo review and vacatur are required.

Respectfully submitted,

*/s/ Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
c/o: 1580 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff, Self-Represented

**Filed via FedEx Priority Overnight (Direct Signature Required) for delivery to the Chambers of the Hon. Margaret R. Guzman.**

**ATTACHMENTS**

Exhibit A: Certified Probate Court Docket Report (WO07D1562DV1)

Exhibit B: Motion and Order for Service by Publication (July 2007)

Exhibit C: Ex Parte Temporary Orders

Exhibit D: Most Recent Income Withholding Order

Exhibit E: Certified Transcript of October 23 2025 Show-Cause Hearing (K. Kelley)

## Certificate of Service

Because Plaintiff's CM/ECF privileges have been suspended, this filing **EMERGENCY RULE 72(b) OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT 136) AND REQUEST FOR ARTICLE III REVIEW, Exhibit A - Transcript Excerpts, and [Proposed] Order Vacating October 23, 2025 Sanctions and Restoring CM/ECF Privileges** is submitted by FedEx Priority Overnight to the Clerk of Court for forwarding to the Hon. Margaret R. Guzman, with a copy served on defense counsel Nigel Stevens by first-class mail and email.

*/s/ Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
Plaintiff, Self-Represented