# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gregory Alvin James Van Etten,<br><br>*Plaintiff,*<br>v.<br><br>Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,<br><br>*Defendants.* | Case No. 4:24-cv-40113-MRG |

## EMERGENCY MOTION TO VACATE OCTOBER 23, 2025 ORDER (ECF 134) AND RESTORE PLAINTIFF'S CM/ECF FILING PRIVILEGES FOR JURISDICTIONAL MOTIONS PURSUANT TO FED. R. CIV. P. 6(b)(1)(A) AND D. MASS. L.R. 5.4

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
**Plaintiff, Self Represented**

**To the Honorable Margaret R. Guzman, United States District Judge:**

Plaintiff Gregory Alvin James Van Etten, appearing pro se, respectfully moves this Court for an order vacating or modifying the October 23, 2025 order (ECF 134) that suspended his CM/ECF filing privileges and restoring electronic-filing access for jurisdictional and emergency motions. Good cause exists under Fed. R. Civ. P. 6(b)(1)(A) and D. Mass. L.R. 5.4 because the restriction impedes Plaintiff's ability to seek timely relief on purely jurisdictional questions already pending before this Court, in contravention of 28 U.S.C. § 1657(a).

## I. Background

1. On October 23, 2025, the Court entered an order restricting Plaintiff's CM/ECF privileges (ECF 134).

2. Plaintiff has not consented to magistrate jurisdiction under 28 U.S.C. § 636(c); the restriction therefore effectively limits his direct access to the Article III judge.

3. Since that order, Plaintiff has filed only concise and relevant submissions—his *Emergency Motion to Withdraw Reference and for Immediate De Novo Ruling* and this motion—none of which are abusive or duplicative.

4. Because this action raises ongoing constitutional issues and irreparable financial harm, the filing restriction has become a direct obstacle to the expedition mandated by 28 U.S.C. § 1657(a).

## II. Legal Basis

1. Fed. R. Civ. P. 6(b)(1)(A) authorizes the Court to modify prior orders *"for good cause."*

2. **D. Mass. L.R. 5.4** and Administrative Procedures § I(E) allow pro se litigants to file electronically with leave of Court; suspension is discretionary and may be modified when justice requires.

3. Under **28 U.S.C. § 1657(a)**, constitutional cases *"shall be expedited."* A continuing restriction that delays jurisdictional rulings contravenes this statutory mandate.

4. The First Amendment and Due Process Clauses protect the right of access to courts. *Bounds v. Smith*, 430 U.S. 817 (1977).

### III. Good Cause to Vacate or Modify the Order

- Plaintiff has fully complied with all prior court directives.

- All recent filings are succinct, properly served, and limited to jurisdictional issues.

- The restriction prevents timely response to orders and prolongs irreparable financial and constitutional injury.

### IV. Requested Relief

Plaintiff respectfully requests that the Court:

1. Vacate or modify the October 23, 2025 Order (ECF 134);

2. Restore Plaintiff's CM/ECF filing privileges for jurisdictional and emergency motions, or in the alternative, permit limited e-filing for Dkts. 69 and 79;

3. Direct the Clerk to reinstate electronic notice for Plaintiff; and

4. Grant any other relief deemed just and proper.

Respectfully submitted,

*[signature: Gregory Alvin James Van Etten]*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff, Self-Represented

## Local Rule 7.1(a)(2) Certification

Pursuant to Local Rule 7.1(a)(2), Plaintiff certifies that he has attempted in good faith to confer with opposing counsel regarding the relief requested. On November 4, 2025, Plaintiff emailed Assistant Attorney General Nigel Stevens providing courtesy service of Plaintiff's Rule 72(b) Objection and Exhibits (Dkt. 139) and requesting his position on expedited consideration of pending jurisdictional matters. No response or opposition has been received as of the date of this filing.

Because this motion concerns the Court's own administrative order and the restoration of Plaintiff's filing privileges under 28 U.S.C. § 1657(a) and Fed. R. Civ. P. 6(b)(1)(A), no further conference could reasonably narrow or resolve the issue.

## Certificate of Service

Because Plaintiff's CM/ECF privileges remain suspended, this filing and the accompanying [Proposed] Order are being submitted by Certified Mail (USPS Tracking No. 9589 0710 5270 3102 5741 17) to the Clerk of Court for chambers review and forwarding to the Hon. Margaret R. Guzman, United States District Judge.

A true and correct copy was served on Defendants' counsel, Nigel Stevens, Assistant Attorney General, by First-Class Mail and email to nigel.stevens@mass.gov on November 6, 2025.

*/s/ Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
Plaintiff, Self-Represented