UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gregory Alvin James Van Etten,<br><br>*Plaintiff,*<br><br>v.<br><br>Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,<br><br>*Defendants.* | Case No. 4:24-cv-40113-MRG |

# EMERGENCY MOTION TO WITHDRAW REFERENCE AND FOR IMMEDIATE DE NOVO RULING ON PLAINTIFF'S RULE 60(b)(4) MOTION (ECF 79) WITHIN SEVEN DAYS

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff, Self Represented

**To the Honorable Margaret R. Guzman, United States District Judge:**

Plaintiff Gregory Alvin James Van Etten, appearing pro se, respectfully moves this Court for an order withdrawing the magistrate reference of his pending Emergency Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(4) (ECF 79) and entering a de novo ruling within **seven (7) days**, pursuant to 28 U.S.C. § 636(b)(1), § 1657(a), and Fed. R. Civ. P. 6(b)(1)(A). Plaintiff previously filed a timely **Rule 72(b) objection (ECF 117)** to the Magistrate Judge's August 26 Report and Recommendation, thereby triggering the Court's obligation to conduct a de novo determination under 28 U.S.C. § 636(b)(1).

## I. Background and Procedural Status

1. Plaintiff's Rule 60(b)(4) motion was filed August 1, 2025 (ECF 79). It presents a pure jurisdictional question of law concerning void orders entered without service or personal jurisdiction.

2. On August 19, 2025, the Court referred the motion and other matters to Magistrate Judge Hennessy for "full pretrial dispositive motions." (ECF 106.) **Plaintiff has not consented under 28 U.S.C. § 636(c)**. Accordingly, upon Plaintiff's timely Rule 72(b) objection (ECF 117), a de novo Article III determination is required.

3. The magistrate issued a Report and Recommendation (ECF 116) on August 26, 2025, recommending denial of the Rule 60(b)(4) motion. Plaintiff timely filed a Rule 72(b) objection on August 27 (ECF 117).

4. Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the district judge must conduct a **de novo** determination of those portions of the R&R to which specific objection is made. See also **D. Mass. L.R. 72.1** (determinative matters by report

2

and recommendation; **de novo Article III determination required** upon objection). No Article III ruling has issued.

5. Plaintiff has also filed a Motion to Withdraw and Strike Deficient Service Exhibits (ECF 69), which remains unruled though unopposed.

6. Ninety-five (95) days have elapsed since the Rule 60(b)(4) motion became ripe. Meanwhile, wage garnishments and IRS lock-in actions continue, causing ongoing irreparable harm, and the prolonged absence of a ruling on a fully ripe jurisdictional motion constitutes constructive denial for purposes of § 1657(a) expedition and appellate preservation. (see, e.g., *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296 (1989) (Article III courts must exercise the jurisdiction they possess)).

## II. Legal Basis for Immediate Ruling

1. **28 U.S.C. § 636(b)(1)** requires that the district judge—not the magistrate—"make a de novo determination" and enter a final ruling when specific objection has been filed.

2. **28 U.S.C. § 1657(a)** mandates that actions implicating constitutional rights ***"shall be expedited."*** A three-month delay on a jurisdictional motion contravenes this command.

3. **Fed. R. Civ. P. 6(b)(1)(A)** permits the Court to shorten time when justice requires. Each day of delay continues an alleged void enforcement action and irreparable harm.

4. Under *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), ***jurisdiction must be decided first***. Therefore, Dkt. 79 must be resolved before any further action on later reports or recommendations.

### III. Previously Preserved Seven-Day Window

Plaintiff previously preserved a seven-day deadline for district-court action in his *Notice Preserving Right to Renew Mandamus Due to Ongoing District Court Inaction and Filing Restrictions*, filed October 29, 2025, in the First Circuit Case No. 25-1852. That notice explicitly stated that Petitioner would seek renewed mandamus relief if the district court "fail[ed] to act within seven (7) days." More than that period has now elapsed without any ruling or indication of advisement. This motion therefore re-asserts the same seven-day standard as the minimum constitutionally reasonable time for decision under § 1657(a).

### IV. Requested Relief

Plaintiff respectfully requests that the Court:

1. **Withdraw the reference** of ECF 79 (and related ECF 69) from the magistrate pursuant to 28 U.S.C. § 636(b)(1);

2. **Issue a de novo ruling within seven (7) days** of this filing, or, in the alternative, set an expedited hearing within that period;

3. Confirm that no further action on other pending reports or recommendations will occur until ECF 79 is resolved; and

4. Grant such other and further relief as the Court deems just and proper.

### V. Conclusion

This case turns on a binary jurisdictional question fully briefed since August 1. Each day of inaction intensifies irreparable financial and constitutional injury. Plaintiff therefore requests that this Court issue a **de novo ruling within seven (7) days** under 28 U.S.C. § 1657(a).

4

Respectfully submitted,

*[signature: Gregory Alvin James Van Etten]*

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff, Self-Represented

## Local Rule 7.1(a)(2) Certification

Pursuant to Local Rule 7.1(a)(2), Plaintiff certifies that because this motion seeks emergency judicial action concerning the Court's own exercise of jurisdiction under 28 U.S.C. § 636(b)(1) and § 1657(a), no conference could reasonably narrow or resolve the issue.

## Certificate of Service

Because Plaintiff's CM/ECF privileges have been suspended, this filing — *EMERGENCY MOTION TO WITHDRAW REFERENCE AND FOR IMMEDIATE DE NOVO RULING ON PLAINTIFF'S RULE 60(b)(4) MOTION (ECF 79) WITHIN SEVEN DAYS* and the accompanying *[Proposed] Order* — is being submitted by Certified Mail (USPS Tracking No. 9589 0710 5270 3102 5741 17) to the Clerk of Court for chambers review and forwarding to the Hon. Margaret R. Guzman, United States District Judge.

A true and correct copy of the same was served on Defendants' counsel, Nigel Stevens, Assistant Attorney General, by First-Class Mail and by email to nigel.stevens@mass.gov on November 6, 2025.

*[signature: Gregory Alvin James Van Etten]*

Gregory Alvin James Van Etten
Plaintiff, Self-Represented

5