# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

Gregory Alvin James Van Etten,

                    *Plaintiff,*

   v.

Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,

                    *Defendants.*

Case No. 4:24-cv-40113-MRG

## MOTION FOR MANDATORY ARTICLE III RULING ON PENDING RULE 60(b)(4) MOTION

**Gregory Alvin James Van Etten**
**c/o: 1530 P B LN #V1425**
**Wichita Falls, Texas [76302]**
**ph: 301-820-5302**
**email: jim.vanetten@gmail.com**
**Plaintiff, Self Represented**

**To the Honorable Margaret R. Guzman, United States District Judge:**

Plaintiff Gregory Alvin James Van Etten respectfully moves this Honorable Court for a mandatory Article III ruling on Plaintiff's pending Rule 60(b)(4) Motion (Dkt. 79), which has remained unresolved since **August 1, 2025**.

This **Motion does not seek new relief, does not raise new issues, and does not expand the pleadings.** It merely requests adjudication of an already-submitted, dispositive jurisdictional motion that must be resolved as a threshold matter under binding Supreme Court precedent.[1]

## I. INTRODUCTION AND RELIEF REQUESTED

Under *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998), a federal court must resolve its jurisdiction before taking any further action on the merits.

Rule 60(b)(4) requires a court to declare a judgment void when it was entered without personal jurisdiction or in violation of due process.

Plaintiff respectfully requests:

1. **A mandatory Article III ruling** on the pending Rule 60(b)(4) Motion (Dkt. 79); and

2. **A brief status acknowledgment** confirming the Motion is under active consideration.

No other relief is sought.

## II. PROCEDURAL POSTURE

### A. Rule 60(b)(4) has been fully briefed and pending for more than four months

Plaintiff filed the Rule 60(b)(4) Motion on **August 1, 2025**, supported by certified state-court records (Dkt. 119) establishing absence of lawful service and lack of personal jurisdiction. The Motion raises a **pure federal jurisdictional question.**

---

[1] This motion is not an attempt to expedite the underlying merits, but only to obtain the jurisdictional ruling required by *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). **Federal courts may not postpone jurisdictional determinations while a litigant continues to suffer ongoing constitutional harm.**

2

No hearing has been scheduled, and no Article III ruling has been issued.

### B. Magistrate Judge's filing-limitation order does not restrict this Motion

Plaintiff has **never consented** to magistrate jurisdiction under 28 U.S.C. § 636(c).

The District Judge has not adopted the magistrate's limitation order. Under § 636(b), a magistrate judge may not restrict filings directed to the Article III judge.

**This Motion is properly directed to Judge Guzman.**

### C. The First Circuit declined mandamus and left jurisdiction here

On December 8, 2025, the First Circuit denied Plaintiff's mandamus petition without reaching the jurisdictional defect. Thus, **all jurisdictional issues remain exclusively before this Court.**

## III. LEGAL STANDARD: THE COURT MUST DECIDE JURISDICTION FIRST

### A. Steel Co. mandates a ruling on jurisdiction

The Supreme Court holds that a federal court "must assure itself of its jurisdiction… before proceeding to the merits." Steel Co., 523 U.S. at 94.

This requirement is absolute and non-discretionary.

**The Supreme Court has made clear that a federal court has a mandatory duty to rule on matters properly presented to it, and may not decline to exercise jurisdiction.** *Ex parte United States*, 287 U.S. 241, 248 (1932) ("Where the law imposes a duty, the court must act."). *The duty to decide a jurisdictional challenge is therefore obligatory, not discretionary, and must be discharged promptly once invoked.*

### B. A void judgment must be vacated

Under *United Student Aid Funds v. Espinosa*, 559 U.S. 260, 271 (2010), and *Peralta v. Heights Medical Center*, 485 U.S. 80 (1988), a judgment entered without proper service or personal jurisdiction is void, not merely voidable.

A void judgment **cannot be enforced**, and the Court has a duty to declare it so.

### C. Jurisdictional defects cannot be waived, cured, or ignored

The Rule 60(b)(4) Motion raises a jurisdictional defect:

- Defective or absent service
- No waiver of service (under duress/coercion)
- Enforcement of orders entered in absence of personal jurisdiction
- Continuing federal enforcement actions built on void orders

Such defects must be adjudicated as a threshold matter under Article III.

## IV. CONTINUING IRREPARABLE HARM REQUIRES PROMPT ARTICLE III ATTENTION

Plaintiff's December 9, 2025 Notice of **Continuing Irreparable Harm** has been mailed to the Clerk under the filing-limitation order and is deemed filed on the date of mailing under *Houston v. Lack*, 487 U.S. 266 (1988) and Fed. R. App. P. 25(a)(2)(A)(iii).

It documents:

- ongoing wage garnishment,
- IRS lock-in withholding measures,
- administrative enforcement actions,

4

- all grounded in orders challenged as void.

Because Plaintiff's Rule 60(b)(4) Motion presents a pure federal constitutional question and ongoing enforcement harm, expedited consideration is warranted under 28 U.S.C. § 1657(a).

This ongoing harm **cannot be remedied without an Article III ruling** on the jurisdictional defect.

## V.  ARGUMENT

1. **The Court cannot proceed without ruling on the Rule 60(b)(4) Motion**

   Jurisdiction is a mandatory threshold inquiry. As long as the Motion remains unresolved, **no lawful further proceedings** may continue.

2. **The continued delay itself becomes a constitutional issue**

   Failure to rule on jurisdiction while enforcement continues creates a deprivation of due process and access to the courts. Jurisdiction cannot be postponed indefinitely.

3. **Plaintiff makes no new request—only adjudication of the pending motion**

   This motion does not reopen briefing, expand the record, or alter claims. It is a ministerial request for the Court to perform a required judicial function.

## VI.  RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. **Issue a ruling on the pending Rule 60(b)(4) Motion (Dkt. 79)** in accordance with Article III and Supreme Court precedent; and

5

2. Provide **a brief procedural status acknowledgment** confirming that the motion is under review.

Respectfully submitted,

*/s/ Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff, Self-Represented

### Certificate of Service

Because Plaintiff's CM/ECF privileges have been suspended, this filing — **MOTION FOR MANDATORY ARTICLE III RULING ON PENDING RULE 60(b)(4) MOTION** — is being submitted by Certified Mail (USPS Tracking No. 9589 0710 5270 3102 5742 47) to the Clerk of Court for chambers review and forwarding to the Hon. Margaret R. Guzman, United States District Judge.

A true and correct copy of the same was served on Defendants' counsel, Nigel Stevens, Assistant Attorney General, by First-Class Mail and by email to nigel.stevens@mass.gov on Thursday 11th December, 2025.

*/s/ Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
Plaintiff, Self-Represented