# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Gregory Alvin James Van Etten,<br><br>*Plaintiff,*<br>v.<br><br>Stephanie K. Fattman, Ashley Stewart, Megan Brown, Angelina Consolmagno, Michele Cristello, Jennifer Melia, Daniel M Wrenn, Serge Georges Jr., Michael S. Denham, Worcester Probate and Family Court, Child Support Services Division,<br><br>*Defendants.* | Case No. 4:24-cv-40113-MRG |

## NOTICE OF CONTINUING IRREPARABLE HARM, REQUEST FOR STATUS UPDATE, AND RESPECTFUL DEMAND FOR PROMPT ARTICLE III RULING ON PENDING RULE 60(b)(4) MOTION

Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff, Self Represented

**To the Honorable Margaret R. Guzman, United States District Judge:**

Plaintiff respectfully submits this Notice to update the Court on procedural developments, to document continuing irreparable harm, and to request a status update and

prompt Article III ruling on Plaintiff's pending Rule 60(b)(4) Motion (Dkt. 79). This Notice does not seek new relief, does not expand the issues before the Court, and is filed solely to preserve the record and facilitate orderly adjudication.

## I. Procedural Posture and Status After the First Circuit's Denial of Mandamus

On December 8, 2025, the United States Court of Appeals for the First Circuit denied Plaintiff's petition for writ of mandamus without opinion. The First Circuit did not decide the jurisdictional question, did not reach the merits of Plaintiff's Rule 60(b)(4) motion, and did not address this Court's delay in ruling on the pending void-judgment challenge.

Consequently, **all jurisdictional issues remain exclusively before this Court**, the only tribunal with Article III authority to decide them in the first instance.

## II. Magistrate Judge Hennessy's Filing Limitation Order Cannot Restrict Access to the Article III Court

Plaintiff notes that the filing-limitation order was issued solely by Magistrate Judge Hennessy under 28 U.S.C. § 636(b). Plaintiff has **never consented** to magistrate jurisdiction under § 636(c), and the District Judge has never adopted or entered the magistrate's restriction.

Under § 636(b), a magistrate judge may issue recommendations, but **may not restrict litigant access** to the Article III court or limit filings directed to the District Judge. Plaintiff preserved objections on the record.

Accordingly, this Notice is properly directed to the Article III Court and is permissible under governing law and the First Amendment right to petition for redress.

2

## III. Continuing Irreparable Harm and the Need for a Prompt Ruling

Plaintiff continues to incur **ongoing constitutional and financial injury**, including wage garnishment, IRS lock-in withholding measures, and administrative enforcement actions based on orders challenged as void ab initio for lack of personal jurisdiction and constitutionally defective service of process.

No court has yet adjudicated the jurisdictional defect, and the underlying injuries grow with each passing pay period. This is quintessential irreparable harm under *Peralta v. Heights Medical Center*, 485 U.S. 80 (1988) and *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998).

In addition, Congress has directed that federal courts **expedite actions where federal constitutional rights are at stake**. See 28 U.S.C. § 1657(a) (providing that courts "shall expedite the consideration of any action" if good cause is shown, and specifying that good cause is shown where a federal constitutional or statutory right "would be maintained in a factual context that indicates that a request for expedited consideration has merit"). Plaintiff's Rule 60(b)(4) motion presents a **pure federal constitutional question**—whether ongoing enforcement of state orders entered without personal jurisdiction and without constitutionally adequate service violates the Due Process Clause—and the continuing garnishment and IRS lock-in measures demonstrate precisely the kind of factual context that Congress had in mind when it required expedited treatment.

The Rule 60(b)(4) motion (Dkt. 79) has now been pending since August 1, 2025, and all certified evidence supporting voidness has been unrebutted (Dkt. 119).

## IV. Respectful Request for Status Update and Article III Ruling

Because the First Circuit has declined interlocutory intervention and left the jurisdictional issue squarely before this Court, Plaintiff respectfully requests:

3

1. **A status update** on the disposition of Plaintiff's pending Rule 60(b)(4) Motion (Dkt. 79); and

2. **A prompt Article III** ruling on that Motion at the Court's earliest convenience.

This request is not a new motion, seeks **no new relief**, and merely requests adjudication of an already-submitted dispositive motion that must, under *Steel Co.*, be resolved before any further proceedings can lawfully continue.

## V. Preservation of Rights

Plaintiff preserves all objections to delay, all rights under § 636(b), and all rights to seek further mandamus or emergency review should continued inaction result in further irreparable injury.

Respectfully submitted,

*Gregory Alvin James Van Etten*
Gregory Alvin James Van Etten
c/o: 1530 P B LN #V1425
Wichita Falls, Texas [76302]
ph: 301-820-5302
email: jim.vanetten@gmail.com
Plaintiff, Self-Represented

### Certificate of Service

Because Plaintiff's CM/ECF privileges have been suspended, this filing — **NOTICE OF CONTINUING IRREPARABLE HARM, REQUEST FOR STATUS UPDATE, AND RESPECTFUL DEMAND FOR PROMPT ARTICLE III RULING ON PENDING RULE 60(b)(4) MOTION** — is being submitted by Certified Mail (USPS Tracking No. 9589 0710 5270 3102 5741 93) to the Clerk of Court for chambers review and forwarding to the Hon. Margaret R. Guzman, United States District Judge.

4

A true and correct copy of the same was served on Defendants' counsel, Nigel Stevens, Assistant Attorney General, by First-Class Mail and by email to nigel.stevens@mass.gov on Tuesday 9th December, 2025.

*[Signature]*
Gregory Alvin James Van Etten
Plaintiff, Self-Represented