**Exhibits**

**Exhibit A — Enforcement Policy Documents**

| | |
|---|---|
| **Certification for FAO** | ➤ **How do we certify noncustodial parents for FAO?**<br>DOR certifies noncustodial parents for FAO electronically through the Federal Offset Program (FOP).<br><br>➤ **In an intergovernmental case, which child support agency certifies the noncustodial parent for FAO?**<br>In intergovernmental cases, the agency in the initiating state always certifies the noncustodial parents for FAO. The initiating state must notify the responding state of the amount of any collections. |
| **Priority of Offset Requests** | ➤ **If the noncustodial parent owes other debts that are subject to FAO requests, what is the priority of payment?**<br>In determining the priority of offset, the federal government applies payment of federal payments in the following order:<br>• Federal tax debts<br>• Past-due child support<br>• Other federal debts (e.g., student loans)<br>• State tax debts<br><br>➤ **If more than one IV-D agency certifies the noncustodial parent for FAO (for different cases), what is the priority of payment?**<br>If the payment is subject to offset requests by multiple IV-D agencies, the oldest certified debt gets paid first. It is the date of certification that controls, not the age of the past-due support. If a case was decertified at any point, the new certification date is used to determine the age of the debt for offset purposes. |
| **FAO and Bankruptcy** | ➤ **Can we certify a noncustodial parent for FAO if the parent has a pending bankruptcy?**<br>• If the noncustodial parent filed for bankruptcy under chapter 7, we can continue to certify for FAO.<br>• If the noncustodial parent filed for bankruptcy under chapter 11, 12, or 13, we cannot certify the parent for FAO. |

# Income Withholding Policy and Procedure

This policy explains the income withholding process. There is a general overview of income withholding, followed by a description of how DOR initiates income withholding, how DOR determines the amount to be withheld, and rules for employer compliance.

## Overview

### What is income withholding?
Income withholding is the process of collecting child support directly from any available periodic income source a parent has.

### What income is subject to withholding?
A parent's wages are the most common source, but income withholding is not limited to wages. Any periodic income is subject to withholding for child support, including bonuses, commissions, severance pay, agency benefit payments, workers' compensation payments, annuities, and insurance payments.

### Does income withholding apply to payments not from an employer?
Yes. It is not the relationship between the parent and the payor of income that controls: it is the nature of the payments. As long as a parent receives periodic payments, the payments are subject to income withholding. Examples of this include payments to independent contractors, workers' compensation claimants, unemployment recipients, and Social Security beneficiaries.

> *Note:* For purposes of this policy, the term "employer" refers to *any* payor of periodic income, unless otherwise indicated.

### When is income subject to withholding?
Federal and state law require that all child support orders must include a provision for immediate income withholding *unless* the court suspends the withholding.

### When is income withholding suspended?
Income withholding is suspended if the court orders it or if the parties enter into a written agreement that is approved by the court. If the court order is unclear, DOR deems it to be "suspended" and gives the parent paying support the opportunity to pay DOR directly.

### If suspended, when is income withholding implemented?
By statute, a new court order is not needed to implement a suspended income withholding order. DOR will implement a suspended income withholding order if:
- Either party requests it; or
- A parent's balance equals more than 30 days' worth of past-due support.

### Will DOR stop the withholding if a parent brings the case current?
No. Once the income withholding changes from suspended to implemented, there has to be a new court order suspending it, with one exception. If at the time DOR opened a case, the parent continued to pay the other parent directly before he/she knew the payments were required to go through DOR, we will change the income withholding status back to suspended and allow the parent to pay DOR directly. (For example, if we did not have an address for the parent and he/she did not get the welcome letter directing payments to DOR.)

### How does DOR implement income withholding?
DOR issues a federally-required Notice of Income Withholding Order (IWO) form to an employer, which instructs the employer to withhold child support from a parent's income and send the payment to DOR (see section on Issuing an IWO below).

**How can a parent paying support contest income withholding?**
In IV-D cases, a parent can contest income withholding for two reasons: he/she is not the parent required to pay support or the amount of the order is incorrect.

In a non-IVD income withholding-only case, the parent needs to return to the court that entered the order to contest the withholding.

**Who determines how much should be withheld?**
The court establishes a parent's child support obligation, but determining the actual amount to be collected through income withholding involves two steps. The first step requires DOR to determine what amount to include in the IWO issued to the employer and the second step requires the employer to apply certain rules that may limit the amount that can be withheld.

---

## Determining the Income Withholding Amount in Current Support Cases

**Are there differences between withholding in current support and arrears-only cases?**
For the most part, income withholding is the same in current support cases and arrears-only cases. The major differences relate to how DOR determines the amount to withhold. Information about how that is done follows.

**How does DOR determine how much to tell an employer to withhold in a current support case?**
In a current support case, DOR issues an IWO in the amount of the most recent court order. In an arrears-only case, DOR issues an IWO in the amount of the last current support order plus any court-ordered arrears amount. If there is no court-ordered arrears amount, DOR collects 125% of the last current support obligation. Under limited circumstances, DOR may adjust the amount collected in an arrears-only case.

**What if there is a court-ordered arrears amount?**
If there is a court-ordered arrears amount, DOR includes that amount on the IWO in addition to the current support amount until the balances equal zero. Once those arrears are paid, the court-ordered arrears amount no longer applies and should be removed from the system. Should additional arrears accrue, the rules relating to the 25% acceleration, discussed below, apply.

**Can DOR change the amount withheld in a current support case?**
The only change DOR can make is to increase the current support order by the 25% acceleration if certain criteria are met (see next section). Only the court can modify the amount of the current support order and DOR cannot make any administrative change.

---

## 25% Acceleration in Current Support Cases

**What is the 25% acceleration process?**
Massachusetts law requires that in a IV-D case, DOR shall increase income withholding by 25% if arrears accrue.

**Can 25% acceleration be used if a parent has filed for bankruptcy?**
If a parent has filed Chapter 13 bankruptcy, the 25% acceleration is **not** available and **must be terminated**. The 25% acceleration is available if a parent filed Chapter 7 bankruptcy. Staff must email CSE Bankruptcy in any case where a parent mentions bankruptcy (whether Chapter 7 or 13).

**Can 25% acceleration be used on an out of state order?**
The 25% acceleration cannot be used on a non-Massachusetts order until the order has been registered and a Massachusetts court has issued a Confirmation of Order.

# BANK LEVY POLICY AND PROCEDURE

| COMETS CSE666 SCREEN: LEVY SUMMARY | COMETS CSE654 SCREEN: MANUAL BANK LEVY GENERATION |
|---|---|
| • Access by selecting Enforce, Administrative Enforce, Levy (EAV) on the COMETS drop-down menu. | • Access from the CSE666 screen by selecting the ADD button at bottom of screen. |
| • Chronological list of levy notices issued to all financial institutions reporting accounts associated with noncustodial parent, beginning with most recent. | • Lists the following information for each known asset associated with the noncustodial parent in that financial institution: |
| • Each line entry represents a single levy notice, which attaches to all accounts noncustodial parent has or opens in the bank within 60 days of the notice date. | ▸ Account number; <br> ▸ Account type; (Go to → Bank Account – Financial Asset Type Table for a list of account types) <br> ▸ Account status; (Go to → CSE604 Financial Asset Screen for a list of possible account statuses) and <br> ▸ Date the most recent account status was recorded. |
| K  Filter to see only those levies issued to a specific financial institution by entering the institution's COMETS identification number in the FIN INST ID field at the top of the screen. | |
| 10 | • Staff in the Bank Levy Unit only are authorized to manually generate bank levy notices.  To request a manual bank levy notice, send an e-mail to ▆▆▆ and include: |
| • Provides the following information for each levy: | ▸ Noncustodial parent's name, SSN and PIN; <br> ▸ Name of financial institution where levy is to be issued; and <br> ▸ Bank account number, if known. |
| • Levy number; <br> • Date sent to financial institution; <br> • Levy status: <br> ▸ Active (AC) – populates if a there is an active levy.  Status remains active even if partial release or bank levy exemption granted. <br> ▸ Inactive (IN) – populates if levy is fully released, arrears go to zero or levy expires. <br> • Amount recorded on levy; and <br> • Financial institution name and identification number. | Sporadic or Minimum Payments – Manual Levy Notices <br><br> • If review of noncustodial parent's payment history reveals a pattern of sporadic or minimum payments made to avoid bank levy and there is an Active Annual Notice, staff can request a manual bank levy notice, even if noncustodial parent does not otherwise meet eligibility criteria. |
| • To view all known accounts associated with a specific levy notice (i.e., all known accounts in a specific financial institution), enter an "S" next to the levy number to go to the CSE608 Levy Detail Information screen. (Go to → COMETS CSE608 Screen: Levy Detail Information) | |

## CSE608 LEVY DETAIL INFORMATION SCREEN

- Access from the CSE666 Levy Summary screen by selecting a levy in "S" column.

- A new screen, containing the following detailed information about the levy, is created for each levy issued:

  ▶ Financial Institution ID number:  drill on this field to access the CSE267 Agency Detail screen for information about the financial institution;

  ▶ Levy status;  (Go to → Levy Results Table for a list of possible levy statuses)

  ▶ Account numbers for all known accounts noncustodial parent has in that financial institution;

  ▶ Account type;  (Go to → Bank Account – Financial Asset Type Table for a list of account types)

  ▶ Account status:  drill on this field to access the CSE604 Financial Asset screen to change the account status;  (Go to → CSE604 Financial Asset Screen)
  11

  ▶ Date the most recent account status was recorded; and

  ▶ Whether a full or partial release or bank levy exemption was issued, as indicated by the following codes recorded in the RELEASE field:

    - FULL:  full release issued for all accounts with FULL recorded in RELEASE field.
    - PART:  partial release issued, as follows:
      ☐ If recorded in RELEASE column for all accounts, indicates that amount of levy was modified;
      ☐ If recorded in RELEASE column for one account only, indicates that selected account was released from levy.
      EXEM:  bank levy exemption granted for selected account.

- Reprint of original levy notice:  All staff can reprint a copy of original levy notice, with original levy date and amount:

  - Type YES in the REPRINT LEVY field on CSE608 screen.
  - Reprint of levy notice will print locally.

**Exhibit B — Income Withholding Order**

## INCOME WITHHOLDING FOR SUPPORT

**I. Sender Information: (Completed by the Sender)** Date: 05/02/2023

☑ **INCOME WITHHOLDING ORDER/NOTICE FOR SUPPORT (IWO)** ☐ **AMENDED IWO**

☐ **ONE-TIME ORDER/NOTICE FOR LUMP SUM PAYMENT** ☐ **TERMINATION OF IWO**

☑ Child Support Enforcement (CSE) Agency ☐ Court ☐ Attorney ☐ Private Individual/Entity (Check One)

**NOTE:** This IWO must be regular on its face. Under certain circumstances you must reject this IWO and return it to the sender (see IWO instructions www.acf.hhs.gov/css/resource/income-withholding-for-support-instructions). If you receive this document from someone other than a state or tribal CSE agency or a court, a copy of the underlying support order must be attached.

State/Tribe/Territory MASSACHUSETTS | Remittance ID (include w/payment) 0023210100
City/County/Dist./Tribe MASSACHUSETTS | Order ID
Private Individual Entity | Case ID 0004701648

**II. Employer and Case Information: (Completed by the Sender)**

INSIGHT GLOBAL LLC | RE: VANETTEN, GREGORY
Employer/Income Withholder's Name | Employee/Obligor's Name (Last, First, Middle)
1224 HAMMOND DR NE |
Employer/Income Withholder's Address | Employee/Obligor's Social Security Number
STE 1500 | 03/17/1969
| Employee/Obligor's Date of Birth
ATLANTA, GA 30346-1537 | VAN ETTEN, SHELLEY ANN
| Custodial Party/Obligee's Name (Last, First, Middle)

Employer/Income Withholder's FEIN 20-8775560

| Child(ren)'s Name(s) (Last, First, Middle) | Child(ren)'s Birth Date(s) |
| --- | --- |
| VAN ETTEN, CALEB JAMES | /2003 |
| VAN ETTEN, BRITTANY | /1997 |
| VAN ETTEN, SHANNA | /1995 |
| VAN ETTEN, JOSHUA THOMAS | /2001 |

**III. Order Information: (Completed by the Sender)**

This document is based on the support order from MASSACHUSETTS (State/Tribe).
You are required by law to deduct these amounts from the employee/obligor's income until further notice.

| | | | |
| --- | --- | --- | --- |
| $ | 0.00 | Per | current child support |
| $ | 421.25 | Per WEEKLY | past-due child support - Arrears greater than 12 weeks? ☑ Yes ☐ No |
| $ | 0.00 | Per | current cash medical support |
| $ | 0.00 | Per | past-due cash medical support |
| $ | 0.00 | Per | current spousal support |
| $ | 0.00 | Per | past-due spousal support |
| $ | 0.00 | Per | other (must specify) |

for a **Total Amount to Withhold of $** 421.25 per WEEKLY .

**IV. Amounts to Withhold: (Completed by the Sender)**

You do not have to vary your pay cycle to be in compliance with the *Order Information*. If your pay cycle does not match the ordered payment cycle, withhold one of the following amounts:

$ 421.25 per weekly pay period | $ 912.71 per semimonthly pay period (twice a month)
$ 842.50 per biweekly pay period (every two weeks) | $ 1825.42 per monthly pay period
$ 0.00 **Lump Sum Payment:** Do not stop any existing IWO unless you receive a termination order.

PAPERWORK REDUCTION ACT OF 1995 (Pub. L. 104-13) STATEMENT OF PUBLIC BURDEN: The purpose of this information collection is to provide uniformity and standardization. Public reporting burden for this collection of information is estimated to average two to five minutes per response, including the time for reviewing instructions, gathering and maintaining the data needed, and reviewing the collection of information. This is a mandatory collection of information in accordance with 45 CFR 303.100 of the Child Support Enforcement Program. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information subject to the requirements of the Paperwork Reduction Act of 1995, unless it displays a currently valid OMB control number. If you have any comments on this collection of information, please contact the Employer Services Team by email at employerservices@acf.hhs.gov.

Employer/Income Withholder's Name: INSIGHT GLOBAL LLC _____ Employer/Income Withholder's FEIN: 20-8775560 _____

Employee/Obligor's Name: VANETTEN, GREGORY _____ SSN: ~~XXXXXXXXX~~

Case ID: 0004701648 _____ Order ID: _____

## V. Remittance Information: (Completed by the Sender except for the "Return to Sender" check box.)

If the employee/obligor's principal place of employment is MASSACHUSET (State/Tribe), you must begin withholding no later than the first pay period that occurs 03 days after the date of MAILING of the order/notice. Send payment within 03 business days of the pay date. If you cannot withhold the full amount of support for any or all orders for this employee/obligor, withhold 65 % of disposable income for all orders. If the employee/obligor's principal place of employment is not MASSACHUSETTS (State/Tribe), obtain withholding limitations, time requirements, the appropriate method to allocate among multiple child support cases/orders and any allowable employer fees from the jurisdiction of the employee/obligor's principal place of employment.

State-specific withholding limit information is available at www.acf.hhs.gov/css/resource/state-income-withholding-contacts-and-program-requirements. For tribe-specific contacts, payment addresses, and withholding limitations, please contact the tribe at www.acf.hhs.gov/sites/default/files/programs/css/tribal_agency_contacts_printable_pdf.pdf or www.bia.gov/tribalmap/DataDotGovSamples/tld_map.html.

You may not withhold more than the lesser of: 1) the amounts allowed by the Federal Consumer Credit Protection Act (CCPA) [15 USC §1673 (b)]; or 2) the amounts allowed by the law of the state of the employee/obligor's principal place of employment if the place of employment is in a state; or the tribal law of the employee/obligor's principal place of employment if the place of employment is under tribal jurisdiction. The CCPA is available at www.dol.gov/sites/dolgov/files/WHD/legacy/files/garn01.pdf. If the Order Information section does not indicate that the arrears are greater than 12 weeks, then the employer should calculate the CCPA limit using the lower percentage.

If there is more than one IWO against this employee/obligor and you are unable to fully honor all IWOs due to federal, state, or tribal withholding limits, you must honor all IWOs to the greatest extent possible, giving priority to current support before payment of any past-due support.

If the obligor is a nonemployee, obtain withholding limits from the **Supplemental Information** section in this IWO. This information is also available at www.acf.hhs.gov/css/resource/state-income-withholding-contacts-and-program-requirements.

**Remit payment to** COMMONWEALTH OF MASSACHUSETTS _____ (SDU/Tribal Order Payee)
at P.O.BOX 55140 BOSTON, MA 02205-5140 _____ (SDU/Tribal Payee Address)

Include the Remittance ID with the payment and if necessary this locator code of the SDU/Tribal order payee 2500000 on the payment.

To set up electronic payments or to learn state requirements for checks, contact the State Disbursement Unit (SDU). Contacts and information are found at www.acf.hhs.gov/css/resource/sdu-eft-contacts-and-program-requirements.

☐ **Return to Sender (Completed by Employer/Income Withholder).** Payment must be directed to an SDU in accordance with sections 466(b)(5) and (6) of the Social Security Act or Tribal Payee (see Payments in Section VI). If payment is not directed to an SDU/Tribal Payee or this IWO is not regular on its face, you must check this box and return the IWO to the sender.

**If Required by State or Tribal Law:**
Signature of Judge/Issuing Official: _____
Print Name of Judge/Issuing Official: MICHELE A. CRISTELLO _____
Title of Judge/Issuing Official: DEPUTY COMMISSIONER _____
Date of Signature: _____

If the employee/obligor works in a state or for a tribe that is different from the state or tribe that issued this order, a copy of this IWO must be provided to the employee/obligor.

☐ If checked, the employer/income withholder must provide a copy of this form to the employee/obligor.

Employer/Income Withholder's Name: INSIGHT GLOBAL LLC     Employer/Income Withholder's FEIN: 20-8775560

Employee/Obligor's Name: VANETTEN, GREGORY     SSN: ████████

Case ID: 0004701648     Order ID:

## VI. Additional Information for Employers/Income Withholders: (Completed by the Sender)

**Priority:** Withholding for support has priority over any other legal process under State law against the same income (section 466(b)(7) of the Social Security Act). If a federal tax levy is in effect, please notify the sender.

**Payments:** You must send child support payments payable by income withholding to the appropriate State Disbursement Unit or to a tribal CSE agency within 7 business days, or fewer if required by state law, after the date the income would have been paid to the employee/obligor and include the date you withheld the support from his or her income. You may combine withheld amounts from more than one employee/obligor's income in a single payment as long as you separately identify each employee/obligor's portion of the payment. Child support payments may not be made through the federal Office of Child Support Enforcement (OCSE) Child Support Portal.

**Lump Sum Payments:** You may be required to notify a state or tribal CSE agency of upcoming lump sum payments to this employee/obligor such as bonuses, commissions, or severance pay. Contact the sender to determine if you are required to report and/or withhold lump sum payments. Employers/income withholders may use OCSE's Child Support Portal (ocsp.acf.hhs.gov/csp/) to provide information about employees who are eligible to receive lump sum payments and to provide contacts, addresses, and other information about their companies. Child support payments may not be made through the federal OCSE Child Support Portal.

**Liability:** If you have any doubts about the validity of this IWO, contact the sender. If you fail to withhold income from the employee/obligor's income as the IWO directs, you are liable for both the accumulated amount you should have withheld and any penalties set by state or tribal law/procedure. _____

_____

_____

_____

_____

**Anti-discrimination:** You are subject to a fine determined under state or tribal law for discharging an employee/obligor from employment, refusing to employ, or taking disciplinary action against an employee/obligor because of this IWO.

_____

_____

_____

_____

**Supplemental Information:** _____

Employee Birth Date: 03/17/1969

_____

_____

_____

_____

_____

Employer/Income Withholder's Name: <u>INSIGHT GLOBAL LLC</u>   Employer/Income Withholder's FEIN: <u>20-8775560</u>

Employee/Obligor's Name: <u>VANETTEN, GREGORY</u>   SSN: <u>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</u>

Case ID: <u>0004701648</u>   Order ID: _____

## VII. Notification of Employment Termination or Income Status: (Completed by the Employer/Income Withholder)

If this employee/obligor never worked for you or you are no longer withholding income for this employee/obligor, you must promptly notify the CSE agency and/or the sender by returning this form to the address listed in the **Contact Information** section below or using OCSE's Child Support Portal (ocsp.acf.hhs.gov/csp/).  Please report the new employer or income withholder, if known.

☐ This person has never worked for this employer nor received periodic income.

☐ This person no longer works for this employer nor receives periodic income.

Please provide the following information for the employee/obligor:

Termination date: _____   Last known telephone number: _____

Last known address: _____

_____

Final payment date to SDU/Tribal Payee: _____   Final payment amount: _____

New employer's or income withholder's name: _____

New employer's or income withholder's address: _____

_____

## VIII.  Contact Information: (Completed by the Sender)

**To Employer/Income Withholder:**  If you have questions, contact <u>EMPLOYER SERVICES GROUP</u>   (sender name) by

telephone: <u>(800) 332-2733</u>   , by fax:_____, by email or website: _____.

Send termination/income status notice and other correspondence to:_____

_____ (sender address).

**To Employee/Obligor:**  If the employee/obligor has questions, contact <u>CUSTOMER SERVICE BUREA</u> (sender name)

by telephone: <u>(800) 332-2733</u> , by fax: <u>(617) 887-7570</u> , by email or website: <u>CSEGEN@DOR.STATE.MA.US</u>   .

IMPORTANT:  The person completing this form is advised that the information may be shared with the employee/obligor.

**Encryption Requirements:**
When communicating this form through electronic transmission, precautions must be taken to ensure the security of the data. Child support agencies are encouraged to use the electronic applications provided by the federal Office of Child Support Enforcement. Other electronic means, such as encrypted attachments to emails, may be used if the encryption method is compliant with Federal Information Processing Standard (FIPS) Publication 140-2 (FIPS PUB 140-2).

# Exhibit C — Agency Activity Logs (System-Initiated Enforcement)

**Activity Log Entries**

| Date ▽ | Source | Activity Type | Category | Subcategory | Added By |
|---|---|---|---|---|---|
| 06/28/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 06/28/2025 Certification Tax Year: 2025 TANF Balance: 12002.00 Non-TANF Balance: 63216.00 Total Certified Balance: 75218.00 Inf Upd: Update | | | | |
| 06/21/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 06/21/2025 Certification Tax Year: 2025 TANF Balance: 12002.00 Non-TANF Balance: 63637.00 Total Certified Balance: 75639.00 Inf Upd: Update | | | | |
| 06/14/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 06/14/2025 Certification Tax Year: 2025 TANF Balance: 12002.00 Non-TANF Balance: 64059.00 Total Certified Balance: 76061.00 Inf Upd: Update | | | | |
| 06/07/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 06/07/2025 Certification Tax Year: 2025 TANF Balance: 12002.00 Non-TANF Balance: 64480.00 Total Certified Balance: 76482.00 Inf Upd: Update | | | | |
| 05/31/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 05/31/2025 Certification Tax Year: 2025 TANF Balance: 12002.00 Non-TANF Balance: 64901.00 Total Certified Balance: 76903.00 Inf Upd: Update | | | | |

**Activity Log Entries**

| Date ▽ | Source | Activity Type | Category | Subcategory | Added By |
|---|---|---|---|---|---|
| 05/24/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 05/24/2025 Certification Tax Year: 2025 TANF Balance: 11953.00 Non-TANF Balance: 65143.00 Total Certified Balance: 77096.00 Inf Upd: Update | | | | |
| 05/17/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 05/17/2025 Certification Tax Year: 2025 TANF Balance: 11953.00 Non-TANF Balance: 65565.00 Total Certified Balance: 77518.00 Inf Upd: Update | | | | |
| 05/10/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 05/10/2025 Certification Tax Year: 2025 TANF Balance: 11953.00 Non-TANF Balance: 65986.00 Total Certified Balance: 77939.00 Inf Upd: Update | | | | |
| 05/03/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 05/03/2025 Certification Tax Year: 2025 TANF Balance: 11953.00 Non-TANF Balance: 66407.00 Total Certified Balance: 78360.00 Inf Upd: Update | | | | |
| 04/26/2025 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |
| | The NCP has been certified for the Federal Offset Program. Date of Submission: 04/26/2025 Certification Tax Year: 2025 TANF Balance: 11953.00 Non-TANF Balance: 66828.00 Total Certified Balance: 78781.00 Inf Upd: Update | | | | |

## Activity Log Entries

| Date ▽ | Source | Activity Type | Category | Subcategory | Added By |
|--------|--------|---------------|----------|-------------|----------|
| 01/18/2020 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |

The NCP has been certified for the Federal Offset Program. Date of Submission: 01/18/2020 Certification Tax Year: 2020 TANF Balance: 10336.00 Non-TANF Balance: 102725.00 Total Certified Balance: 113061.00 Inf Upd: Update

| Date ▽ | Source | Activity Type | Category | Subcategory | Added By |
|--------|--------|---------------|----------|-------------|----------|
| 01/11/2020 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |

The NCP has been certified for the Federal Offset Program. Date of Submission: 01/11/2020 Certification Tax Year: 2020 TANF Balance: 10336.00 Non-TANF Balance: 102725.00 Total Certified Balance: 113061.00 Inf Upd: Update

| Date ▽ | Source | Activity Type | Category | Subcategory | Added By |
|--------|--------|---------------|----------|-------------|----------|
| 01/04/2020 | PARTICIPANT ACTIVITY LOG | System Initiated | Enforcement | Federal Administrative Offset | SYSTEM |

The NCP has been certified for the Federal Offset Program. Date of Submission: 01/04/2020 Certification Tax Year: 2020 TANF Balance: 10336.00 Non-TANF Balance: 102725.00 Total Certified Balance: 113061.00 Inf Upd: Update

19

**Exhibit D — Agency Activity Logs (Employer Communications)**

## Activity Log Entries

| Date ▽ | Source | Activity Type | Category | Subcategory | Added By |
|---|---|---|---|---|---|
| 06/11/2025 | CASE ACTIVITY LOG | Worker Initiated | Case Management | Case Update | K.M. |
| | Email rec'd from A. Clayman advising that she/they will respond to the NCP's request. | | | | |
| 06/10/2025 | CASE ACTIVITY LOG | Worker Initiated | Intergovernmental | Case Update | K.M. |
| | The NCP submitted a public records request regarding his case. Email sent to Atty G. N | for guidance on how to proceed, Atty M | advised to email A. Clayman on this day to request that the incoming documents be rev'd for next steps. Closed both VL1. | | |
| 06/10/2025 | CASE ACTIVITY LOG | Worker Initiated | Litigation | Case Update | G.M. |
| | accessed case this date in response to email received from Case Management team - NCP submitted a public records request re: his case - email to Case Management worker advising to email documents to attorney A. Clayman for review | | | | |
| 02/19/2025 | CASE ACTIVITY LOG | Worker Initiated | Employer | Case Update | G.R. |
| | RECD EMPLOYER CALL FROM INSIGHT GLOBAL LLC -RE IWO SEEKING IF ORDER IS ACTIVE AS NCP IS TELLING THEM THAT THIS ORDER IS NOT ACTIVE. EXPLAINED THAT CASE IS ARREARS ONLY EXPLAINED TO EMPLOYER IN GENERAL TERM ARREARS ONLY P&P AND THAT DOR IS COLLECTION ON PASS DUE BALANCE. EMPLOYER IS GARNISH NCP WAGES, ADVISE EMPLOYER IF NCP HAS ANY QUESTION ON HIS SIDE OF THE CASE TO CALL AND SPEAK WITH CUSTOMER SERVICES. | | | | |
| 10/16/2024 | CASE ACTIVITY LOG | Worker Initiated | Employer | Case Update | G.R. |
| | EMPLOYER RETURN COMPLIANCE LETTER: NCP IS AN ACTIVE EMPLOYEE AGAIN, C/S GARNISHMENT HAS BEEN RESUME, CONFIRM EMPLOYER PAYMENT ARE BEING REC'D, UPDATED EMPLOYER STATUS ON FILE TO ACTIVE). | | | | |
| 09/17/2024 | CASE ACTIVITY LOG | Worker Initiated | Litigation | Legal Notes | K.S. |
| | Received 3 complaints and summons filed by NCP in federal district court, 4:24-CV-40113-DHH, on 9/5/2024 with numerous judges, court staff and DOR staff named as defendants. Forwarded copies to OCLC. | | | | |
| 08/22/2024 | CASE ACTIVITY LOG | Worker Initiated | Employer | Case Update | M.M. |
| | T/C from Insight Global. Per employee, NCP term'd 6/29/24; updated employee status to Terminated/Alternate. | | | | |
| 08/22/2024 | CASE ACTIVITY LOG | Worker Initiated | Employer | Case Update | L.Q. |
| | NCP's employer INSIGHT GLOBAL LLC returning DOR call. Angela Shine in payroll. Advised Angela DOR has not received a payment for NCP since 7/8/24. Angela states she is going to research and contact DOR back with an update on NCP's employee status and she provided her direct tel # 404-328-2546. | | | | |
| 08/22/2024 | CASE ACTIVITY LOG | Worker Initiated | Employer | Case Update | C.Z. |
| | CLOSED CRH-V141- LAST EMPLOYER PAYMENT REC'D 7/8/24. CALLED INSIGHT GLOBAL (404) 257-7933 AND LEFT MESSAGE REQUESTING CALL BACK FROM PAYROLL. ALSO SENT EMPLOYER COMPLIANCE LETTER | | | | |
| 08/08/2024 | CASE ACTIVITY LOG | Worker Initiated | Customer Contact | Customer Contact | J.F. |
| | Mailed CP a copy of father's motion to vacate his divorce judgment and supporting affidavit. | | | | |

## Activity Log Entries

| Date ▽ | Source | Activity Type | Category | Subcategory | Added By |
|---|---|---|---|---|---|
| 07/23/2024 | CASE ACTIVITY LOG | Worker Initiated | Customer Contact | Documents | K.M. |
| | VL1 - Incoming Notice to Agent is Notice to Principals dated 7/11/24. Please see prior notes from attorney 7/19/24 as theses documents already reviewed | | | | |
| 07/19/2024 | CASE ACTIVITY LOG | Worker Initiated | Customer Contact | Customer Contact | K.P. |
| | Left message returning CP's call re: motions filed by NCP in federal court and probate court. Explained that both motions were forwarded to Office of Chief Legal Counsel for monitoring. Explained that per OCLC activity log, the magistrate judge has already recommended sua sponte dismissal of federal court action, so likely no action will be necessary on that case. Probate court motion has not been docketed yet. Prior motion to vacate was denied by Probate Court, and court may do so again on the papers if the filing is opposed, and docketed. However, advised CP to keep an eye out for any hearing notice in case a hearing is scheduled on the motion so that she can appear to state that she is opposed. Provided callback number for additional questions. | | | | |
| 07/17/2024 | PARTICIPANT ACTIVITY LOG | Worker Initiated | Litigation | Case Update | M.D. |
| | - Provided information on federal habeas action filed by NCP to CLC F | Case number is 4:24-cv-40066-MRG in District of Massachusetts. Magistrate Judge has already recommended | | | |
| 07/17/2024 | CASE ACTIVITY LOG | Worker Initiated | Customer Contact | Customer Contact | D.D. |
| | Received Motion for Preliminary Injunction, forwarded to me and CLC F      by K       S       dismissal sua sponte for lack of jurisdiction. DOR has not been served. | | | | |
| 07/17/2024 | CASE ACTIVITY LOG | Worker Initiated | Customer Contact | Customer Contact | D.D. |
| | CP call re received motion to vacate/void judgement, copy in documents -trans to K. P | | | | |
| 07/15/2024 | CASE ACTIVITY LOG | Worker Initiated | Customer Contact | Documents | K.M. |
| | 2 VL1 - Incoming Motion to Vacate Void Judgement & Notice to Agent is Notice to Principals from NCP. See prior notes regarding NCP filings and claims, existing VL1 to legal for review of documents. Closed 2 VL1 | | | | |

**Exhibit E — Correspondence Requesting Judicial Authority**


**RE: Follow-Up Re: IWO Signed by Deputy Commissioner Cristello – Request for Underlying Judicial Judgment **EXTERNAL EMAIL****
2 messages

**Clayman, Amy M. (DOR)** <claymana@dor.state.ma.us>                    Fri, Jul 25, 2025 at 10:59 AM
To: Jim Van Etten <jim.vanetten@gmail.com>

Dear Mr. Van Etten –

You can obtain copies of all court pleadings in your child support case from the probate and family court.

Sincerely,

Amy M. Clayman, Counsel

Department of Revenue

Child Support Services Division



This email and any attachments contain information that has been classified as **Federal Tax Information, Federal Parent Locator Service Information, Child Support Program Information, or Social Security Administration Information**.

**From:** Jim Van Etten <jim.vanetten@gmail.com>
**Sent:** Friday, July 11, 2025 10:46 AM
**To:** Clayman, Amy M. (DOR) <claymana@dor.state.ma.us>
**Subject:** Follow-Up Re: IWO Signed by Deputy Commissioner Cristello – Request for Underlying Judicial Judgment **EXTERNAL EMAIL****

**This Message Is From an Untrusted Sender**

You have not previously corresponded with this sender.

Dear Attorney Clayman,

I am writing to follow up on our prior correspondence concerning the Income Withholding Order (IWO) issued against me and signed by Deputy Commissioner Michele A. Cristello. As you know, Deputy Commissioner Cristello is a named defendant in my pending § 1983 action currently before the U.S. District Court for the District of Massachusetts, with related issues now also under review by the First Circuit (Case No. 25-1095).

Please find attached my formal letter dated July 11, 2025, which supplements previous requests and outlines my demand for production of the judicial support judgment, if any, that forms the legal basis for the IWO. The letter also seeks clarification as to whether any certification, IRS Form 3949-A, or equivalent referral has been submitted by your office concerning my alleged support obligation or tax status.

If no such judgment or certification exists, I respectfully request that your office confirm that in writing within ten (10) business days.

This request is submitted in good faith and is necessary to preserve the factual record in active federal proceedings.

Sincerely,
**Gregory Alvin James Van Etten**

CAUTION: This is an EXTERNAL email. Do not open attachments or click on links unless you have confirmed the identity of the sender.

This email and any attachments may contain information that has been classified as Confidential or Restricted if indicated as such. It is intended exclusively for the use of the individual(s) to whom it is addressed. If inappropriately disclosed, this information could seriously damage the mission, safety or integrity of an agency, its staff, or its constituents. This information may be protected by federal and state laws or regulations. Retransmission or forwarding of this email must only be done after receiving explicit written approval from the original sender of the email. The data must only be stored in encrypted format.

If you are not the intended recipient, you may not use, copy, distribute, or forward this message or contents to anyone. If you have received this email in error, please notify the sender immediately and delete the email from your email system.

**Jim Van Etten** <jim.vanetten@gmail.com>                                                          Fri, Jul 25, 2025 at 11:48 AM
To: "Clayman, Amy M. (DOR)" <claymana@dor.state.ma.us>

Dear Attorney Clayman,

Thank you for your reply. However, I must respectfully clarify that if such a judicial support judgment existed on the docket, I would not be requesting it from your office. I have thoroughly reviewed the probate and family court record and have found no lawful judicial order that authorizes the Income Withholding Order (IWO) issued against me.

That is precisely why this request was made—to determine what specific document or legal basis was used by your office to initiate wage garnishment, particularly when the signature on the IWO appears administrative rather than judicial, and no certification, IRS Form 3949-A, or statutory referral process has been identified.

Your failure to identify the underlying authority for such a serious deprivation of property rights constitutes a due process violation. You are hereby placed on notice that I reserve all rights to name you individually in my ongoing 42 U.S.C. § 1983 civil rights action if you or your office continue to avoid compliance with lawful disclosure obligations.

I expect a substantive response within the original 10-day period.

Sincerely,
Gregory Alvin James Van Etten
Pro Se Litigant
301-820-5302
jim.vanetten@gmail.com

[Quoted text hidden]


## RE: Final Demand for Judicial Basis of Income Withholding Order – Attachment Included **EXTERNAL EMAIL**

1 message

**Fishbein, Joshua R. (DOR)** <fishbeinj@dor.state.ma.us>
To: Jim Van Etten <jim.vanetten@gmail.com>
Cc: "Clayman, Amy M. (DOR)" <claymana@dor.state.ma.us>

Mon, Jul 28, 2025 at 12:08 PM

Dear Mr. Van Etten,

I appreciate your continued request for information about your case. Please understand that since DOR is represented by counsel, and your request is the subject of the litigation that you initiated, it is not appropriate for DOR to continue to respond outside of the course of litigation.

Best regards,

**Joshua Fishbein**

Chief Legal Counsel

Massachusetts Department of Revenue

Child Support Services Division

100 Cambridge Street, PO BOX 9561

Boston, Massachusetts 02114

Tel: (617) 626-2688 / Fax: (617) 660-9873



**From:** Jim Van Etten <jim.vanetten@gmail.com>
**Sent:** Friday, July 25, 2025 6:37 PM
**To:** Fishbein, Joshua R. (DOR) <fishbeinj@dor.state.ma.us>
**Cc:** Clayman, Amy M. (DOR) <claymana@dor.state.ma.us>
**Subject:** Fwd: Final Demand for Judicial Basis of Income Withholding Order – Attachment Included **EXTERNAL EMAIL**

---

**This Message Is From an External Sender**

This message came from outside your organization.

25

Dear Mr. Fishbein,

I am forwarding this correspondence due to Ms. Clayman's out-of-office reply. While I respect personal time, please understand that the Commonwealth's responsibilities under Title IV-D are not suspended due to staff absence—particularly when constitutional rights and active federal litigation are involved.

As outlined in the attached demand, this is not a discovery request. It is a formal notice to cure an ongoing constitutional violation stemming from the issuance of an Income Withholding Order (IWO) without a judicial support order as required under **42 U.S.C. § 666(b)(1)** and **M.G.L. c. 119A § 12(b) (6)**. I have reviewed the docket and have not located any valid court order authorizing the IWO, which is precisely why this request was made.

The Department's vague prior response directing me to contact the Probate Court does not satisfy its obligation to confirm or deny whether any judicial order with the requisite language exists. If no such order exists, that fact must be confirmed in writing.

Please note:

- This matter is now part of active proceedings in both the U.S. District Court for the District of Massachusetts and the First Circuit (Case No. 25-1095).
- The Department's response—or continued silence—will be added to the record in both courts.
- I require a clear written response **no later than close of business on Monday, July 22, 2025**.
- If no valid order exists, that fact must be explicitly acknowledged.
- Continued refusal to cure this violation will support my right to amend my ongoing **42 U.S.C. § 1983** complaint to include responsible parties under color of law, including Ms. Clayman and others, as applicable.

This correspondence preserves my rights and documents the Department's opportunity to clarify its legal basis for enforcement.

Sincerely,
**Gregory Alvin James Van Etten**
Pro Per Plaintiff
jim.vanetten@gmail.com
301-820-5302



---------- Forwarded message ---------
From: **Jim Van Etten** <jim.vanetten@gmail.com>
Date: Fri, Jul 25, 2025 at 2:37 PM
Subject: Final Demand for Judicial Basis of Income Withholding Order – Attachment Included
To: Clayman, Amy M. (DOR) <claymana@dor.state.ma.us>


Dear Attorney Clayman,

Please find attached my **Final Demand for Production of Judicial Basis for Income Withholding Order (IWO)**, dated July 25, 2025. This correspondence reiterates and formalizes the concerns previously raised in our email exchange, specifically the unlawful issuance of an IWO without any judicial order containing the required statutory language for "immediate income withholding."

Your prior response—merely directing me to the Probate and Family Court—was evasive and inadequate. I would not be requesting this documentation if it existed on the docket. The absence of any such lawful order is precisely the issue, and your refusal to confirm or deny its existence has now become material to pending proceedings.

As stated in the attached letter, this is not a discovery request but a constitutional demand to cure an ongoing deprivation of rights under color of law. You have until **close of business Monday, July 29, 2025** to respond. Your failure to do so will be treated as confirmation that no such judicial order exists and will be entered into the record in both the federal district court and the First Circuit (Case No. 25-1095).

I reserve the right to amend my pending § 1983 complaint to name you individually and professionally for your role in facilitating this unlawful enforcement scheme.

Additionally, I reserve all rights to file a formal grievance with the appropriate state bar authorities regarding your conduct in this matter. Your refusal to clarify the legal basis for an ongoing garnishment—despite being notified of its constitutional implications—may constitute a breach of professional duties under the Massachusetts Rules of Professional Conduct, including Rule 3.3 (Candor Toward the Tribunal) and Rule 8.4 (Misconduct).

Sincerely,
**Gregory Alvin James Van Etten**
Pro Per Litigant
jim.vanetten@gmail.com
(301) 820-5302

CAUTION: This is an EXTERNAL email. Do not open attachments or click on links unless you have confirmed the identity of the sender.

This email and any attachments may contain information that has been classified as Confidential or Restricted if indicated as such. It is intended exclusively for the use of the individual(s) to whom it is addressed. If inappropriately disclosed, this information could seriously damage the mission, safety or integrity of an agency, its staff, or its constituents. This information may be protected by federal and state laws or regulations. Retransmission or forwarding of this email must only be done after receiving explicit written approval from the original sender of the email. The data must only be stored in encrypted format.

If you are not the intended recipient, you may not use, copy, distribute, or forward this message or contents to anyone. If you have received this email in error, please notify the sender immediately and delete the email from your email system.