**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **GREGORY J. VAN ETTEN,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civ. No.: 4:24-cv-40113-MRG** |
| **v.** | ) | |
| | ) | |
| **STEPHANIE K. FATTMAN, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER REGARDING REPORT AND RECOMMENDATIONS

**GUZMAN, D.J.**

Plaintiff Gregory J. Van Etten brought suit *pro se*, invoking 42 U.S.C. §§ 1983 and 1985, naming as Defendants Worcester Probate and Family Court, the Massachusetts Child Support Services Department of Revenue ("CSS-DOR"), Probate and Family Court Associate Justice Jennifer Melia, Superior Court Associate Justice Daniel M. Wrenn, Supreme Judicial Court Associate Justice Serge Georges Jr., Register of Probate Stephanie K. Fattman, Register of Probate Ashley Stewart, Assistant Register Megan Brown, Assistant Register Angelina Consolmagno, CSS-DOR Deputy Commissioner Michele Cristello, and Counsel for CSS-DOR Michael S. Denham. [Compl. at 1-3, ECF No. 1]. Plaintiff alleges that Defendants violated his constitutional rights through conduct in proceedings that occurred in the Worcester Probate and Family Court, Superior Court, and the Massachusetts Supreme Judicial Court, and through the collection of his wages pursuant to Income Withholding Orders. [Id. ¶¶ 12-41]. Before the Court are three reports and recommendations ("R&R") issued by Magistrate Judge David H. Hennessy in this matter. [ECF Nos. 116, 118, 136]. For the reasons that follow, the R&Rs dated August 26, 2026 [ECF No. 116] and August 27, 2026 [ECF No. 118] are **ADOPTED IN FULL.** The R&R dated October 29, 2025 [ECF No. 136] is **ADOPTED IN PART**.

1

## I.       BACKGROUND

The factual and procedural background of this case is thoroughly set forth in the Magistrate Judge's final R&R [ECF No. 136] and need not be repeated here in full. Plaintiff has not objected to the statement of the facts and procedural history. Without objection, the Court adopts Judge Hennessy's background of this case. [Id. at 1-5].

In summary, three R&Rs are pending before this Court. [ECF Nos. 116, 118, 136]. On August 26, 2025, Magistrate Judge Hennessy issued the first R&R, [ECF No. 116], recommending denial of Plaintiff's Motion for Emergency Relief from Judgment under Rule 60(b)(4) and denying as moot Plaintiff's related motions seeking expedited consideration and sequencing. [Id. at 2-3; see ECF Nos. 79, 82, 93, 108]. Judge Hennessy also permitted Plaintiff to seek *leave* to amend his complaint, in accordance with Fed. R. Civ. P. 15(a)(2). [ECF No. 116 at n.1]. Judge Hennessy further directed Plaintiff to refrain from making additional filings pending issuance of a report and recommendation on Defendants' motion to dismiss, except to file objections to the R&R. [Id. at n.2]

The following day, Plaintiff filed an objection to the first R&R. [ECF No. 117]. While that objection was pending, Judge Hennessy thereafter issued a second R&R, [ECF No. 118], recommending that an earlier filed motion, [ECF No. 113], be denied as moot for the same reasons as stated in the first R&R, [ECF No. 116]. Plaintiff never objected to the second R&R; however, as the second R&R was premised on the same reasons as the first R&R, the Court construes Plaintiff's objection to the R&R at ECF No. 116 as also objecting to the R&R at ECF No. 118. See Melendez v. SAP Andina y del Caribe, C.A., No. 05-1778, 2007 U.S. Dist. LEXIS 74894, at *11 (D.P.R. Sep. 24, 2007) ("Since both of Plaintiff's objections to each R&R are nearly identical, the Court addresses them concurrently").

On September 5, 2025, without filing a motion first seeking leave and without the opposing party's consent, Plaintiff filed an Amended Complaint, naming additional defendants. [ECF No. 120]. On October 29, 2025, Judge Hennessy issued a final third R&R addressing Defendants' Motion to Dismiss, recommending that the motion be granted on the grounds that the Court has no subject matter jurisdiction over Plaintiff's claims under the Rooker Feldman doctrine, and that, alternatively, Plaintiff has failed to state a claim upon which relief can be granted. [ECF No. 136]. In that R&R, Judge Hennessy granted Defendants' motion to strike Plaintiff's proposed Amended Complaint, [ECF No. 121], for failure to comply with applicable procedural rules and for failure to cure the complaint's fundamental defects. [ECF No. 136]. Plaintiff timely filed objections to the final R&R on November 3, 2025. [ECF No. 139]. The Court will consider Plaintiff's objections to the three R&Rs together.

## II.    LEGAL STANDARDS

### a.  Review of a Magistrate Judge's Report and Recommendation

A U.S. District Judge may refer certain types of pending matters to a U.S. Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R . Civ. P. 72(b)(1). Parties may file written objections to an R&R within fourteen days of its issuance. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). An argument that has not been raised in front of the magistrate judge is "not entitled to a *de novo* review." Mills v. Turner, No. 15-13267-MLW, 2017 U.S. Dist. LEXIS 136887, at *3 (D. Mass. Aug. 25, 2017) (quoting Borden v. Sec'y of Health & Human Servs., 836 F. 2d 4, 6 (1st Cir. 1987)). Objections containing arguments or referring to previously available evidence that were not raised before the magistrate judge are deemed waived. Borden, 836 F.2d at 6 (explaining that a party objecting to a report and recommendation is "not entitled to a *de novo* review of an argument never raised" before the magistrate);see Guzman-Ruiz

v. Hernandez-Colon, 406 F.3d 31, 36 (1st Cir. 2005) (ruling an argument, which was not brought before the magistrate judge, is deemed waived). When a District Court refers a dispositive motion to a Magistrate Judge for a recommended disposition, the District Judge must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). When conducting a *de novo* review, the U.S. District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3);28 U.S.C. § 636(b)(1)(C). "Where objections to an R&R are repetitive of the arguments already made to the magistrate judge, a *de novo* review is unwarranted." Rojas-Buscaglia v. Taburno-Vasarely, 39 F. Supp. 3d 208, 212 n.1 (D.P.R. 2014) (citing Westernbank P.R. v. Kachkar, No. 07-1606 (ADC), 2009 U.S. Dist. LEXIS 78726, at *25 (D.P.R. Sept. 1, 2009)). "Instead, the report and recommendation is reviewed by the district judge for clear error." Id. (quotation and citation omitted); DeSilva v. Guardian Life Ins. Co. of Am., No. 23-CV-12625-MRG, 2025 U.S. Dist. LEXIS 64359, at *9 n.6 (D. Mass. Mar. 31, 2025) ("Indeed, the clear error standard applies to such improper objections" (citations omitted)).

### b.  **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

"Jurisdiction is the cornerstone of every federal court action." Woo v. Spackman, 988 F. 3d 47, 53 (1st Cir. 2021). Therefore, when faced with a motion to dismiss under both 12(b)(1) and 12(b)(6), a district court "ordinarily decide[s] the 12(b)(1) motion first." Ne. Erectors Ass'n of BTEA v. Sec'y of Labor, 62 F. 3d 37, 39 (1st Cir. 1995). The Court evaluates alleged facts in the complaint "at face value" to determine whether they support subject-matter jurisdiction. Gordo-Gonzalez v. United States, 873 F. 3d 32, 35 (1st Cir. 2017). The plaintiff bears the burden to establish that the federal court has subject-matter jurisdiction. Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F. 3d 61, 64 (1st Cir. 2018). "If the party fails to demonstrate a basis for jurisdiction,

4

the district court must grant the motion to dismiss." <u>Johansen v. United States</u>, 506 F.3d 65, 68 (1st Cir. 2007). A plaintiff cannot assert a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law" or "[s]ubjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts." <u>Murphy v. United States</u>, 45 F.3d 520, 522 (1st Cir. 1995), <u>cert.</u> <u>denied</u>, 515 U.S. 1144 (1995). In evaluating whether the party has met its burden of proof, the court "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." <u>Dynamic Image Techs., Inc. v. United States</u>, 221 F.3d 34, 37 (1st Cir. 2000) (citing <u>Mortensen v. First Fed. Sav & Loan Ass'n</u>, 594 F.2d 884, 890-91 (3rd Cir. 1977)). "The <u>Rooker-Feldman</u> doctrine is jurisdictional in nature; if a case is dismissed because the <u>Rooker-Feldman</u> doctrine applies, it means the court has no subject-matter jurisdiction to hear the case." <u>Mills v. Harmon Law Offices, P.C.</u>, 344 F.3d 42, 44 n. 1 (1st Cir. 2003) (quoting <u>In re Middlesex Power Equip. & Marine Inc</u>, 292 F.3d 61, 66 (1st Cir. 2002)).

### III.    DISCUSSION

#### a. Consent to Proceed Before a Magistrate

Plaintiff objects to the Magistrate's rulings in the R&Rs because he argues that he did not consent to proceed before a Magistrate, and asserts that because the case designation includes the initials "MRG," Magistrate Judge Hennessy lacked authority to act absent Plaintiff's consent. [ECF No. 139 at 2]. This objection reflects a fundamental misunderstanding of the statutory framework governing reports and recommendations and is without merit.[1] Under 28 U.S.C. §

---

[1] It appears  to the Court that Plaintiff relies on generative AI to make statements of law. However, the Court warns Plaintiff that generative AI does not necessarily generate accurate findings of law, can create incorrect or made-up citations, and should not be relied upon without review as a source

636(b)(1)(B) ("§ 636"), a district judge may refer dispositive matters, including motions to dismiss, to a magistrate judge for a report and recommendation, regardless of the parties' consent Id.; see also Fed. R. Civ. P. 72(b)(1) (discussing magistrates judges' ability to issue R&R's "*without the parties consent*" (emphasis added)). Here, Judge Hennessy did not enter a final order disposing of Plaintiff's claims independently; consistent with § 636(b), Judge Hennessy issued an R&R pertaining to Plaintiff's claims, which has no operative effect unless and until adopted by the District Court. The District Judge's initials in the case caption or docket designation merely reflect the administrative assignment of the case. The presence of the District Judge's initials does not limit the judge's statutory authority to refer matters to a magistrate judge, nor does it preclude a magistrate judge from issuing a report and recommendation. The absence of Plaintiff's consent is therefore legally irrelevant to the R&R process. See Cugini v. Ventetuolo, 781 F.Supp. 107, 108 n.1 (D.R.I. 1992) (plaintiff's lack of consent for magistrate jurisdiction was of "no consequence"). Accordingly, Plaintiff's objection based on the absence of consent or lack of authority is overruled.

**b. Objection to the R&R's Rulings on Plaintiff's Motion under Fed. R. Civ. P. 60(b)(4)**

In the first and second R&Rs [ECF Nos. 116, 118], Judge Hennessy denied Plaintiff's motion for emergency relief from a judgment under Fed. R. Civ. P. 60(b)(4). [ECF No. 116 at 2-3]. Plaintiff sought to render void a prior R&R, [ECF No. 45 at 4–6], that denied injunctive relief

---

of sound legal arguments. For instance, Plaintiff cites to 28 U.S.C. § 636(b)(1)(B) as supporting authority for the assertion that "a magistrate may recommend but cannot strike pleadings absent district-judge adoption," which is wholly unsupported by the language of the statute. On the contrary, 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P.72 empower magistrate judges to rule on non-dispositive motions, such as a motion to amend a complaint. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Pagano v. Frank, 983 F. 2d 343, 346 (1st Cir. 1993). Additionally, Plaintiff states that Judge Hennessy's R&R referenced two cases, Ankenbrandt v. Richards, 504 U.S. 689 (1992) and Seminole Tribe v. Florida, 517 U.S. 44 (1996) [ECF No. 139 at 6]; however, neither case is cited in the R&Rs pending before this Court. [See ECF Nos. 116, 136].

because Plaintiff had failed to show likelihood of success on the merits where the relief he sought was barred by the Rooker-Feldman doctrine. [ECF No. 47].

Upon *de novo* review, the Court finds that Judge Hennessy correctly stated the legal standard for his analysis on the Rule 60(b)(4) motion. [ECF No. 116 at 2–3]. A party may move for relief from a judgment on the basis that it is void pursuant to Fed. R. Civ. P. 60(b)(4). As the First Circuit has explained,

> There are only two sets of circumstances in which a judgment is void (as opposed to voidable). The first is when the rendering court lacked either subject matter jurisdiction or jurisdiction over a defendant's person. The second is when the rendering court's actions so far exceeded a proper exercise of judicial power that a violation of the Due Process Clause results.

Carrasquillo-Serrano v. Municipality of Canovanas, 991 F.3d 32, 39 (1st Cir. 2021) (quoting Farm Credit Bank v. Ferrera-Goitia, 316 F.3d 62, 67 (1st Cir. 2003)). Applying this standard, Judge Hennessy denied Plaintiff's motion because he did not argue in any prior motions that this Court lacks jurisdiction over his claims or that this Court had exceeded the "proper exercise of judicial power that a violation of the Due Process clause results." [ECF No. 116 at 2–3 (quoting Carrasquillo-Serrano, 991 F.3d at 39)].

Plaintiff asserts that Judge Hennessy misapprehended his argument. [ECF No. 117 at 2-3] Plaintiff concedes that he is not contending that this Court lacked jurisdiction. [Id,] Plaintiff states, "the Court's prior order was void because it rested upon and gave effect to state child-support orders that were themselves entered without valid service, notice, or personal jurisdiction" and "[a] federal order that enforces or incorporates void state orders operates 'in a manner inconsistent with due process,' and is therefore void within the meaning of Fed. R. Civ. P. 60(b)(4)." [Id.at 2] As a preliminary matter, because Plaintiff asserted a near identical argument in his prior filings, [see e.g., ECF No. 79 at 1], the Court's review of these objections is under a clear error standard.

7

DeSilva, No. 23-CV-12625-MRG, 2025 U.S. Dist. LEXIS 64359, at *9 n.6 (D. Mass. Mar. 31, 2025).

Under either a clear error or *de novo* standard, Judge Hennessy's denial of Plaintiff's Rule 60(b)(4) motion was supported by law. The First Circuit explicitly rejected a similar argument in O'Callaghan v. Shirazi, where the plaintiffs likewise did not challenge the court's subject matter jurisdiction over the dispute; rather, they said the opposite, "that is, that because Rooker-Feldman does not apply, the district court *did* have subject matter jurisdiction." 204 F. App'x 35, 37 (1st Cir. 2006) (citing D.C. Ct.App. v. Feldman, 460 U.S. 462, 486 (1983)). The court of appeals denied plaintiffs' motion because the plaintiffs did not explain how the Court's original judgment could be characterized as an excessive exercise of judicial power constituting a due process violation. Id. Indeed, the court noted the irony in plaintiffs' argument "that the court's decision that *lacked* the power to act in a matter (because it lacked subject matter jurisdiction) could be said to have *exceeded* the court's power." Id. The same irony is true here. Plaintiff asserts that in denying injunctive relief that would have stayed the state court's determinations and child support orders against Plaintiff, this Court allows those orders to go into effect, thus creating a due process violation. [ECF No. 117 at 5]. Plaintiff cannot repackage the Court's refusal to enjoin a state court judgment due to the Rooker-Feldman doctrine as an endorsement of the state court's rulings. Like in O'Callaghan, Plaintiff has failed to show where this Court exceeded its power in declining jurisdiction. 204 F. App'x at 37.  Further, as discussed below, the Court does lack subject matter jurisdiction under Rooker-Feldman to adjudicate Plaintiff's claims challenging his loss in state court. Finding no error under a clear error or *de novo* standard, the Court overrules Plaintiff's objection. Infra at 9-13.

c. **Objection to the Application of the Rooker-Feldman Doctrine**

Judge Hennessy recommended granting Defendants' Motion to Dismiss due to lack of subject matter jurisdiction under the Rooker Feldman[2] Doctrine. [ECF No. 136 at 6–13]. In his objection to this determination, Plaintiff reiterates arguments he made previously, that the underlying state court judgment was not valid, so Rooker-Feldman does not apply. [Compare ECF No. 139 at 2 with ECF No. 43 ¶ 23 ("Since there was no valid judgment due to lack of personal jurisdiction, the Rooker-Feldman doctrine does not bar this federal action")]. Plaintiff also reasserts his argument that he is not challenging the state court judgment but rather challenging "independent claims," so Rooker-Feldman does not apply. [Compare ECF No. 139 at 5–6 with ECF No. 114 at 2–3 (Plaintiff asserting that his claims for relief do not ask this Court to directly review or upset the judgment of the state courts but rather only "challenge[] the executive enforcement acts carried out under color of state law[.]")]. Once again, these arguments have been recycled from earlier pleadings and were soundly addressed and rejected by Magistrate Judge Hennessy in the R&R; accordingly, the Court reviews for clear error. See DeSilva, 2025 U.S. Dist. LEXIS, at *9 n.6 (citations omitted).

The Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment. 28 U.S.C. § 1257; Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005). Under the Rooker-Feldman doctrine, a district court cannot exercise subject matter jurisdiction over an action brought by a party who lost in state court and who is "seeking review and rejection of that judgment" in a lower federal court. Exxon Mobile, 544 U.S. at 291. Instead, "the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment." Davison v. Gov't of P. R. –

---

[2] The term "Rooker-Feldman doctrine" is a shorthand reference to the Supreme Court's interpretation of 28 U.S.C. § 1257 in District of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983) and Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

P. R. Firefighters Corps, 471 F.3d 220, 223 (1st Cir. 2006). Litigants cannot "avoid the impact of the Rooker-Feldman Doctrine simply by recasting [their] claims in federal court as arising under the United States Constitution" where adjudications would require reviewing the merits of the state courts decision. Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d 544, 549 (1st Cir. 2018) (citing McKenna v. Curtin, 869 F.3d 44, 48 (1st Cir. 2017)).

The Court agrees with Judge Hennessy that the Rooker-Feldman doctrine bars adjudication of Plaintiff's claims no matter how he tries to recast his suit as anything other than a collateral attack on the state court judgment against him. Plaintiff is a litigant who lost in state court who is dissatisfied with the outcome of the state court litigation and who commenced this action after the state court judgments were entered. [See ECF No. 1 (suit filed on September 5, 2024)]; Van Etten v. Van Etten, WO07D1562DV1 (Mass. Prob. & Fam. Ct.) (relevant judgments of Probate and Family Court entered on January 22, 2008, and June 16, 2009); Efreom v. McKee, 46 F.4th 9, 17 (Rooker-Feldman doctrine applicable to "state-court losers"). Considering Plaintiff's inventive re-framing of his suit, Judge Hennessy assessed the true nature of Plaintiff's claims:

> The reality is that Van Etten asks this Court to vacate and declare null and void the support orders issued in Van Etten's state court custody and divorce case. Indeed, the relief he seeks--that the Court enjoin wage garnishment and collection pursuant to the Income Withholding Orders, and return all payments already collected--depends on this Court exercising appellate jurisdiction and declaring the actions of the state court void or in error. See [Dkt. No. 1 at p. 16]. Put another way, in order for this Court to grant Van Etten the relief he seeks, it would have to conclude that the state court was wrong in its judgment that alternative service of process was appropriate for an exercise of jurisdiction over him. Thus, it is clear that Van Etten is seeking to use the District Court as an appellate forum to reverse the findings and orders from his state court proceedings.

[ECF No. 136 at 10–11]. Plaintiff did not object to this portion of Judge Hennessy's analysis. [See ECF No. 139]. Although Plaintiff presents his claim as being constitutional challenges to state

court rules, his claim of injury "rests [] on the state court judgment itself," implicating Rooker-Feldman's statutory bar on this Court's subject matter jurisdiction. Galibois v. Fisher, 174 F. App'x 579, 580–81 (1st Cir. 2006) (quoting Washington v. Wilmore, 407 F.3d 247, 280 (4th Cir. 2003)). Plaintiff's claims in this Court would require a review of the merits of the state court proceedings and Plaintiff cannot avoid Rooker-Feldman's bar by "recasting" his claims as arising under the Constitution. See Sinapi, 910 F.3d at 549. Accordingly, the Court also finds Plaintiff's reliance on Skinner v. Switzer, 562 U.S. 521 (2011) misplaced. [See ECF No. 139 at 5–6].

Judge Hennessy expressly rejected Plaintiff's argument that the Rooker-Feldman doctrine does not apply when the plaintiff contends that no valid state court judgment exists due to a lack of personal jurisdiction. [ECF No. 136 at 11–13]. In doing so, Judge Hennessy noted that Plaintiff "cite[d] no legal authority." [Id. at 11]. In contrast, Judge Hennessy relied on persuasive authority from multiple circuits rejecting any such exception to the Rooker-Feldman doctrine. [Id. at 11–13 (citing Rouse v. Nessel, No. 21-1630, 2022 U.S. App. LEXIS 19069, at *2 (6th Cir. July 11, 2022) (no exception to application of Rooker-Feldman where plaintiff argued child support orders were void because the state court which issued them lacked personal jurisdiction over plaintiff); see also Schmitt v. Schmitt, 324 F.3d 484, 487 (7th Cir. 2003) (rejecting argument that there is a "void ab initio" exception to Rooker-Feldman where the state court allegedly lacked jurisdiction in underlying divorce proceedings); Skit Intern., Ltd. v. DAC Techs. Of Arkansas, Inc., 487 F.3d 1154, 1156-58 (8th Cir. 2007) (affirming dismissal under Rooker-Feldman in case where plaintiff sought to set aside state court judgment as "void" for lack of service of process and lack of personal jurisdiction); Williams v. Rudder, No. 98-16059, 1999 U.S. App. LEXIS 97131999 U.S. App. LEXIS 9713, at *2 (9th Cir. May 14, 1999) ( "Because federal district courts lack appellate jurisdiction over state court decisions, even where the claim is that the state court lacked personal

jurisdiction, the district court properly dismissed this action under the <u>Rooker-Feldman</u> doctrine.");
<u>Eisenhart v. Eagle Cnty. Sheriff's Off.</u>, No. 23-1275, 2024 U.S. App. LEXIS 18962, at *5 (10th Cir. July 31, 2024) (affirming that <u>Rooker-Feldman</u> bars a claim where plaintiff asks to review state court judgment for lack of personal jurisdiction)].

Plaintiff reiterates this argument in his Emergency Objection to the R&R, but this time cites as legal authority <u>Pennoyer v. Neff</u>, 95 U.S. 714 (1877), <u>Peralta v. Heights Medical Center, Inc.</u>, 485 U.S. 80 (1988), and <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260 (2010). [ECF No. 139 at 2]. However, none of those cases address whether a federal district court has subject matter jurisdiction over a challenge to a state court judgment. Whether the state court had personal jurisdiction to issue a judgment, and whether the federal court has subject matter jurisdiction to review or invalidate that judgment, are distinct inquiries. There is no authority supporting Plaintiff's proposition that federal district courts have subject matter jurisdiction over jurisdictionally defective state court judgments. To the contrary, even where a state court is alleged to have violated constitutional limits on personal jurisdiction, federal district courts remain without jurisdiction to declare such judgments void. <u>Schmitt</u>, 324 F.3d at 487 (<u>Rooker-Feldman</u> bars consideration of whether state court lacked personal jurisdiction). The proper place to challenge the validity of a state court judgment is in the state's highest appellate court, or the United States Supreme Court. <u>Davison</u>, 471 F.3d at 223.

Discerning no error in the Magistrate's analysis, the Court overrules Plaintiff's objection to the application of the <u>Rooker-Feldman</u> doctrine.

### d.  Objection to the Application of Eleventh Amendment Immunity

Plaintiff lodges only a conclusory objection to the R&R with respect to Judge Hennessy's determination, [see ECF No. 136 at 13–15], that the Eleventh Amendment bars Plaintiff's claims against the Probate Court and CSS-DOR, as well as his claims for damages and retrospective relief against all defendants sued in their official capacities. [ECF No. 139 at 6]. Plaintiff merely asserts that his claims "fall squarely within Ex Parte Young [exception]," [id.], without offering any explanation as to why that exception applies and without addressing Judge Hennessy's finding that Plaintiff's sole claim for prospective relief, prohibiting CSS-DOR from further collecting child support payments, is independently barred by the Rooker-Feldman doctrine. [See ECF No. 136 at 15]. The Court agrees with Judge Hennessy's analysis that, under Rooker-Feldman, the Court has no subject matter jurisdiction to re-litigate state court judgments surrounding child support payments. Gray-Bey v. 42 U.S. Code 654(3) Mass. Dep't of Revenue Child Support Enforcement Div., No. CV 20-12042-DJC, 2021 U.S. Dist. LEXIS 258272, at *9-10 (D. Mass. Mar. 17, 2021). Without further objection, the remaining unrebutted reasoning and conclusions in Judge Hennessy's Eleventh Amendment analysis are therefore accepted and adopted by the Court. See Borden, 836 F.2d at 6 (affirming district court's refusal to consider arguments not presented to magistrate judge).

### e.  Alternative Rule 12(b)(6) Grounds

Where the Court lacks subject matter jurisdiction, assessment of the merits under Rule 12(b)(6) "becomes a matter of purely academic interest." Pereira v. DeJoy, No. CV 23-12133-RGS, 2024 U.S. Dist. LEXIS 70854, at *4 (D. Mass. Apr. 18, 2024) (quoting Deniz v. Mun. of Guaynabo, 285 F.3d 142, 149-150 (1st Cir. 2002)). Further, without a proper jurisdictional basis, the Court must grant the motion to dismiss. Johansen, 506 F.3d at 68. Because the Court lacks subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine and the

Eleventh Amendment, it will not reach Defendant's alternative arguments for dismissal under Rule 12(b)(6) and **declines to adopt** the Magistrate's recommended rulings on the merits. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) (declining to assume jurisdiction for the purpose of deciding the merits of the arguments because "it carries the courts beyond the bounds of authorized judicial action and thus offends fundamental principles of separation of powers"). Nevertheless, the Court notes Judge Hennessy thoroughly analyzed Defendants' 12(b)(6) arguments and identified multiple independent grounds for dismissal as to each of Plaintiff's claims to which Plaintiff did not meaningfully object. [ECF No. 136 at 15–26; see generally ECF No. 139].

### f.  Striking of the Amended Complaint

In the third R&R, Judge Hennessy considered whether Plaintiff would be granted leave to amend his complaint and determined that the amended complaint should be disallowed as both procedurally defective and substantively futile. [ECF No. 136 at 27–28]. Plaintiff, in essence, objects that he was instructed to file an amended complaint; however, he admits in his objection that the court's order was for him to file a *motion* for leave to amend the complaint. [ECF No. 139 at 3 (quoting ECF No. 116 at 3 n.1)]. Judge Hennessy correctly stated the legal standard that Fed. R. of Civ. P. 15(a)(2) allows a party to amend its pleadings beyond 21 days after service of the original pleading only with leave of the court or on consent, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, the Magistrate correctly determined that "grant or denial of [a motion for] leave to file an amended complaint is within the court's discretion." [ECF No. 136 at 27 (citing Lukas v. United States, 133 F.Supp.3d 284, 286 (D. Mass. 2015)]; Forman v. Davis, 371 U.S. 178, 182 (1962).

First, the Court rejects Plaintiff's objection that Judge Hennessy lacked the authority to rule on a motion for leave to amend or to strike the amended complaint. This Court referred this matter to Judge Hennessy for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). While some matters are expressly exempted from the magistrate's authority to rule on directly, ruling on non-dispositive motions such as denying leave to amend or striking a pleading are not among the exceptions under the statute. See 28 U.S.C. § 636(b)(1)(A)[3]; Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9 n.2 (1st Cir. 2000) ("The magistrate judge had the authority to decide the motion to amend outright." (citing 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a))). The magistrate's authority under § 636(b) of the statute does not depend on a litigant's consent to proceed before them. Indeed, outside of the specific exceptions, § 636(b) gives Magistrate Judges like Judge Hennessy the power to "hear and determine any pretrial matter," which includes non-dispositive rulings like striking pleadings that do not comply with Federal Rules of Civil Procedure or Local Rules, or denying leave to amend a futile complaint. 28 U.S.C. § 636(b)(1)(A); see Owens v. Hinsley, 635 F.3d 950, 956 (7th Cir. 2011) (affirming magistrate judge's denial of leave to amend for failure to comply with procedural rules). However, § 636(b)(1)(A) also gives district judges the authority to review or reconsider any non-dispositive pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

On the merits, Judge Hennessy found the proposed Amended Complaint procedurally and substantively defective. [ECF No. 136 at 27–28]. Procedurally, Plaintiff failed to follow Local

---

[3] "[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgement, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A).

Rule 15.1 because he did not serve his proposed new parties with the Amended Complaint "at least 14 days in advance of filing the motion, [] with a separate document stating the date on which the motion will be filed." L. R. 15.1(b). Nor did Plaintiff comply with Fed. R. Civ. P. Rule 15, which provides that an amended complaint may be filed beyond 21 days after service of the original pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Plaintiff never filed a motion for leave to amend.

In addition, Judge Hennessy found that the proposed Amended Complaint was substantively defective because it does not cure the fundamental defect under Rooker-Feldman that the Court lacks subject matter jurisdiction over challenges to state court judgments. [ECF No. 136 at 28]. None of Plaintiff's new claims in the proposed Amended Complaint allege an injury independent of the state-court judgments nor do they seek relief that would not require this Court to review and reject those judgments, i.e., there is no exception to the Rooker-Feldman doctrine that is implicated.

While the Court's blessing is not required for Judge Hennessy's refusal to allow Plaintiff to amend his complaint nor his decision to strike the proposed Amended Complaint, upon review pursuant to § 636(b)(1)(A), the Court finds no clear error or determination contrary to law. Accordingly, the Court overrules the Plaintiff's objections to Magistrate Judge Hennessy's rulings on his proposed Amended Complaint.

### g.  **Remaining Objections**

Plaintiff raises two final objections to the third R&R: that the magistrate judge failed to resolve pending jurisdictional claims before recommending dismissal, and that there is a pattern

16

of procedural obstruction and suppression of certified evidence. [ECF No. 139 at 4-5]. The Court will address each of these objections.

Plaintiff's first objection is without merit. Plaintiff argues that Magistrate Judge Hennessy should have ruled on this Court's jurisdiction before proceeding to the merits [ECF No. 139 at 4]; however, that is exactly what Judge Hennessy did in ruling that this Court lacks subject matter jurisdiction over Plaintiff's claims. [ECF No. 136 at 6-20]. Courts regularly decide dispositive motions which may resolve the case before reaching other motions. See e.g. Steel, 523 U.S. at 94 (citing Great Southern Fire Proof Hotel Co. v. Jones, 117 U.S. 449, 453 (1900)) ("On every writ of error or appeal, the first and fundamental question is that of jurisdiction, first, of this court"); Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"). Plaintiff points to his motion for emergency relief from judgment under Fed. R. Civ. P. 60(b)(4) as a matter that should have been ruled on, but as discussed at length, this type of motion concerns voided judgments, not jurisdiction. Supra pp. 7-9. Further, Plaintiff's argument is unsupported by the procedural history of this case where Judge Hennessy did publish his R&R on the Rule 60(b)(4) motion, [ECF Nos. 116, 118], prior to writing the R&R on the motions to dismiss. [ECF No. 136].

Plaintiff next objects on the grounds that the Magistrate Judge engaged in "procedural obstruction" and "suppression of certified evidence" by issuing multiple R&Rs and by striking Plaintiff's exhibits to his proposed Amended Complaint. [ECF No. 139 at 3–4]. This objection is unfounded and rests on a fundamental misunderstanding of both the record and the Magistrate Judge's role. As discussed at length throughout this Order, Magistrate Judge Hennessy acted within his authority to rule directly on the motion for leave to amend and to strike the Amended Complaint. Supra pp. 5-7. Likewise, he abided by the proper procedure for ruling on dispositive

17

motions or exempted pretrial matters by issuing R&Rs for consideration by this Court. Although they were stricken, Plaintiff's proposed Amended Complaint and attached exhibits remain part of the docket and were available for review by the Court. [ECF No. 120]. The striking of a pleading or filing for failure to comply with procedural rules does not expunge the underlying record, nor does it prevent the District Court from reviewing any materials properly before it. Plaintiff's disagreement with Judge Hennessy's legal conclusions, particularly the determination that the Court lacks subject matter jurisdiction, does not constitute obstruction, bias, or a failure to preserve constitutional issues for review. Recharacterizing adverse rulings as procedural misconduct does not supply a legal basis for relief. Plaintiff's remaining objections are therefore overruled.

## IV.    CONCLUSION

For the reasons set forth above, Plaintiff's objections to the Magistrate Judge's R&Rs are **OVERRULED**. The R&Rs dated August 26, 2026 [ECF No. 116], August 27, 2026 [ECF No. 118] are **ADOPTED IN FULL.** Therefore, Plaintiff's Emergency Motion for Relief from Judgment under Rule 60(b)(4) [ECF No. 79] is **DENIED**. Plaintiff's other related motions [ECF Nos. 82, 93, 108] are **DENIED AS MOOT.**

The R&R dated October 29, 2025 [ECF No. 136] is **ADOPTED IN PART**. The R&R's rulings to grant Defendants' motion to dismiss pursuant to 12(b)(1) are **ADOPTED** but the R&Rs rulings pursuant to 12(b)(6) are **REJECTED** because the Court lacks subject matter jurisdiction to review Plaintiff's claims on the merits. Accordingly, Defendants' motion to dismiss, [ECF No. 91], is **ALLOWED**. Further, the Court finds no error in the Magistrate's decision to deny leave to amend the complaint nor his decision to strike the amended complaint. Accordingly, Defendants' motion to strike the Amended Complaint and attached exhibits, [ECF No. 121], is **GRANTED**.

Finally, as the motion to dismiss, [ECF No. 91], is **GRANTED IN FULL**, judgment shall enter for the Defendants, all other pending motions shall be **DENIED AS MOOT**, and this civil action shall be **TERMINATED**.

**SO ORDERED.**

Dated: March 6, 2026

_/s/ Margaret R. Guzman_
Margaret R. Guzman
United States District Judge

19